1   Joe Shaeffer, WSBA #33273
    MacDonald Hoague & Bayless
2   On behalf of The American Civil Liberties
    Union of Washington Foundation
3   705 Second Avenue, Suite 1500
    Seattle, WA 98104-1745
4   206-622-1604

5   Katherine M. Forster, CA Bar #217609
    Munger Tolles & Olson LLP
6   350 South Grand Avenue, 50th Floor
    Los Angeles, CA 90071
7   (213) 683-9538

8                UNITED STATES DISTRICT COURT
         EASTERN DISTRICT OF WASHINGTON AT RICHLAND
9

10  JOHN DOE 1; JOHN DOE 2; JANE       No.
    DOE 1; JANE DOE 2; JANE DOE 3;
11  and all persons similarly situated,     COMPLAINT FOR DECLARATORY
                                            AND INJUNCTIVE RELIEF
12                 Plaintiffs,
                                            CLASS ACTION
13          v.

14  WASHINGTON STATE
    DEPARTMENT OF CORRECTIONS;
15  STEPHEN SINCLAIR, Secretary of the
    Department of Corrections, in his official
16  capacity,

17                 Defendants,

18          and

19  BONNEVILLE INTERNATIONAL,
    INC., d.b.a KIRO Radio 97.3 FM, a Utah
20  Corporation; THE MCCLATCHY
    COMPANY, LLC, a California Limited
21  Liability Company, d.b.a. The Tacoma
    News Tribune; and ANDREA KELLY,
22  an individual;

23                 Interested Parties.

COMPLAINT - 1

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

2098.08 od061501

Plaintiffs, by and through their undersigned counsel, on behalf of themselves and all others similarly situated, allege as follows:

## I.    <u>NATURE OF THE CASE</u>

1.1    Defendant Washington State Department of Corrections (DOC) and its Secretary, Stephen Sinclair, intend to release records to certain "Requestors" that will reveal the identities and highly personal information of transgender, non-binary, and intersex persons currently and formerly in its custody. Such a disclosure will, by purpose and in effect, create a target list of some of the most vulnerable people who are or have been in DOC care. It will deter people from disclosing information that DOC says it needs to keep them safe, it will prevent people from seeking life-saving medical care, and it robs people of their right to fundamental privacy and to live a life consistent with their gender and without the reasonable fear of harassment, discrimination, and assault. The Department's decision to release these records, in violation of well-settled federal and state law, and despite a number of applicable exemptions to disclosure, will place Plaintiffs and the class they represent at great risk of extreme physical harm and emotional distress, and such harm is irreparable.

1.2    The Interested Parties in this case are "Requestors" who have made public records requests under the Public Records Act, RCW 42.56, seeking disclosure of records that would effectively "out" transgender, non-binary, and intersex people.

1.3    The named Plaintiffs represent a class of transgender, non-binary, and intersex people who are currently and formerly incarcerated at various facilities by the DOC. Plaintiffs bring this action seeking declaratory and injunctive relief under

COMPLAINT - 2

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

2098.08 od061501

the Eighth and Fourteenth Amendments to the United States Constitution; Article I, Section 7 of the Washington Constitution; and the injunctive provisions of the Public Records Act, RCW 42.56.540.

## II. **PARTIES**

### Defendants

2.1     Defendant Washington State Department of Corrections is a department of the State of Washington that manages all state-operated adult prisons and supervises adult inmates who live in the community. The Department is headquartered in Tumwater, Washington, and manages prisons and other detention facilities that house class members throughout the state, including the Coyote Ridge Corrections Center located within the Eastern District of Washington. The Department is responsible for making decisions about where and how to house inmates, including class members, and for responding to requests for records. At least one anonymous employee of the DOC has violated the confidentiality and rights of class members by providing confidential information to members of the public and the media, including KIRO Radio 97.3 FM host Dori Monson, already putting those class members whose names have been leaked, and others, at serious risk of physical harm and emotional distress.

2.2     Defendant Stephen Sinclair is the current Secretary of the Department of Corrections and is responsible for the operation of all adult state correctional institutions. See RCW 72.09.050. In that capacity, he is required to exercise all powers and perform all duties prescribed by law with respect to the administration of Washington's prisons, including adopting, implementing, and enforcing policies

COMPLAINT - 3

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

2098.08 od061501

and procedures that ensure that the rights of individuals who are or have been incarcerated in Washington prisons are not violated. He has the authority to direct activities of subordinate officers and other DOC employees, such as employees who respond to Public Records Act requests. At all times relevant to this action Defendant Sinclair was acting under color of state law and is being sued in his official capacity.

