UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN DOE 1, JOHN DOE 2, JANE DOE 1, JANE DOE 2, JANE DOE 3, and all persons similarly situated,<br><br>　　　　　　　　Plaintiffs,<br><br>　v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS, and STEPHEN SINCLAIR, Secretary of the Department of Corrections, in his official capacity,<br><br>　　　　　　　　Defendants,<br><br>　and<br><br>BONNEVILLE INTERNATIONAL INC., a Utah Corporation d.b.a. KIRO RADIO 97.3 FM; THE MCCLATCHY COMPANY, LLC, a California Limited Liability Company d.b.a. THE TACOMA NEWS TRIBUNE; and ANDREA KELLY, an individual,<br><br>　　　　　　　　Interested Parties. | NO. 4:21-CV-5059-TOR<br><br>ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER |

ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER ~ 1

BEFORE THE COURT is Plaintiffs' Expedited Unopposed Motion for Temporary Restraining Order to Preserve the Status Quo (ECF No. 6).  This matter was submitted for consideration without oral argument.  The Court has reviewed the record and files herein, the completed briefing, and is fully informed.  For the reasons discussed below, Plaintiffs' Expedited Unopposed Motion for Temporary Restraining Order to Preserve the Status Quo (ECF No. 6) is **GRANTED**.

## BACKGROUND

This case concerns public records requests for information from the Washington Department of Corrections (DOC) pertaining to the disclosure of incarcerated individuals' personal information, including any status as transgender, gender non-conforming, and intersex, as well as related information pertaining to sexual history, sexual orientation, sexual victimization, genital anatomy, and mental and physical health.  ECF No. 1.  Plaintiffs seek a temporary restraining order ("TRO") enjoining Defendants from releasing such records.  ECF No. 6.  Defendants have been given notice of the proposed TRO and do not oppose issuance of a TRO to maintain the status quo, but do not agree to withhold the records in the absence of a TRO.  ECF No. 6 at 2.  Plaintiffs seek expedited review due to the time sensitive nature of pending release of records.  Pursuant to Local Rule 7(i)(2)(C), the Court finds that Plaintiffs have demonstrated good cause for expedited review on this unopposed matter.

# DISCUSSION

## A. TRO Standard

Pursuant to Federal Rule of Civil Procedure 65, a district court may grant a TRO in order to prevent "immediate and irreparable injury." Fed. R. Civ. P. 65(b)(1)(A). The analysis for granting a TRO is "substantially identical" to that for a preliminary injunction. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). It "is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

To obtain this relief, a plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood of irreparable injury in the absence of preliminary relief; (3) that a balancing of the hardships weighs in plaintiff's favor; and (4) that a preliminary injunction will advance the public interest. *Winter*, 555 U.S. at 20; *M.R. v. Dreyfus*, 697 F.3d 706, 725 (9th Cir. 2012). Under the *Winter* test, a plaintiff must satisfy each element for injunctive relief.

Alternatively, the Ninth Circuit also permits a "sliding scale" approach under which an injunction may be issued if there are "serious questions going to the merits" and "the balance of hardships tips sharply in the plaintiff's favor," assuming the plaintiff also satisfies the two other *Winter* factors. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) ("[A] stronger showing of one element may offset a weaker showing of another."). "[T]he district court 'is

not bound to decide doubtful and difficult questions of law or disputed questions of fact.'" *Int'l Molders' and Allied Workers' Local Union No. 164 v. Nelson*, 799 F.2d 547, 551 (9th Cir. 1986).  In the same vein, the court's factual findings and legal conclusions are "not binding at trial on the merits." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981).  The moving party bears the burden of persuasion and must make a clear showing of entitlement to relief.  *Winter*, 555 U.S. at 22.

