Candice Jackson (WSBA No. 39162)
cjackson@fmglaw.com
FREEMAN MATHIS & GARY, LLP
1010 B Street, Suite 300
San Rafael, California 94901
Telephone:   415.352.6434

On behalf of Women's Liberation Front,
Counsel for "Interested Party" and
Proposed Intervenor-Defendant ANDREA KELLY

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON AT RICHLAND

| | |
|---|---|
| JOHN DOE 1; JOHN DOE 2; JANE DOE1; JANE DOE2; JANE DOE 3; and all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS; STEPEHN SINCLAIR, Secretary of the Department of Corrections, in his official capacity,<br><br>Defendants,<br>and,<br><br>BONNEVILLE INTERNATIONAL, INC., d.b.a. KIRO Radio 97.3 FM, a Utah Corporation; THE MCCLATCHY COMPANY, LLC, A California Limited Liability Company, d.b.a. The Tacoma News Tribune; and ANDREA KELLY, an individual;<br><br>Interested Parties. | CASE NO.: 4:21-cv-05059-TOR<br><br>**MOTION TO INTERVENE AND FOR PROCEDURAL RELIEF, OF "INTERESTED PARTY" AND PROPOSED INTERVENOR-DEFENDANT ANDREA KELLY**<br><br>Assigned to: Hon. Thomas O. Rice<br><br>Hearing Date: 5/26/2021<br>(No Oral Argument) |

## I.     INTRODUCTION AND STATEMENT OF RELIEF REQUESTED

Proposed Intervenor-Defendant Andrea Kelly ("Proposed Intervenor-Defendant" or "Kelly") is an individual member of the public who requested public records under the Washington Public Records Act ("PRA") from the Washington State Department of Corrections ("DOC"). Plaintiffs herein seek to enjoin the DOC from releasing any of the records Kelly requested. Plaintiffs named DOC as a Defendant in this action. However, despite being aware that Kelly is a necessary party whose joinder is feasible and thus joinder is mandatory under Fed. R. Civ. P. 19(a), Plaintiffs have refused to properly join Kelly as a party to this action. Instead, Plaintiffs listed Kelly

Motion to Intervene, and for Procedural Relief, of "Interested Party" and Proposed Intervenor-Defendant Andrea Kelly     1

in the action's caption as an "Interested Party," leaving undefined and uncertain Kelly's status and rights to be heard and move for any appropriate relief.

To protect her rights and interests in the subject matter of this action, Kelly hereby moves for intervention as a matter of right under Fed. R. Civ. P. 24(a). Kelly's interests as a requestor of public records are in some ways aligned with DOC against Plaintiffs' claims and relief sought, yet are also divergent from DOC's interests. For example, Kelly and DOC share an interest in DOC complying with the PRA. However, Kelly is a proponent of lawful disclosure that furthers the underlying purpose of the PRA and enables Kelly (and other civic-minded individuals) to more vigorously participate in social, legal, and policy debates over matters of significant public concern (such as whether, or under what conditions, males should be housed in women's prisons). On the other hand, DOC presumably has no vested interest in whether records ultimately are disclosed to the public but merely has an interest in obeying the law and fulfilling its duties under the PRA. For reasons set forth *infra*, Kelly is entitled to intervene as a matter of right, granting her status equal to that of an original party to the action, including the right to respond to Plaintiffs' complaint and oppose pending motions.

As the summons that Plaintiffs issued with regard to Kelly lists her as a "defendant,"[1] and as Kelly's interests lie in defeating Plaintiffs' claims, Kelly moves herein as a Proposed Intervenor-Defendant for intervention as a matter of right or alternatively for permissive intervention. In the interests of justice, Kelly also moves the Court for procedural relief that would permit Kelly (and other requestors of public records) meaningfully to be heard in this case.

## II. STATEMENT OF FACTS

On March 19, 2021, Kelly submitted a request for public records under the PRA to DOC (the "Kelly Request"), seeking records showing:

> 1. The number of transgender individuals currently incarcerated broken out by facility location. 2. Number of incarcerated individuals who have been transferred from a men's facility to a women's facility since January 1, 2021. 3. The number of male incarcerated individuals who identify as female, non-binary or any other gender identity who are currently housed at a Women's prison facility. 4.

