Joe Shaeffer, WSBA #33273
MacDonald Hoague & Bayless
On behalf of The American Civil Liberties
Union of Washington Foundation
705 Second Avenue, Suite 1500
Seattle, WA 98104-1745
206-622-1604

Katherine M. Forster, CA Bar #217609
Munger, Tolles & Olson LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071
213-683-9538

Hon. Thomas O. Rice

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON AT RICHLAND

| | |
|---|---|
| JOHN DOE 1; JOHN DOE 2; JANE DOE 1; JANE DOE 2; JANE DOE 3; and all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS; STEPHEN SINCLAIR, Secretary of The Department of Corrections, in his official capacity,<br><br>Defendants,<br><br>and<br><br>BONNEVILLE INTERNATIONAL, INC. a Utah Corporation, d.b.a KIRO Radio 97.3 FM; THE MCCLATCHY COMPANY, LLC, a California Limited Liability Company, d.b.a. The Tacoma News Tribune; and ANDREA KELLY, an individual,<br><br>Interested Parties. | No. 4:21-cv-05059-TOR<br><br>DECLARTION OF ETHAN FRENCHMAN IN SUPPORT OF PLAINTIFFS' MOTION TO SEAL |

DECLARTION OF ETHAN FRENCHMAN IN SUPPORT OF
PLAINTIFFS' MOTION TO SEAL - 1

2098.08 od260302

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

I, Ethan Frenchman, declare as follows:

I am one of the attorneys for Plaintiffs John Does 1-2 and Jane Does 1-3. I am over the age of 18 and am competent to testify.

1.  Attached hereto as Exhibit 1 is an email exchange, on which I was copied, between Plaintiffs' attorneys and Defendants' attorneys regarding the sealing of Exhibits D and E after Defendants' attorneys filed these exhibits in the public record and emailed them to the requestors of this information. On April 22, 2021, at 11:20 am, Defendants attorney sent an email to Plaintiffs' counsel and counsel for the interested parties that attached all pleadings filed in response to Plaintiffs' motion for preliminary injunction, including the Cotton Declaration and all of its attachments.

2.  Attachment D is a spreadsheet of every transgender, intersex, and "non-conforming" person in Department custody. Although Defendants have redacted individuals' names and numbers, they have not redacted their facility and whether the person is in the IMU, i.e., the Intensive Management Unit. This information approximates an address for some people as it provides the person's location down to facility and the unit type.

3.  Attachment D also includes the date of a person's arrival to the facility, which staff and other inmates may be able to use to identify someone based on the timing of their arrival. Because the numbers of individuals are rather small in some facilities, sleuthing the identity of a particular individual would only be easier. One facility has only one identified individual, and another has only 3 -- making identification a much easier task. Attachment D also includes other sensitive

DECLARTION OF ETHAN FRENCHMAN IN SUPPORT OF
PLAINTIFFS' MOTION TO SEAL - 2

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

2098.08 od260302

1  information. For example, one record notes that on March 25, 2021, one individual "is currently undergoing a mental health assessment and may be unstable enough to impact a housing review." Attachment D at 66. This relates to the housing process and forms from which, Defendants claimed in their opposition, "medical, mental health, dental diagnosis and treatment information would be redacted if the information was included by a provider and contained outside of the inmate's medical record." Opp. At 14-15. Although not pertaining to the housing protocol form itself, this mental health information explains why the form was not completed and was included by Defendants in Attachment D, without redaction.

4. Attachment E contains the legal face sheet for one particular individual. This sheet contains ample information from which the individual may be identified, including their convictions, jurisdiction of conviction, and sentencing date, as well as a summary of their entire infraction history with dates and violation types.

I declare under penalty of perjury of the laws of the United States of America and the State of Washington that the foregoing is true and correct.

DATED this 26th day of April, 2021, at Seattle, Washington.

_____
Ethan Frenchman

DECLARTION OF ETHAN FRENCHMAN IN SUPPORT OF
PLAINTIFFS' MOTION TO SEAL - 3

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

2098.08 od260302

## CERTIFICATE OF SERVICE

I certify that on the date noted below I electronically filed the above-entitled document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following persons:

**Attorneys for Defendants DOC and Stephen Sinclair:**

**Washington State Attorney General's Office**

Candie Dibble, candie.dibble@atg.wa.gov
Patty E. Willoughby, patty.willoughby@atg.wa.gov

**Attorney for Interested Parties:**

**Andrea Kelly:**

Candice Jackson, cjackson@fmglaw.com

**The McClatchy Company, LLC:**

Michele Earl-Hubbard, michele@alliedlawgroup.com

**Bonneville International, Inc.:**

Jason Englund, jenglund@bonneville.com

DATED this 26th day of April, 2021, at Seattle, Washington.

