UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN DOE 1, JOHN DOE 2, JANE DOE 1, JANE DOE 2, JANE DOE 3, and all persons similarly situated,<br><br>                 Plaintiffs,<br><br>v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS, and STEPHEN SINCLAIR, Secretary of the Department of Corrections, in his official capacity,<br><br>                 Defendants,<br><br>  and<br><br>BONNEVILLE INTERNATIONAL INC., a Utah Corporation d.b.a. KIRO RADIO 97.3 FM; THE MCCLATCHY COMPANY, LLC, a California Limited Liability Company d.b.a. THE TACOMA NEWS TRIBUNE; and ANDREA KELLY, an individual,<br><br>                 Interested Parties. | NO. 4:21-CV-5059-TOR<br><br>ORDER GRANTING SECOND MOTION TO EXTEND TEMPORARY RESTRAINING ORDER |

ORDER GRANTING SECOND MOTION TO EXTEND TEMPORARY RESTRAINING ORDER ~ 1

1  BEFORE THE COURT is Plaintiffs' Expedited Second Motion to Extend Temporary Restraining Order (ECF No. 47).  This matter was submitted for consideration without oral argument.  The Court has reviewed the record and files herein, the completed briefing, and is fully informed.  For the reasons discussed below, Plaintiffs' Expedited Second Motion to Extend Temporary Restraining Order (ECF No. 47) is **GRANTED**.

## BACKGROUND

This case concerns public records requests for information from the Washington Department of Corrections (DOC) pertaining to the disclosure of incarcerated individuals' personal information, including any status as transgender, gender non-conforming, and intersex, as well as related information pertaining to sexual history, sexual orientation, sexual victimization, genital anatomy, and mental and physical health.  ECF No. 1.  On April 8, 2021, Plaintiffs sought a temporary restraining order ("TRO") enjoining Defendants from releasing such records.  ECF No. 6.  The Court issued the TRO on April 8, 2021 and subsequently extended the TRO on April 22, 2021.  ECF Nos. 22, 39.  Plaintiffs now seek expedited review to extend the TRO for a second time.  ECF No. 47.  The TRO is set to expire at midnight on May 6, 2021.  ECF No. 47 at 2.  Defendants oppose the extension, arguing the TRO is ambiguous, goes beyond the scope of the relief requested, and violates the Prison Litigation Reform Act.  ECF No. 55.  Pursuant

to Local Rule 7(i)(2)(C), the Court finds that Plaintiffs have demonstrated good cause for expedited review on this matter.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 65, a district court may grant a TRO in order to prevent "immediate and irreparable injury." Fed. R. Civ. P. 65(b)(1)(A). Upon a showing of good cause, a TRO may be extended for a period of up to 14 days. Fed. R. Civ. P. 65(b)(2). Plaintiffs assert good causes exists to extend the TRO because the hearing on Plaintiff's Motion for Preliminary Injunction is not set until May 12, 2021, after the expiration of the TRO, and because Defendants have indicated they will release the requested records absent a court order preventing the disclosure. ECF No. 47 at 2-3.

As noted in the Court's prior order, the standard for granting a TRO is "substantially identical" to that for a preliminary injunction. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). It "is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). To obtain this relief, a plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood of irreparable injury in the absence of preliminary relief; (3) that a balancing of the hardships weighs in plaintiff's favor; and (4) that a preliminary injunction will advance the public interest. *Winter*, 555 U.S. at 20; *M.R. v. Dreyfus*, 697 F.3d 706, 725 (9th Cir.

2012).  Under the *Winter* test, a plaintiff must satisfy each element for injunctive relief.

Alternatively, the Ninth Circuit also permits a "sliding scale" approach under which an injunction may be issued if there are "serious questions going to the merits" and "the balance of hardships tips sharply in the plaintiff's favor," assuming the plaintiff also satisfies the two other *Winter* factors.  *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) ("[A] stronger showing of one element may offset a weaker showing of another.").  "[T]he district court 'is not bound to decide doubtful and difficult questions of law or disputed questions of fact.'"  *Int'l Molders' and Allied Workers' Local Union No. 164 v. Nelson*, 799 F.2d 547, 551 (9th Cir. 1986).  In the same vein, the court's factual findings and legal conclusions are "not binding at trial on the merits."  *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981).  The moving party bears the burden of persuasion and must make a clear showing of entitlement to relief.  *Winter*, 555 U.S. at 22.

Nothing has occurred in this case since the issuance of the original TRO.  Therefore, the Court's analysis of the issue remains the same.