<u>Requestors / Interested Parties</u>

2.3    Interested Party Bonneville International, Inc., is a Utah Corporation owned by The Church of Jesus Christ of Latter-day Saints (LDS Church) through its for-profit arm, Deseret Management Corporation. Bonneville International does business in the State of Washington as KIRO Radio 97.3 FM. Bonneville International is an "Interested Party" in this matter because one of its agents made a request for records seeking to reveal the identity of transgender, non-binary, and intersex people who are currently and formerly incarcerated at various facilities by the DOC. Bonneville International, through its agents KIRO Radio 97.3 FM and Dori Monson, a radio talk show host, have already "outed" at least two transgender women in public reporting.

2.4    Interested Party The McClatchy Corporation is a California corporation doing business in the State of Washington as The Tacoma News Tribune. The McClatchy Corporation is an "Interested Party" in this matter because one of its agents made a request for records seeking to reveal the identity of transgender, non-binary, and intersex people who are currently and formerly incarcerated at various facilities by the DOC.

2.5    Interested Party Andrea Kelly is an individual with an email address

COMPLAINT - 4

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

2098.08 od061501

akelly617@icloud.com. Ms. Kelly is an "Interested Party" in this matter because she made a request for records that would reveal the identity of transgender, non-binary, and intersex people who are currently and formerly incarcerated at various facilities by the DOC.

Proposed Class Representatives

2.6    Plaintiff "John Doe 1" is an individual housed at Coyote Ridge Corrections Center in Connell, Washington. DOC has private information that identifies this individual as transgender and whether he is vulnerable to sexual assault due to his mental health and medical status. John Doe 1 fears that if DOC were to disclose this information about his gender identity and mental health history and services he has received, he would be embarrassed and it would make him a target for harassment, sexual assault, and other forms of violence in prison and the community upon his release.

2.7    Plaintiff "John Doe 2" is a transgender man formerly incarcerated by the DOC beginning in 2004. He was incarcerated in a woman's prison, and in 2016, he came out and began a long and hard transition to finding social and personal acceptance as a man. While incarcerated, he received years of counseling from mental health workers in the DOC, hormone treatment, and gender-affirming surgery. He was released from prison this year, where he is known as a man in his community. Very few people in the community know that he is transgender. John Doe 2 is worried about DOC disclosing he is transgender because of the impact it could have on his mental health. Based on his personal mental health history, he is concerned he would sink into a deep depression and could harm himself.

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

2098.08 od061501

1    John Doe 2 is also worried that DOC may disclose information about his history of

2    childhood sexual abuse by a family member and how disclosure of this information

3    would harm him and his relationship with his family.

4        2.8    Plaintiff "Jane Doe 1" is a transgender woman currently housed at

5    Washington Corrections Center for Women (WCCW), who has had gender

6    affirming surgery and who is registered as a female on most of her government

7    documents. When she was arrested, she was housed with other women in a county

8    jail, then transferred to WCCW. Jane Doe 1 fears that that if other people in custody

9    or officers were to know that she is transgender, she would be targeted for assault,

10   harassment, false allegations, and other problems. Jane Doe 1 has been diagnosed

11   with depression and has attempted suicide in the past. Jane Doe 1 is worried that if

12   DOC disclosed private information about her gender identity, she would also be at

13   risk of harming herself again.

14       2.9    Plaintiff "Jane Doe 2" is a transgender woman currently housed at

15   WCCW. She was previously housed in men's prisons within DOC. Department of

16   Corrections (DOC) staff have interviewed her numerous times in order to determine

17   where DOC thinks she should be housed and what security precautions are necessary

18   to protect her because she is transgender and at risk of being victimized by officers

19   and other incarcerated people. She has provided to DOC information regarding her

20   transgender identity, her gender history, her sexual orientation, and her personal

21   mental health and medical history, including whether she has had gender-affirming

22   surgery and receiving hormones. Jane Doe 2 is concerned that if DOC releases

23   information about her gender identity, sexual orientation, medical and mental health

COMPLAINT - 6

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

2098.08 od061501

treatment, or history of sexual trauma she would be embarrassed, vulnerable to discrimination, and at serious risk of harm and violent retaliation by incarcerated people and corrections officers.