### B. Likelihood of Success on the Merits

Plaintiffs argue that it is likely to succeed on the merits of the constitutional claims.  ECF No. 6 at 3.  For purposes of this unopposed motion only, the Court finds that Plaintiffs are likely to succeed on their Eighth and Fourteenth Amendment claims.  *See Farmer v. Brennan*, 511 U.S. 825, 833-835 (1976) (setting forth standard for Eighth Amendment violation based on failure to prevent harm); *Lopez-Valenzuela v. Arpaio*, 770 F.3d 772, 780 (9th Cir. 2014) (setting forth standard for Fourteenth Amendment violation of substantive due process regarding fundamental right).  The Court will more thoroughly address the merits on the pending motion for preliminary injunction.

### C. Likelihood of Irreparable Injury

Plaintiffs assert that if the records are released "there would be no turning back, and Plaintiffs' safety and lives would be placed in great peril."  ECF No. 6 at

3. "Irreparable harm is traditionally defined as harm for which there is no adequate legal remedy, such as an award of damages." *Arizona Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1068 (9th Cir. 2014). "[I]ntangible injuries, such as damage to recruitment efforts and goodwill, qualify as irreparable harm." *Rent-A-Car, Inc. v. Canyon Television and Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991). Here, Court finds the release of records regarding confidential information relating to sexual identity and physical health constitutes a substantial irreparable injury.

### D. Balance of the Equities

Plaintiffs assert that they will have no remedy at law if the records are released and Defendants will not be prejudiced in any way. ECF No. 6 at 3. The Supreme Court has recognized that courts must "balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Amoco Production Co. v. Village of Gambell, AK*, 480 U.S. 531, 542 (1987). Courts have found that the maintenance of the "status quo" relevant to balance of the equities, however, it is not the only consideration. *See Flex-Plan Servs., Inc. v. Evolution1, Inc.*, No. C13-1986-JCC, 2013 WL 12092543, at *7 (W.D. Wash. Dec. 31, 2013); *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 809 (9th Cir. 1963) ("We are not to be understood as stating that the [status quo] principles are hard and fast rules, to be rigidly applied to every case regardless of its peculiar facts."). Here, the Court finds that maintaining the status

quo is warranted due to the private nature of the records as well as apparent lack of prejudice to Defendants. As such, the Court finds that the balance of the equities sharply tip in Plaintiffs' favor.

### E. Public Interest

Plaintiffs assert that the public has an interest in keeping confidential records confidential. ECF No. 6 at 3. Additionally, Plaintiffs assert that any public interest in the records is vastly outweighed by the irreparable harm to Plaintiffs. *Id.* Thus, Plaintiff has shown that the public interest weighs in favor of keeping the records confidential.

Finding all the elements have been met for purposes of this motion, the Court finds that a TRO is warranted.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiffs' Expedited Unopposed Motion for Temporary Restraining Order to Preserve the Status Quo (ECF No. 6) is **GRANTED**.

2. Pursuant to Federal Rule of Civil Procedure 65(b)(2), the Temporary Restraining Order ("TRO") is issued on **April 8, 2021 at 3:50 p.m.**

3. Plaintiffs (and the putative class of similarly situated persons) have demonstrated a privacy interest that will be irreparably injured if confidential records related to their physical and mental health are released to the public. Defendants are **RESTRAINED** from releasing

ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER ~ 6

any records (including names and numbers) concerning or that identify the gender identity, sexual history, sexual orientation, sexual victimization, genital anatomy, mental and physical health, of current and past prisoners, including any records concerning transfer requests, discipline, reassignment surgery,

4. This Order is issued without further notice due to the time-sensitive nature that the records will be released in the absence of this Order.

5. This TRO is to be promptly filed in the Clerk's Office and entered into the record.

6. This TRO expires at **midnight April 22, 2021**, unless the parties demonstrate good cause to extend it for a like period or Defendants consent to a longer extension.

7. Pursuant to Federal Rule of Civil Procedure 65(c), no bond is required.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED April 8, 2021.



THOMAS O. RICE
United States District Judge

ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER ~ 7