---

[1] Plaintiffs have not yet served process on Kelly.

> The number of incarcerated individuals who have transferred from a Women's facility to a Men's facility since January 1, 2021. 5. The number of female incarcerated individuals who identify as male, non-binary or any other gender identity who are currently housed in a Men's prison facility.

ECF 32 at 13. DOC's online system assigned the Kelly Request tracking number P-19460. *Id.* DOC responded to Kelly on March 20, 2021, restating the substance of the five categories of records in the Kelly Request and stating that DOC would respond by April 9, 2021. The DOC then notified Kelly on April 8, 2021 that due to this lawsuit DOC would not be producing any responsive records until the court rules on whether to grant a preliminary injunction.

Using the same email address for Kelly that Kelly had used to submit the Kelly Request, counsel for Plaintiffs notified Kelly on April 8, 2021, of the filing of this action and that Kelly was listed herein as an "Interested Party." Plaintiffs' Complaint for Declaratory and Injunctive Relief filed April 7, 2021, alleges that Kelly "is an 'Interested Party' in this matter because she made a request for records that would reveal the identity of transgender, non-binary, and intersex people who are currently and formerly incarcerated at various facilities by the DOC." ECF No. 1 ¶ 2.5. Plaintiffs' Complaint alleges, on behalf of five Doe plaintiffs and "all others similarly situated" as a putative "class," that release of the information contained in records responsive to the Kelly Request "will cause a substantial risk of harassment, abuse, violence, and sexual assault to plaintiffs and other members of the class" (ECF No. 1 p. 13). Plaintiffs purport to state claims under 42 U.S.C. § 1983 for violation of Plaintiffs' Eighth Amendment right to be free from cruel and unusual punishment, § 1983 for violation of Plaintiffs' constitutional right to procedural and substantive due process under the Fourteenth Amendment, Art. I, Sec. 7 of the Washington State Constitution for invasion of Plaintiffs' right to privacy, and for injunctive relief under the PRA, RCW 42.56.540. ECF No. 1 pp. 20-23. Plaintiffs seek judicial declarations that release of records responsive to the Kelly Request would violate the U.S. Constitution (Eighth and Fourteenth Amendments) and Washington State Constitution (Art. I § 7) and should not be released under the PRA, and preliminary and permanent injunctions prohibiting Defendants from releasing records responsive to the Kelly Request. ECF No. 1 pp. 23-24.

Plaintiffs' allegations, claims, and relief requested are factually inaccurate and without legal

merit. But no present party in the action shares Kelly's interests in seeing the PRA vindicated and the requested records appropriately released under the PRA. Plaintiffs' action has the intent, purpose, and/or impact of discouraging ordinary individuals from using the PRA as it is intended – as a streamlined way to glean information about how government agencies are operating in order to hold governments accountable and foster public debate about important policies that affect society. Without delay, Kelly retained counsel to protect her rights and interests in this matter.

Despite requests by Kelly's counsel, Plaintiffs' counsel has refused to amend the complaint to join Kelly as a party-defendant, even though Kelly is a necessary party whose joinder is feasible, making joinder mandatory under Fed. R. Civ. P. 19(a). While the Court may, *sua sponte*, order Plaintiffs to join Kelly as a proper party, out of an abundance of caution to protect her rights and interests Kelly brings this Motion to Intervene, to ensure she has the opportunity to address the Court as to the merits, *vel non*, of Plaintiffs' allegations and claims, and advocate for disclosure of records responsive to the Kelly Request in full compliance with the scope and purpose of the PRA.