*s/ Marry Marze*
Marry Marze, Legal Assistant

DECLARTION OF ETHAN FRENCHMAN IN SUPPORT OF PLAINTIFFS' MOTION TO SEAL - 4

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

2098.08 od260302

# EXHIBIT 1

| | |
|---|---|
| **From:** | Dibble, Candie M (ATG) |
| **To:** | Joe Shaeffer |
| **Cc:** | Forster, Katherine; Ethan Frenchman |
| **Subject:** | RE: Does v. DOC - Violation of TRO |
| **Date:** | Monday, April 26, 2021 9:58:18 AM |

Rule 65(d) that requires a TRO to describe with specificity and in reasonable detail the act or acts being restrained. If we do not agree on the extent of the TRO (which at this point our interpretations are not even close) then I think it is not currently specific or detailed enough to provide the DOC with notice of what is being restrained.

Candie M. Dibble
Assistant Attorney General
Corrections Division

---

**From:** Joe Shaeffer <joe@mhb.com>
**Sent:** Monday, April 26, 2021 9:45 AM
**To:** Dibble, Candie M (ATG) <candie.dibble@atg.wa.gov>
**Cc:** Forster, Katherine <katherine.forster@mto.com>; Ethan Frenchman <ethanf@dr-wa.org>
**Subject:** RE: Does v. DOC - Violation of TRO

[EXTERNAL]

Candie:
Can you please explain what you mean by the TRO doesn't comply with the rules?
Thanks,
joe

---

**From:** Dibble, Candie M (ATG) <candie.dibble@atg.wa.gov>
**Sent:** Monday, April 26, 2021 9:39 AM
**To:** Joe Shaeffer <joe@mhb.com>
**Cc:** Forster, Katherine <katherine.forster@mto.com>; Ethan Frenchman <ethanf@dr-wa.org>
**Subject:** RE: Does v. DOC - Violation of TRO

Joe:

Given that the motion for PI is going to be delayed and there appears to be a big difference on how the two parties view the terms of the TRO, I think it would be best for you to go ahead and file your motion to seal. In response, I will likely object and also request that the Court either strike the TRO because it does not comply with the rules or clarify its TRO order. This will hopefully avoid any disputes in the future with respect to the terms of the TRO.

Candie M. Dibble
Assistant Attorney General
Corrections Division

**From:** Joe Shaeffer <joe@mhb.com>
**Sent:** Friday, April 23, 2021 3:55 PM
**To:** Dibble, Candie M (ATG) <candie.dibble@atg.wa.gov>
**Cc:** Forster, Katherine <katherine.forster@mto.com>; Ethan Frenchman <ethanf@dr-wa.org>
**Subject:** RE: Does v. DOC - Violation of TRO

[EXTERNAL]

Candie:

We still view the disclosure of the records in Exhibits D and E to the Jeneva Cotton Declaration as a violation of the TRO. The TRO could not be any more clear in its prevention of the disclosure of "any records" of the kind described. We think filing these documents in the public court record is a violation, and that the proper remedy, if DOC thought that the TRO language was too broad, would have been either to seal the documents or move the court for clarification or narrowing of its order. Now the cat is out of the bag.

Rather than fight about that now, we think the most expeditious and cooperative resolution is for Plaintiffs and DOC to file a stipulated motion to seal these two exhibits during the pendency of the motions practice.

If we don't hear back from you by Monday at noon, we will file our own motion to seal, and point out what we consider to be a straightforward violation of the Court's order.

Thanks
Joe

---

**From:** Dibble, Candie M (ATG) <candie.dibble@atg.wa.gov>
**Sent:** Friday, April 23, 2021 6:59 AM
**To:** Joe Shaeffer <joe@mhb.com>
**Cc:** Forster, Katherine <katherine.forster@mto.com>; Ethan Frenchman <ethanf@dr-wa.org>
**Subject:** RE: Does v. DOC - Violation of TRO

Joe:

As I stated in my previous email, DOC does not intend to release records to the "tag along" requestors. They have been sent the 5 day response letters pursuant to RCW 42.56 requirements and each of them have been notified that due to the current litigation in Does, the Department will not be releasing records until it receives authority from the Court to do so.

During my discussions with Ethan prior to the filing of the litigation, I reiterated two things. First, the Department has no interest in revealing the identities of individuals who wish to have their gender identity remain private. Unfortunately, due to its mandatory obligations under RCW 42.56 and our review of the exemptions, the Department could not locate any authority that permitted redaction of an individual's gender identity in response to a PRA request. That was confirmed when I surveyed

several other WA state agencies that included DSHS, LNI and DOL.  All of which indicated that they did not apply a separate exemption to an individual's gender identity information in response to a PRA request.  Second, I reiterated that the usual process with injunction requests is that the Department takes a somewhat neutral position.  With the additional allegations of constitutional violations, the Department is forced to defend the merits of those claims.