**A.  Likelihood of Success on the Merits**

Plaintiffs argue they are likely to succeed on the merits of the constitutional claims.  ECF No. 6 at 3.  For purposes of this motion only, the Court finds that

Plaintiffs are likely to succeed on their Eighth and Fourteenth Amendment claims. *See Farmer v. Brennan*, 511 U.S. 825, 833-835 (1976) (setting forth standard for Eighth Amendment violation based on failure to prevent harm); *Lopez-Valenzuela v. Arpaio*, 770 F.3d 772, 780 (9th Cir. 2014) (setting forth standard for Fourteenth Amendment violation of substantive due process regarding fundamental right). The Court will more thoroughly address the merits on the pending motion for preliminary injunction.

### B.  Likelihood of Irreparable Injury

Plaintiffs assert that if the records are released "there would be no turning back, and Plaintiffs' safety and lives would be placed in great peril." ECF No. 6 at 3. "Irreparable harm is traditionally defined as harm for which there is no adequate legal remedy, such as an award of damages." *Arizona Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1068 (9th Cir. 2014). "[I]ntangible injuries, such as damage to recruitment efforts and goodwill, qualify as irreparable harm." *Rent-A-Car, Inc. v. Canyon Television and Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991). Here, Court finds the release of records regarding confidential information relating to sexual identity and physical health constitutes a substantial irreparable injury.

### C.  Balance of the Equities

Plaintiffs assert that they will have no remedy at law if the records are released and Defendants will not be prejudiced in any way. ECF No. 6 at 3. The

1  Supreme Court has recognized that courts must "balance the competing claims of
2  injury and must consider the effect on each party of the granting or withholding of
3  the requested relief." *Amoco Production Co. v. Village of Gambell, AK*, 480 U.S.
4  531, 542 (1987). Courts have found that the maintenance of the "status quo"
5  relevant to balance of the equities, however, it is not the only consideration. *See*
6  *Flex-Plan Servs., Inc. v. Evolution1, Inc.*, No. C13-1986-JCC, 2013 WL 12092543,
7  at *7 (W.D. Wash. Dec. 31, 2013); *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316
8  F.2d 804, 809 (9th Cir. 1963) ("We are not to be understood as stating that the
9  [status quo] principles are hard and fast rules, to be rigidly applied to every case
10 regardless of its peculiar facts."). Here, the Court finds that maintaining the status
11 quo is warranted due to the private nature of the records as well as apparent lack of
12 prejudice to Defendants. As such, the Court finds that the balance of the equities
13 sharply tips in Plaintiffs' favor.

   **D. Public Interest**

15 Plaintiffs assert that the public has an interest in keeping confidential records
16 confidential. ECF No. 6 at 3. Additionally, Plaintiffs assert that any public
17 interest in the records is vastly outweighed by the irreparable harm to Plaintiffs.
18 *Id.* Thus, Plaintiff has shown that the public interest weighs in favor of keeping the
19 records confidential.

20 Finding all the elements have been met for purposes of this motion, the

ORDER GRANTING SECOND MOTION TO EXTEND TEMPORARY
RESTRAINING ORDER ~ 6

Court finds that a second extension of the TRO is warranted.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiffs' Expedited Second Motion to Extend Temporary Restraining Order to Preserve the Status Quo (ECF No. 47) is **GRANTED**.

2. Pursuant to Federal Rule of Civil Procedure 65(b)(2), the Temporary Restraining Order ("TRO") is issued on **May 6, 2021 at 1:20 p.m.**

3. Plaintiffs (and the putative class of similarly situated persons) have demonstrated a privacy interest that will be irreparably injured if confidential records related to their physical and mental health are released to the public. Defendants are **RESTRAINED** from releasing any records (including names and numbers) concerning or that identify the gender identity, sexual history, sexual orientation, sexual victimization, genital anatomy, mental and physical health, of current and past prisoners, including any records concerning transfer requests, discipline, and reassignment surgery.

4. This Order is issued without further notice due to the time-sensitive nature that the records will be released in the absence of this Order.

5. This TRO is to be promptly filed in the Clerk's Office and entered into the record.

6. Pursuant to Federal Rule of Civil Procedure 65(b)(2), this TRO expires at **midnight May 18, 2021**, unless the parties demonstrate good cause to extend it for a like period or Defendants consent to a longer extension.

7. Pursuant to Federal Rule of Civil Procedure 65(c), no bond is required.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED May 6, 2021.



THOMAS O. RICE
United States District Judge

ORDER GRANTING SECOND MOTION TO EXTEND TEMPORARY RESTRAINING ORDER ~ 8