2.10   Plaintiff "Jane Doe 3" is a transgender woman who lives in the Monroe Correctional Complex – a men's prison. She socially and medically transitioned prior to her incarceration. When she was arrested and prosecuted, the government used her dead name – the male name she was given at birth – instead of her feminine legal name. She made the decision to try to live in the men's prison as a man for the length of her incarceration in DOC out of fear for her safety. When she entered DOC custody, staff asked her questions to assess her risk of victimization and to be responsive to such in their decision-making about her housing placements. These questions were about her most private personal information, like her gender history, who she is sexually attracted to, and medical information. She fears that if the information she provided in response to these questions is disclosed, her physical safety would be at risk. This information would be released to the Requestors, and eventually the public, if this Court does not prevent it.

## III.   JURISDICTION AND VENUE

3.1   This Court has original subject matter jurisdiction over Plaintiffs' federal constitutional and statutory claims pursuant to 42 U.S.C. § 1983, as well as 28 U.S.C. §§ 1331 and 1343. The Court has supplemental jurisdiction over Plaintiffs' state law constitutional and statutory claims, which arise out of a common nucleus of operative fact as Plaintiff's federal claims, pursuant to 28 U.S.C. § 1367.

3.2   Venue is appropriate in the Eastern District of Washington pursuant to

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

2098.08 od061501

28 U.S.C. § 1391 because the Defendant operates in this judicial district and because a substantial part of the events or omissions giving rise to the claim alleged here occurred within the Eastern District of Washington.

## IV.    FACTS

### DOC Collects and Maintains Highly Sensitive and Personal Medical Information Regarding Prisoners

4.1    In 2003, the United States Congress passed the "Prison Rape Elimination Act," (PREA), 34 U.S.C. § 30301 *et seq*., to "provide for the analysis of the incidence and effects of prison rape in federal, state, and local institutions and to provide information, resources, recommendations and funding to protect individuals from prison rape." To this end, PREA provides funding to help prevent, detect, and respond to sexual violence in correctional facilities throughout the United States, including assessments to screen and classify inmates at risk of experiencing or committing sexual assault, including those who are at risk because of their transgender, gender non-conforming, and intersex status. The information provided during these assessments is used to make individualized security classification and housing decisions. The records created as part of the PREA risk assessment process and housing protocol for transgender, gender non-conforming, and intersex individuals includes detailed information and analysis regarding an individual's gender identity, sexual history and orientation, physical anatomy (including genital anatomy and descriptions of genitalia), history of sexual victimization, and other intensely personal information.

4.2    In an attempt to comply with PREA, the Washington State DOC screens inmates and collects personal, private information about a person's sexual

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

2098.08 od061501

assault history, gender identity, and medical and mental health status. This information is collected in confidence with a reasonable expectation that the information shall be kept confidential. The collected information is maintained in various records, including but not limited to: housing protocol and review forms; forms related to sexual violence risk assessments; "preferences request" forms; email communications among DOC staff; spreadsheets tracking the identities and locations of transgender, non-binary, and intersex individuals; and PREA "holds" in the DOC's electronic Offender Management Network Information system.

4.3     The DOC required the Plaintiffs and all class members to participate in the PREA risk assessment and transgender, gender non-conforming, and intersex housing protocol processes upon arrival in custody and periodically thereafter. Plaintiffs understood, consistent with PREA's purposes, that it was essential for them to provide candid information in order to ensure their safety while in custody. Plaintiffs reasonably believed that the information would remain confidential and would be used only for the stated purposes of determining appropriate security classification and housing. Indeed, the pertinent DOC policy document, DOC 490.820 PREA Risk Assessments and Assignments, expressly states that such information will be kept confidential. Plaintiffs were also required to disclose their gender identity in order to gain access to necessary gender-affirming property and medical treatments, such as gender-affirming clothing, hormone replacement therapy, and gender-affirming surgery.