## III. ARGUMENT

### A. Kelly Is Entitled To Intervention As A Matter Of Right

Proposed Intervenor-Defendant's interest in this matter is a quintessential scenario describing a necessary party whose joinder is mandatory under Fed. R. Civ. P. 19(a).[2] Because Plaintiffs have refused to properly join her, Kelly moves to intervene as a party-defendant as a matter of right, in order to protect her interests. Fed. R. Civ. P. 24(a)(2) provides that "On timely motion, the court must permit anyone to intervene who: . . . (2) claims an interest relating to the

---

[2] Rule 19(a)(1)(B) states that "A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: . . . (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest" and Rule 19(a)(2) states that "If a person has not been joined as required, the court must order that the person be made a party." If the Court orders Plaintiffs to properly join Kelly as a defendant in this action, Kelly's request for intervention would be moot. However, Kelly would still request the procedural relief set forth in this Motion.

property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

Moving party thus must show four elements to be granted a right of intervention: timeliness; a protectable interest in the action; disposition of the action without the movant may impair or impede the movant's ability to protect that interest; and the movant's interest is not adequately represented by existing parties. *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 841 (9th Cir. 2011) (citations omitted). Courts construe Fed. R. Civ. P. 24(a) liberally, in favor of potential intervenors and focusing on practical considerations rather than technicalities, when considering motions to intervene as a matter of right. *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001). Here, Proposed Intervenor-Defendant Kelly meets all four elements, entitling her to intervene as a matter of right.

First, this Motion is timely. Kelly was informed by email of Plaintiffs' complaint, TRO, and motion for preliminary injunction on April 8, 2021. She retained counsel a few days later, and within a few days after having attempted to secure Plaintiffs' cooperation in amending to properly join Kelly as a necessary party, Kelly filed this Motion. This Motion is filed only fifteen days after Plaintiffs' Motion for Preliminary Injunction was filed, and six days before a reply in support of the Motion for Preliminary Injunction is due. Additionally, Proposed Intervenor-Defendant has no objection to a continuation of the TRO; with the status quo preserved, the course of litigation is not impeded by the timing of this Motion to Intervene (or the extension of time and other procedural relief requested herein), and no present party suffers prejudice therefrom.

Second, Kelly has a significant, protectable interest in the outcome of this matter. Kelly's right to obtain disclosure of public information pursuant to the PRA goes to the heart of a citizen's right to participate in democratic government. The Washington State Supreme Court has held that the PRA "is 'a strongly worded mandate for broad disclosure of public records.'" *Hearst Corp. v. Hoppe,* 90 Wn.2d 123, 127 (1978). The Act's disclosure provisions must be liberally construed, and its exemptions narrowly construed. *Progressive Animal Welfare Soc'y v. Univ. of Wash.*, 125 Wn.2d 243, 251 (1994). Courts must take into account the Act's policy "that free and open

examination of public records is in the public interest, *even though such examination may cause inconvenience or embarrassment to public officials <u>or others</u>*." *Id.* (emphasis added) (citing RCW 42.17.340(3)). The PRA's purpose is "nothing less than the preservation of the most central tenets of representative government, namely, the sovereignty of the people and the accountability to the people of public officials and institutions." *Id.* (citing to RCW 42.17.251).

The Washington Supreme Court has also noted that the PRA "closely parallels the federal Freedom of Information Act (FOIA), 5 U.S.C. § 552 . . . and thus judicial interpretations of that act are particularly helpful in construing our own." *Hearst Corp.*, 90 Wn.2d at 128. FOIA and the PRA seek to "establish a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language." *Id.* (quoting *NLRB v. Sears Roebuck & Co.*, 421 U.S. 132, 136-37 (1975)). Moreover, FOIA – and by implication the PRA patterned after it – are "clearly intended to give *any member of the public as much right to disclosure as one with a special interest therein.*" *NLRB*, 421 U.S. at 149 (emphasis added). Here, Kelly has a clearly defined, significant interest as a member of the public – one of the millions of individuals who comprise "We the People"[3] chartering a "government of the people, by the people, for the people"[4] – seeking to participate in accountable, representative government by obtaining information about the nature, scope, and impact of a government policy: transfers of males into women's prisons.