The allegations contained in your complaint focus on the release of an individual's identity in response to these requests.  Which is also the purpose to the TRO, to ensure that until the Court makes a decision, that records are not released **which would reveal an individual's identity** in response to these focused requests on inmates who identify as transgender, gender non-conforming or intersex.

My Legal Assistant and I took great care in ensuring the responses to your motions would not reveal anyone's identity.  It would be helpful to understand your position on how exactly Attachments D and E to Jeneva Cotton's declaration reveal an individual's identity.

Candie M. Dibble
Assistant Attorney General
Corrections Division

**From:** Joe Shaeffer <joe@mhb.com>
**Sent:** Thursday, April 22, 2021 3:10 PM
**To:** Dibble, Candie M (ATG) <candie.dibble@atg.wa.gov>
**Cc:** Forster, Katherine <katherine.forster@mto.com>; Ethan Frenchman <ethanf@dr-wa.org>
**Subject:** RE: Does v. DOC - Violation of TRO

[EXTERNAL]

Thanks, Candie.  On reflection, we understand your concerns.   If you think a modification of the TRO is needed, we'll be happy to work with you on it.  We don't take the order that to mean that DOC cannot release records to a surgical consultant, as that release would be done with consent of the patient.

We do think that your contention that "documents were not released to the requestors" is disingenuous, as you filed the documents (though redacted, for sure) in the public record, and sent them to the requestors by email.  We are concerned that the information on these forms can and will be used to identify the person it concerns.

Your email does raise a larger concern.  We certainly hope that you are not contending that only records responsive to the three requests named in the complaint have been enjoined from disclosure, and that DOC intends to release records to the tagalong requesters who have appeared in the last week or so.  Please confirm.

Joe

**From:** Dibble, Candie M (ATG) <candie.dibble@atg.wa.gov>
**Sent:** Thursday, April 22, 2021 2:10 PM
**To:** Joe Shaeffer <joe@mhb.com>
**Cc:** Forster, Katherine <katherine.forster@mto.com>; Ethan Frenchman <ethanf@dr-wa.org>
**Subject:** RE: Does v. DOC - Violation of TRO

I am discussing with my Division Chief. If we decide to file under seal then I will likely file a motion asking the Court to revoke the TRO because it is too broad and does not meet the rule requirements. My interpretation of the TRO was that DOC was restrained from releasing records in response to the PRA request. These documents were not released to the requestors and do not contain identifying information.

If your interpretation of the TRO is that any release violates the order, then that is an issue. For example, it would preclude DOC releasing records to a surgical consultant.

Candie M. Dibble
Assistant Attorney General
Corrections Division

**From:** Joe Shaeffer <joe@mhb.com>
**Sent:** Thursday, April 22, 2021 2:05 PM
**To:** Dibble, Candie M (ATG) <candie.dibble@atg.wa.gov>
**Cc:** Forster, Katherine <katherine.forster@mto.com>; Ethan Frenchman <ethanf@dr-wa.org>
**Subject:** RE: Does v. DOC - Violation of TRO

[EXTERNAL]

Hi Candie:
Can you tell us your position on this? We are especially concerned about WoLF, which has been publishing court documents on the web.

Joe

**From:** Joe Shaeffer
**Sent:** Thursday, April 22, 2021 1:34 PM
**To:** Dibble, Candie M (ATG) <candie.dibble@atg.wa.gov>
**Cc:** Forster, Katherine <katherine.forster@mto.com>; Ethan Frenchman <ethanf@dr-wa.org>
**Subject:** Does v. DOC - Violation of TRO
**Importance:** High

Dear Candie:

In reviewing your filing, we note that exhibits D and E to the declaration of Jeneva Cotton violates

the TRO.  The TRO directed that:  "Defendants are restrained from releasing any records (including names and numbers) concerning or that identify the gender identity, sexual history, sexual orientation, sexual victimization, genital anatomy, mental and physical health, of current and past prisoners, including any records concerning transfer requests, discipline, reassignment surgery."

Those exhibits are these records, which have now been disclosed in the public record.

We ask that you take immediate steps to seal these records, and to direct all interested parties that they are not to use or publish these records any further than they already are.  This is especially important with WoLF, who has been publishing filings and documents on the internet.

Please confirm that you will take these steps immediately.  If we don't hear from you, we will raise the issue with the court.

Thank you,
Joe Shaeffer

**Joe Shaeffer** | Attorney | **MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500 | Seattle, WA 98104
☎ 206.622.1604 | Fax 206.343.3961 | ✉ [joe@mhb.com](mailto:joe@mhb.com)| [www.mhb.com](http://www.mhb.com)