4.4     Although they complied with DOC's requirement to disclose these types of information, Plaintiffs have attempted to maintain the confidentiality of

COMPLAINT - 9

their gender identities in various ways in order to remain safe. One Plaintiff, Jane Doe 1, has had gender-affirming surgery, a legal name change, and changed her government gender marker before she was incarcerated. She was first incarcerated with other women in a county jail before being transferred to the Washington Corrections Center for Women (WCCW). She has done her best to keep her fellow inmates from knowing that she was assigned the male sex at birth. Jane Doe 3, on the other hand, is a transgender woman who lives in the Monroe Correctional Complex – a men's prison. Although she lived in the community as a woman and legally changed her name to a feminine name, she was transferred to DOC with her previous male name. She decided to use her old male name and live in DOC with the other men in her prison as a man. Most men think that she is a gay man and do not know that she is a woman. Both plaintiffs are protecting their gender identity in order to keep themselves safe. In addition, John Doe 2 is a formerly incarcerated man who lived in WCCW, a woman's prison. John Doe 2 has had gender-affirming surgery and legally changed his name and gender marker to correspond to his gender identity. He introduces himself as a man and does what he can to ensure that most people do not know that he is transgender because he fears discrimination and victimization in the community.

### Various Requestors Seek Highly Personal Information Regarding Transgender, Non-Binary, and Intersex Inmates

4.5    On March 10, 2021, Dori Monson of the "Dori Monson Show" on KIRO 97.3 FM interviewed Pierce County Sheriff Ed Troyer to report on an anonymous email from someone claiming to be a Department of Corrections employee alleging that men are "claiming to be women" to transfer to women's

COMPLAINT - 10

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

2098.08 od061501

prisons.   *See*   https://mynorthwest.com/2666243/doc-washington-correctional-center-women-men-transfer/? (last visited April 3, 2021).

4.6   On March 12, 2021, Requestor Stacia Glenn of the Tacoma News Tribune made a public records request to Defendant Washington State Department of Corrections that sought the following records:

- "The number of transgender or gender non-conformists[1] inmates who have been transferred to the Washington State Corrections Center for Women in Purdy in recent months."

- "The dates the transgender or gender non-conformists inmates were moved to Purdy, and the facilities from which they were moved."

- "The names and ages of the transgender or gender non-conformists inmates moved to Purdy and the convictions they are serving time for."

- "The number of and any records or documents related to complaints or disciplinary action taken against the transgender or gender non-conformists inmates moved to Purdy."

4.7   On March 16, 2021, Requestor "Aaron" of KIRO 97.3 FM made a public records request to Defendant Washington State Department of Corrections that sought the following records:

- "The number of transgender inmates currently housed in DOC prison facilities."

- "The number of transgender inmates who are currently waiting to be transferred to a prison matching their sexual identity."

- "The number of inmates evaluated and confirmed by DOC to be

---

[1] The request itself consistently uses the phrase "gender non-conformists" rather than "gender non-conforming," which is the description used by DOC.

COMPLAINT - 11

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

2098.08 od061501

transgendered. [2]

- "The number of transfer requests made by transgender individuals that have been approved and denied."

- "Records explaining the reasoning for any denial of a transgendered incarcerated request for transfer."

- "The number of transgendered incarcerated individuals who have requested gender reassignment surgery."

- "The number of transgendered incarcerated individuals who have requested and received gender reassignment surgery."

- "The number of transgendered incarcerated individuals who are currently scheduled for gender reassignment surgery."

- "The names of all transgendered incarcerated individuals who have requested, received or are scheduled for gender reassignment surgery."

- "Any infractions, complaints, reports, concerns submitted by other staff or other incarcerated individuals regarding the following individuals:"

[names and DOC numbers of six inmates omitted]

- "Have four transgender inmates at the Washington Corrections Center for Women who have male names requested state assistance in obtaining gender re-assignment surgery?"

4.8    On March 19, 2021, Requestor Andrea Kelly made a public records request to Defendant Washington State Department of Corrections that sought the following records:

- "The number of transgender individuals currently incarcerated broken out by facility location."

- "Number of incarcerated individuals who have been transferred from a men's facility to a women's facility since January 1, 2021."

---

[2] Here and in some other places the request uses the term "transgendered" rather than the term "transgender," which is the description used by DOC

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

2098.08 od061501

- "The number of male incarcerated individuals who identify as female, non-binary or any other gender identity who are currently housed at a Women's prison facility."

- "The number of incarcerated individuals who have transferred from a Women's facility to a Men's facility since January 1, 2021."

- "The number of female incarcerated individuals who identify as male, non-binary or any other gender identity who are currently housed in a Men's prison facility."