Third, if this action proceeds without Kelly, Kelly's ability to protect her interest will be impaired. In fact, if Plaintiffs' requested relief is granted in this action, Kelly's interest will be more than impaired or impeded – it will be extinguished. Kelly faces the possibility that an injunction would slam the door shut on her ability to receive information about the prevalence and circumstances of transfers of males into women's prisons throughout Washington State. The Washington State Supreme Court has held that a PRA requestor has an indisputable interest in an action seeking to prevent disclosure of the requested records, and that proceeding without the requestor properly joined as a party impairs or impedes the requestor's interest. *Burt v. Dep't of*

---

[3] Preamble, United States Constitution.

[4] Abraham Lincoln, "Gettysburg Address" (1863).

*Corr.*, 168 Wn.2d 828, 836-37 (2009).[5] Here, Kelly's ability to protect her significant interest will be impaired unless she is recognized as a proper party.

Fourth, Kelly's interest is not adequately represented by existing parties. This element requires consideration by the Court of three factors: (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect. *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (2003). Moreover, "[t]he burden of showing inadequacy of representation is 'minimal' and satisfied if the applicant can demonstrate that representation of its interests 'may be' inadequate." *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011) (quoting *Arakaki*, 324 F.3d at 1086).

Plaintiffs' interests and goals are diametrically opposed to Kelly's. The only present party-Defendants (DOC, and its Secretary in his official capacity), have no vested or institutional interest in holding government accountable, or in a citizenry armed with information with which to ask probing or challenging questions about agency actions, or utilize information to perhaps petition the government for redress of grievances. Rather, the present Defendants' interest is in following the law, including by discharging their obligations under the PRA – no more and no less. The fact that DOC through its counsel reached out to Plaintiffs' representatives before completing its records

---

[5] Plaintiffs may attempt to distinguish *Burt* by arguing that here, Plaintiffs at least listed Kelly in the caption as an "Interested Party" and are attempting to service process. However, in *Burt* the party seeking to enjoin Burt's requested records sent Burt a letter informing him of the action. Burt could, therefore, have moved to intervene. However, the Washington Supreme Court still found that failure to *properly join Burt as a party* required vacating the matter and remanding for proper joinder of Burt as a necessary party. Similarly here, just notifying Kelly by email of this action is insufficient to grant to Kelly the rights of a party in order to defend or advance her interests. Even if Plaintiffs succeed in serving process on Kelly, the summons issued to Kelly describes her as a "defendant" – which would then be in conflict with the caption listing her as an "Interested Party" (and which Plaintiffs refused to amend to properly name her as a defendant), which would still leave Kelly without the certainty that comes from status as a party to litigation.

search, redaction, and production duties in response to the Kelly Request[6] indicates that DOC does not share, support, or advocate for Kelly's interest in open, accountable government and public dissemination of information about the controversial, important topic of allowing males to be housed in women's prisons. DOC acknowledges its inability and/or unwillingness to "undoubtedly make all of a proposed intervenor's arguments" by contending in its Objection/Response to Plaintiffs' Motion for Preliminary Injunction:

> [T]he requestor is considered a necessary party to the injunction proceedings as they have 'an interest relating to the subject of the action and [be] so situated that disposing of the action in [his] absence may…as a practical matter impede [his] ability to protect the interest…." Fed. R. Civ. P. 19(a)(1)(B)(i); *see also Burt v. Wash. State Dep't of Corr.*, 168 Wash.2d 828, 231 P.3d 191, 195-96 (Wash. 2010) (holding that, under Washington Superior Court Rule 19, PRA requester was a necessary party to the injunction proceeding because "[w]ithout an advocate for the release of the requested records, th[e] purpose [of the PRA] can be frustrated").

ECF No. 32, p. 34. Kelly's participation in this action *as a party with the rights attendant thereto* is critical to a proper adversarial resolution of this matter.