<u>Release of the Information Contained in the Requested Records Will Cause a Substantial Risk of Harassment, Abuse, Violence, and Sexual Assault to Plaintiffs and Other Members of the Class</u>

4.9     Social science studies show that one of the collateral consequences of incarceration is an increased risk of sexual victimization by either staff or other inmates. Correctional administrators regularly confront the problem of inmate-on-inmate and staff-on-inmate forced sexual compliance in the institutions they manage. In a carceral environment, victims can neither hide nor escape from their perpetrators and are dependent upon correctional staff to intervene, support and protect them. In correctional settings, the power dynamic is heavily weighted against those imprisoned.

4.10    Rape and any form of sexual victimization are particularly damaging to victims held in custodial facilities having organizational cultures and sub-cultures which have long viewed prison rape as an expected, collateral consequence of incarceration. Historically, society-at-large has been willing to ignore or tacitly accept prisoner rape as either the extra punishment anyone sentenced to prison can expect, or because of a sense that nothing can be done to prevent it. Offenders are often afraid to report abuse out of fear of not being believed and being retaliated against by staff or other inmates.

COMPLAINT - 13

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

2098.08 od061501

4.11   Prison sexual abuse has the potential to devastate the lives of all victims, who may struggle with long lasting psychological effects including anxiety, depression, alienation, isolation, hostility, helplessness, and mistrust of others. Studies have shown that these victims may also manifest physical symptoms as a result of this resulting trauma, such as insomnia, chronic pain, and disturbed sleeping and eating patterns.

4.12   Well-settled law has acknowledged what the social science teaches us: that prisoners who are known to be transgender, gender non-conforming, or intersex are at particular risk of sexual assault, sexual abuse, and violence at the hands of other inmates and correctional staff. Beyond the mere fact of transgender status, the risk of physical harm from the *disclosure* of that status takes on particular urgency in the prison context.

4.13   DOC's disclosure of the records requested here would not only violate but would run entirely contrary to its Eighth Amendment duty to protect Plaintiffs and the Class Members from harm. As inmates who are transgender, gender non-conforming, or intersex, Plaintiffs belong to an identifiable group of prisoners who are frequently singled out for violent attack by other inmates. And the risk of harm stemming from disclosure of that status is both obvious and well established both by legal precedent and social science.

4.14   The release of the kind of sensitive and confidential information sought by the requestors and slated for disclosure by the DOC—including an individual's gender identify, risk assessment, allegations and investigations of sexual abuse--are counter-productive to creating an environment where inmates will feel free to file

COMPLAINT - 14

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

allegations of sexual abuse. The release of this type of information will undermine the intent and effectiveness of the PREA statute and is contrary to basic safety and security principles. Further, the release of any investigations, complaints, grievances, or reports relative to gender identity invades privacy, indirectly discloses a prisoner's confidential medical and mental health status, discourages prisoners from disclosure of their gender identify, and discourages the disclosure of a perpetrators' identities out of fear of retaliation.

4.15   The harms described above are irreparable.  There is no way to "unring the bell" of disclosure, and there is no remedy at law if the disclosure is later deemed wrongful.

Procedural History and Pre-Litigation Discussions

4.16   Disability Rights Washington (DRW), which is among Plaintiffs' counsel in this matter, is a private non-profit advocacy organization that is federally mandated to provide protection and advocacy services to individuals with disabilities in the state of Washington pursuant to the Protection and Advocacy for Individuals with Mental Illnesses ("PAIMI") Act, 42 U.S.C. § 10801, et seq., the Protection and Advocacy for Individual Rights ("PAIR") Act, 29 U.S.C. § 794e, the Developmental Disabilities Assistance and Bill of Rights ("DD") Act, 42 U.S.C. § 15041, et seq., and the regulations promulgated thereto, and RCW 71A.10.080.

4.17   DRW's work includes the AVID Program, which focuses on improving conditions, treatment, services, and reentry for people with disabilities who are incarcerated in Washington State's jails and prisons. In July 2017, DRW launched an investigation into the treatment of transgender people with disabilities in DOC

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

custody. As part of that investigation, DRW staff have spoken with more than 90 transgender individuals across DOC facilities and security levels. DRW has also met with many DOC custodial staff, DOC medical providers, and outside medical experts. The federal laws that establish the protection and advocacy systems, including DRW, also authorize DRW's access to all records of any individual who has authorized the agency to have such access. *See, e.g.*, 42 U.S.C. § 10805(a)(4)(A); 42 C.F.R. § 51.41(b)(1). DRW has used this authority numerous times to review individual records and DOC policies. During this time DRW has also advocated directly on behalf of certain individuals when, in its opinion, DOC's failure to provide necessary accommodations, housing, and PREA protections has placed its constituents at serious and immediate risk of harm.