As an individual simply wishing to participate in civic life by gathering factual information that may contribute to public debate about an issue of mounting concern and controversy

---

[6] ECF No. 8 ¶ 11 (Declaration of Ethan Frenchman, staff attorney for Disability Rights Washington); ECF No. 8-1 p. 7 (Exh. B to Frenchman Declaration). In its Objection/Response to the Preliminary Injunction (ECF No. 32), DOC does not deny, acknowledge, or explain why DOC, through its counsel -- the Attorney General's office -- was in communication with Disability Rights Washington advising them of the Kelly Request (and the other, similar requests by the other "Interested Parties" herein) within days of DOC receiving the Kelly Request – yet never communicated to Kelly that DOC had advised a third party of the existence of the Kelly Request, nor that DOC was stalling fulfilling the Kelly Request while Disability Rights Washington, capitalizing on the tip-off from DOC, teamed up with the ACLU of Washington Foundation and spent weeks capitalizing on the tip-off from DOC to forum shop and select a venue Plaintiffs believe has the best chance of preventing Kelly from participating in the public debate over males who transfer into women's prisons. Clearly, DOC will not represent or advocate for Kelly's interest in public disclosure in this matter.

throughout society (narrowly characterized as housing males in women's prisons, but broadly characterized as the impact on women of the loss of single-sex spaces), Kelly has no desire to become embroiled in litigation. Nor should members of the public have to litigate in order to obtain public records – the point of the PRA, like FOIA, is precisely to streamline dissemination to the public information about government actions and policies without requiring any requestor to demonstrate a special need or justify her desire for the information or even demonstrate the kind of injury that confers standing for a litigant to get into court and avail herself of discovery procedures that would yield the same information. Plaintiffs, however, rushed into federal court (bypassing the PRA's own, specific injunction procedure and ignoring the presumption that the DOC will apply the PRA and its exemptions legally and appropriately) to try and stop Kelly from pursuing (much less realizing) the benefits conferred by the PRA. Plaintiffs then refused even to properly join Kelly as a necessary party, leaving her a Hobson's choice: incur the burden of inserting herself into this litigation, or risk the loss of her right to participate in the "most central tenets of representative government," *Progressive Animal Welfare Soc'y*, 125 Wn.2d at 251. Kelly has chosen the former and thus moves to intervene as an Intervenor-Defendant. Kelly meets all requirements of Fed. R. Civ. P. 24(a) and the Court should grant Kelly's Motion to Intervene as a matter of right.

### B. In The Alternative, Kelly Requests Permissive Intervention

Alternatively, Proposed Intervenor-Defendant moves for permissive intervention under Fed. R. Civ. P. 24(b), under which the Court may, in its discretion, permit intervention by one who "has a claim or defense that shares with the main action a common question of law or fact." Here, Kelly seeks disclosure of the records that Plaintiffs want to keep out of public view. Kelly's position is that Plaintiffs' claims lack merit and the Kelly Request should be fulfilled by DOC in accordance with the DOC (including making appropriate redactions to records). This position involves claims or defenses that overlap substantially with the questions of law and fact that Plaintiffs and DOC will address in Plaintiffs' Motion for Preliminary Injunction. Kelly therefore respectfully requests that, if intervention as of right is denied, the Court grant permissive intervention to her as an Intervenor-Defendant.

### C. Procedural Relief Requested

Pursuant to L.Civ.R. 7(b)(2), Kelly respectfully requests the following procedural relief:

(1) Whether or not Kelly's Motion to Intervene is granted, an Order extending the time under which a party may file a response to Plaintiffs' Motion for Preliminary Injunction to not later than April 30, 2021,[7] and leave of Court for any requestor listed in the caption as an "Interested Party" to file such a response;[8]

(2) Whether or not Kelly's Motion to Intervene is granted, an Order granting Kelly leave of Court to file, not later than April 30, 2021, a motion to dismiss Plaintiffs' complaint for lack of subject matter jurisdiction or in the alternative to transfer venue of this action to the Western District of Washington;[9] and

(3) That the Court continue the hearing noted for May 12, 2021 on Plaintiffs' Motion for

---

[7] Kelly supports many of the positions and arguments set forth by the DOC in its Objections/Response to the Motion for Preliminary Injunction (ECF No. 32), yet would raise additional arguments if permitted to file an opposition brief of her own.