4.18   On December 12, 2019, DRW entered into a structured negotiations agreement with DOC as an alternative to litigation about DRW's concerns about access to equal and gender-affirming medical care, housing, property, and programming for transgender, intersex, and non-binary people with disabilities. These negotiations continue to the present time, and DRW remains in close contact with DOC and its counsel at the Corrections Division of the Washington Office of the Attorney General (Attorney General) regarding the treatment and conditions of such people in DOC.

4.19   On or around March 15, 2021, the Attorney General communicated by email to DRW that the Tacoma News Tribune had requested information regarding transgender people in custody. The Attorney General notified DRW of additional information requests by KIRO-FM and by Andrea Kelly on or around

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

March 23, 2021. The Department of Corrections has made it abundantly clear that it does not intend to invoke PREA or any exemption under the Public Records Act, RCW 42.56, in order to prevent disclosure of these records and the highly confidential information they contain.

4.20   The Attorney General, on behalf of DOC, has indicated in discussions with DRW that DOC does not create records in response to requests for aggregate numerical information. Instead, the Attorney General explained that DOC will identify as responsive and provide records from which requestors may derive answers to their own questions. DOC has not provided DRW a list of what records have been identified by DOC as responsive to the requests. Based on DRW's knowledge of DOC records, such records will likely include highly sensitive information about transgender, non-binary, gender non-conforming, and/or intersex inmates and former inmates.

4.21   On or around April 2, 2021, DRW gave notice to the Attorney General that DRW, ACLU of Washington, MacDonald Hoague & Bayless, and Munger, Tolles & Olson LLP would file a complaint on April 7, 2021, seeking preliminary and permanent injunctive relief prohibiting the disclosure of the records at issue. DRW sought the Attorney General's consent to a temporary restraining order to preserve the status quo pending adjudication of Plaintiffs' claims. The Attorney General responded on April 7, 2021, stating that while Counsel for Defendants does not *stipulate* to a temporary restraining order, she has represented that the Defendants *do not oppose* a temporary restraining order preserving the status quo during the briefing and consideration of the motion for preliminary injunction.

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

1

## V.   CLASS ALLEGATIONS

5.1     The named Plaintiffs in this matter represent a class of similarly situated current and former inmates and persons in custody of the Department of Corrections.

5.2     Class Definition: The proposed class is defined as follows: All individuals identified as transgender, non-binary, gender non-conforming, and/or intersex in records in the possession of the Washington State Department of Corrections who are currently or were formerly incarcerated by the Washington State Department of Corrections. This can be viewed as two subclasses:

5.2.1 Current Inmate Subclass: All individuals identified as transgender, non-binary, gender non-conforming, and/or intersex in records in the possession of the Washington State Department of Corrections who are currently incarcerated in Washington state prisons.

5.2.2 Former Inmate Subclass: All individuals identified as transgender, non-binary, gender non-conforming, and/or intersex in records in the possession of the Washington State Department of Corrections who were incarcerated in Washington state prisons at any time.

5.3     Numerosity: There are more than 100 individuals who have identified as transgender, non-binary, gender non-conforming, and/or intersex currently incarcerated in Washington state prisons. There are even more such former inmates.

5.4     Commonality: There are numerous questions of law and fact common to Plaintiffs and members of the Class. These questions include, but are not limited to, the following:

5.4.1  Whether disclosure of the requested records would amount to

COMPLAINT - 18

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

2098.08 od061501

deliberate indifference and expose detainees to a substantial risk of harm.

5.4.2  Whether disclosure of the requested records would constitute an unconstitutional invasion of the right to privacy under the Fourteenth Amendment, including whether it would implicate a fundamental right and whether disclosure is narrowly tailored to serve a compelling state interest.

5.4.3  Whether disclosure of the requested records would violate the right to privacy under article 1, section 7 of the Washington Constitution.