[8] There are now additional requestors who also should be listed as "Interested Parties." On April 19, 2021, counsel for DOC notified Plaintiffs and present requestors that several additional requestors have made PRA requests substantively similar to those at issue in this action and that DOC will not be responding to those additional records requests until after this Court has ruled on Plaintiffs' Motion for Preliminary Injunction. Declaration of Candice Jackson at ¶ 2, Exh. A. In reply to Kelly's counsel's contention by email dated April 19, 2021 that the present requestors and additional requestors were all indispensable parties whose joinder is necessary for Plaintiffs to maintain their action, Plaintiffs' counsel responded on April 20, 2021, that Plaintiffs believed (on the one hand) that listing Kelly and other requestors as "Interested Parties" satisfied Plaintiffs' obligation to join the requestors as parties, and (yet on the other hand) that Plaintiffs had no intention of notifying the new, additional requestors of this action because they "are not necessary parties" under Rule 19(a). Jackson Dec. at ¶ 2, Exh. A.

[9] Kelly's request for permission to file a motion to dismiss or in the alternative transfer venue, and to file an opposition to the Motion for Preliminary Injunction, is intended to satisfy the purpose of Fed. R. Civ. P. 24(c), that a motion to intervene "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought."

Preliminary Injunction, and reset the hearing to a date after the Court has ruled on Kelly's Motion to Intervene and proposed motion to dismiss or in the alternative to transfer venue.

As to an extension of time to respond to the Motion for Preliminary Injunction and continuation of the May 12 hearing on that Motion, counsel for Defendants does not oppose such relief; and counsel for Plaintiffs has no objection so long as the TRO is extended until disposition of the Plaintiffs' Motion for Preliminary Injunction (relief which Plaintiffs have already requested – ECF No. 36 – and which Kelly does not oppose). Plaintiffs' counsel does object to Kelly's proposed motion to dismiss or transfer venue being ruled upon before the Court rules on Plaintiffs' Motion for Preliminary Injunction. Kelly inquired with counsel regarding their unavailability for upcoming hearing dates and noted the hearing on this Motion accordingly (though no oral argument is requested). For the Court's reference if the Court grants Kelly's request to continue the May 12 hearing, counsel for Plaintiffs and/or DOC are *unavailable*: May 5, 14, 19-24, 27-31, June 7, 2021.

The procedural relief requested herein will not prejudice any present party to the action, will not delay proceedings by more than a brief period of a few weeks (while a TRO maintains the status quo), and will ensure that necessary parties whose joinder is mandatory under Fed. R. Civ. P. 19(a) have a reasonable opportunity to participate in this action.

### IV. CONCLUSION

For the reasons set forth herein, moving party, Proposed Intervenor-Defendant Kelly, respectfully requests that the Court: (1) grant this Motion to Intervene, deeming Kelly an Intervenor-Defendant; and (2) grant the procedural relief requested so that Kelly.

RESPECTFULLY SUBMITTED,

Dated: April 23, 2021

By: ___s/ Candice Jackson_____
FREEMAN MATHIS & GARY, LLP
Candice Jackson (WSBA No. 39162)
1010 B Street, Suite 300, San Rafael CA 94901
*On behalf of Women's Liberation Front,*
*Counsel for "Interested Party" and*
*Proposed Intervenor-Defendant ANDREA KELLY*

## Certificate of Service

I hereby certify that on April 23, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice. I hereby certify that I have emailed the document, from my email address (cjackson@fmglaw.com) to the following non-CM/ECF participants or interested parties who have not yet appeared in the action:

Michele Earl-Hubbard, michele@allliedlawgroup.com (counsel for The McClatchy Company, LLC dba The Tacoma News Tribune)

Jason Englund, jenglund@bonneville.com (counsel for Bonneville International, Inc. dba KIRO Radio 97.3 FM)

Dated: April 23, 2021  By: ___s/ Candice Jackson_____
FREEMAN MATHIS & GARY, LLP
Candice Jackson
1010 B Street, Suite 300
San Rafael CA 94901  Tel. 415.352-6412