5.4.4  Whether the requested records that were compiled by DOC for the purpose of PREA compliance are exempt from disclosure under the Washington Public Records Act (PRA) as specific intelligence information and specific investigative records compiled by investigative, law enforcement, and penology agencies, and state agencies vested with the responsibility to discipline members of any profession, the nondisclosure of which is essential to effective law enforcement or for the protection of any person's right to privacy.

5.4.5  Whether the requested records contain health care information that is protected from disclosure under the PRA and/or HIPAA.

5.5    Typicality:  The named Plaintiffs have the same claims and face the same harms as members of the proposed subclasses.

5.6    Adequacy: There is no conflict between the named Plaintiffs and the members of the subclasses. As described above, the named Plaintiffs and subclass members have the same injury and seek the same relief. In addition, Plaintiffs' counsel meet Rule 23(g)'s requirements and should therefore be appointed class

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

counsel. Counsel have substantial experience handling class actions and complex litigation, and they have done extensive work investigating and prosecuting this action. Counsel are exceptionally well-versed in disability and constitutional law, and they have more than sufficient resources to vigorously prosecute this case on behalf of the entire class.

5.7    <u>Appropriateness of Injunctive and Declaratory Relief</u>: The claims raised and the relief sought by Plaintiffs in this action are the sort that Rule 23(b)(2) was designed to facilitate. Plaintiffs here seek to prevent the disclosure of highly personal and private records request in order to protect their civil rights and safety under the United States and Washington Constitutions as well as under state and federal statutory law. This system-level, process-based relief is exactly the type of single injunction that would benefit all members of the proposed subclasses.

## VI.    <u>CLAIMS</u>

6.1    <u>42 U.S.C. § 1983 - Eighth Amendment to the United States Constitution – Against Defendant Sinclair</u>: The facts described above constitute cruel and unusual punishment in violation of the Eighth Amendment. The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment. Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners.

6.2    Here, Plaintiffs and the putative class would be incarcerated under

COMPLAINT - 20

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

2098.08 od061501

conditions posing a substantial risk of serious harm if the records are released, and the prison officials who authorized their release will have acted with deliberate indifference to that risk. Prisoners who are known to be transgender, gender non-conforming, or intersex are at particular risk of sexual assault, sexual abuse, and violence at the hands of other inmates and correctional staff. Beyond the mere fact of transgender status, the risk of physical harm from the *disclosure* of that status takes on particular urgency in the prison context. DOC's disclosure of the records requested here would not only violate but would run entirely contrary to its Eighth Amendment duty to protect Plaintiffs and the Class Members from harm.

6.3   <u>42 U.S.C. § 1983 – Fourteenth Amendment to the United States Constitution – Against Defendant Sinclair</u>: The facts described above constitute violations of procedural and substantive Due Process requirements of the Fourteenth Amendment. The Fourteenth Amendment protects the right of transgender, gender non-conforming, and intersex individuals to maintain their transgender status in confidence. The private and intimate nature of this information is beyond debate. Serious harm can result from the disclosure of an individual's transgender status, and where the disclosure of personal information by the government would result in bodily harm, the interest in preventing its disclosure rises to the level of a fundamental right.

6.4   Here, Defendants' release of records would infringe upon that fundamental right. As such, Defendants must, but cannot, show that their governmental action furthers a compelling state interest, and is narrowly drawn to further that state interest. In fact, the Secretary has a distinct interest in *maintaining*

COMPLAINT - 21

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

the confidentiality of that information, since its secrecy furthers the goal of prison safety and carrying out its duty of care to Plaintiffs and the Class Members who are currently incarcerated. Defendants' release of these records will unconstitutionally infringe on Plaintiffs' substantive due process rights.

6.5    Article I, Section 7 of the Washington State Constitution – Against Both Defendants: The facts described above constitute violations of Article I, Section 7, which prohibits the government from invading a person's private affairs without authority of law and prohibits disclosure of the requested records here. Disclosure of personal information must be carefully tailored to meet a valid governmental interest and be no greater than is reasonably necessary.

6.6    Any disclosure of Plaintiffs' status as transgender, gender non-conforming, and intersex would be highly offensive to a reasonable person. Such information is not only extremely private but is often actively concealed in the interest of personal safety as reflected by the record here. Furthermore, the requested records contain not only Plaintiffs' and the Class Members' status as transgender, gender non-conforming, or intersex individuals, but they are rife with intimate personal details regarding their mental health and sexual history. Defendants' proposed response to the PRA requests at issue here is not carefully tailored or limited to what is reasonably necessary to promote the state's interest in transparency.

6.7    RCW 42.56.540 – Public Records Act – Court Protection of Public Records – Against Defendant DOC: The facts described above show that release of the requested records would clearly not be in the public interest and would

COMPLAINT - 22

substantially and irreparably damage Plaintiffs and all members of the class, and therefore release should be prohibited under RCW 42.56.540. More specifically, Plaintiffs have a clear legal or equitable right to the privacy of their information; they have a well-grounded fear of immediate invasion of that right; and the Defendants' proposed actions will result in actual and substantial injury to them.

## VII.  REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests relief against Defendants as follows:

7.1    An order certifying a class of current and former transgender, non-binary, and intersex inmates and community members in the custody of the Department of Corrections;

7.2    An order appointing Plaintiffs as representatives of the certified class;

7.3    An order appointing the American Civil Liberties Union of Washington Foundation, MacDonald Hoague & Bayless; Disability Rights Washington, and Munger, Tolles & Olson LLP as counsel for the certified class;

7.4    A judicial declaration that release of the requested records would constitute cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution;

7.5    A judicial declaration that release of the requested records would violate the procedural and substantive Due Process requirements of the Fourteenth Amendment to the United States Constitution.;

7.6    A judicial declaration that release of the requested records would violate Article I, Section 7 of the Washington State Constitution;

7.7    A judicial declaration that release of the requested records would

COMPLAINT - 23

clearly not be in the public interest and would substantially and irreparably damage Plaintiffs and all members of the class, and as such should not be released under RCW 42.56.450;

7.8 A class-wide preliminary and permanent injunction prohibiting the Defendants and their agents from releasing the requested records under any or all of the above sources of law;

7.9 Costs, including reasonable attorneys' fees, to be awarded under 42 U.S.C. § 1988 and to the extent otherwise permitted by law;

7.10 Leave to amend the pleadings to conform to evidence at trial; and

7.11 Such other relief as may be just and equitable.

Dated this 7th day of April, 2021.

| MacDonald Hoague & Bayless | Munger, Tolles & Olson LLP \| |
|---|---|
| _____ | By: *Seeking Pro Hac Vice Admission* |
| Joe Shaeffer, WSBA #33273<br>joe@mhb.com<br>Attorneys for Plaintiffs<br>On behalf of The American Civil<br>Liberties Union of Washington<br>Foundation<br><br>705 Second Avenue, Suite 1500<br>Seattle, WA 98104<br>Tel: 206.622.1604<br>Fax: 206.343.3961 | Katherine M. Forster, CA Bar #217609<br>Katherine.Forster@mto.com<br>Attorneys for Plaintiffs<br><br>350 South Grand Avenue, 50th Floor<br>Los Angeles, CA 90071<br>Tel: 213.683.9538<br>Fax: 213.593.2838 |

COMPLAINT - 24

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

| American Civil Liberties Union of Washington Foundation | Disability Rights Washington |
|---|---|
| By:  _s/ Nancy Talner_ <br> Nancy Talner, WSBA #11196 <br> TALNER@aclu-wa.org <br> By:  _s/ Lisa Nowlin_ <br> Lisa Nowlin, WSBA #51512 <br> lnowlin@aclu-wa.org <br> By:  _s/ Antoinette M. Davis_ <br> Antoinette M. Davis, WSBA #29821 <br> tdavis@aclu-wa.org <br><br> Attorneys for Plaintiffs <br> P.O. Box 2728 <br> Seattle, WA 98111 <br> Tel:  206.624.2184 | By:  _s/ David Carlson_ <br> David Carlson, WSBA #35767 <br> Davidc@dr-wa.org <br> By:  _s/ Ethan D. Frenchman_ <br> Ethan D. Frenchman, WSBA #54255 <br> ethanf@dr-wa.org <br> By:  _s/ Danny Waxwing_ <br> Danny Waxwing, WSBA #54225 <br> dannyw@dr-wa.org <br> By:  _s/ Heather McKimmie_ <br> Heather McKimmie, WSBA #36730 <br> heatherm@dr-wa.org <br><br> Attorneys for Plaintiffs <br> 315 5th Avenue S, Suite 850 <br> Seattle, WA 98104 <br> Tel: 206.324.1521 |

COMPLAINT - 25

2098.08 od061501