Joe Shaeffer, WSBA #33273
MacDonald Hoague & Bayless
On behalf of The American Civil Liberties
Union of Washington Foundation
705 Second Avenue, Suite 1500
Seattle, WA 98104-1745
206-622-1604

Katherine M. Forster, CA Bar #217609
Munger, Tolles & Olson LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071
213-683-9538

Hon. Thomas O. Rice

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON AT RICHLAND

| | |
|---|---|
| JOHN DOE 1; JOHN DOE 2; JANE DOE 1; JANE DOE 2; JANE DOE 3; and all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS; STEPHEN SINCLAIR, Secretary of The Department of Corrections, in his official capacity,<br><br>Defendants,<br><br>and<br><br>BONNEVILLE INTERNATIONAL, INC. a Utah Corporation, d.b.a KIRO Radio 97.3 FM; THE MCCLATCHY COMPANY, LLC, a California Limited Liability Company, d.b.a. The Tacoma News Tribune; and ANDREA KELLY, an individual,<br><br>Interested Parties. | No. 4:21-cv-05059-TOR<br><br>PLAINTIFFS' RESPONSE TO KELLY'S MOTION TO INTERVENE |

PLAINTIFFS' RESPONSE TO KELLY'S MOTION TO INTERVENE - 1

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

2098.08 oe040306

Come now Plaintiffs, by and through their counsel of record, and respectfully file this Opposition to Andrea Kelly's Motion to Intervene.

## I. RELIEF REQUESTED

This motion should be denied for three reasons: First, Defendant DOC's opposition to preliminary injunction provided the exact information Ms. Kelly sought. Even assuming she ever had a protectable interest warranting intervention, Ms. Kelly no longer has any such interest since she has received all of the information she requested through the Public Records Act. Second, by the same token, Ms. Kelly cannot show that she is a necessary party under Federal Rule of Civil Procedure 19(a)(1)(B)(i), as she cannot show that she has a "significantly protectable" interest in the litigation, or that any such interest would not be adequately addressed by the Defendants. Third, the Court should deny permissive intervention and leave the true Defendant, the Department of Corrections, to defend its positions in this lawsuit. Participation of this intervenor will only complicate discovery and briefing and will serve no useful purpose. If she desires, Ms. Kelly may seek to participate in this matter as *amicus curiae.*

## II. BACKGROUND

On March 19, 2021, Requestor Andrea Kelly made the following request for information to Defendant Washington State Department of Corrections:

> Under the Washington Public Records Act, §42.56 et seq., I am requesting the following **information:**
>
> 1.) A complete and accurate **count** of inmates who identify as transgender (gender identity differs from sex identified at birth) in the custody of the Washington Department of Corrections [please break this information down by location].

PLAINTIFFS' RESPONSE TO KELLY'S MOTION TO INTERVENE - 2

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

2098.08 oe040306

2.) Total **number** of inmates that have been transferred from a men's facility to a women's facility since January 01, 2021?

3.) Total **number** of male persons who identify as female, non-binary, or any other gender identity that are currently housed in a women's facility?

4.) Total **number** of inmates who have transferred from a women's facility to a men's facility since January 01, 2021?

5.) Total **number** of female persons who identify as males, non-binary or any other gender identity that are currently housed in a men's facility?

In the event that disclosure of the requested information is in the public interest and will contribute significantly to the public's understanding of the Washington Department of Corrections inmate placement policies, I request a waiver of all fees. This information is not being sought for commercial purposes.

ECF No. 34-4 Attachment D (emphasis added).

The Department of Corrections responded as follows:

I am in receipt of your public records request received March 19, 2021. You have requested **information** regarding transgender incarcerated individuals, to including the following:

1. The number of transgender individuals currently incarcerated broken out by facility location.

2. Number of incarcerated individuals who have been transferred from a men's facility to a women's facility since January 1, 2021.

3. The number of male incarcerated individuals who identify as female, non-binary or any other gender identity who are currently housed at a Women's prison facility.

4. The number of incarcerated individuals who have transferred from a Women's facility to a Men's facility since January 1, 2021.

5. The number of female incarcerated individuals who identify as male, non-binary or any other gender identity who are currently housed in a Men's prison facility.

If I have captured any portion of your request incorrectly please let me know.

PLAINTIFFS' RESPONSE TO KELLY'S MOTION TO INTERVENE - 3

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

2098.08 oe040306

> A public records request is for an identifiable record. As such in response to your requests for **information**, I will seek to provide whatever agency records exist in response.

*Id.* (emphasis added).

Ms. Kelly only sought information – not records – in her request. Defendants answered all of Ms. Kelly's requests for information in their response to Plaintiffs' Motion for Preliminary Injunction. Specifically, the Department provided information as follows:

1. The number of transgender individuals currently incarcerated broken out by facility location, ECF No. 32 at 6; ECF No. 33 at ¶ 9;

2. The number of incarcerated individuals who have been transferred from a men's facility to a women's facility since January 1, 2021, ECF No. 32 at 7; ECF No. 33 at ¶ 10;

3. The number of male incarcerated individuals who identify as female, non-binary or any other gender identity who are currently housed at a Women's prison facility, ECF No. 32 at 7; ECF No. 33 at ¶ 11;

4. The number of incarcerated individuals who have transferred from a Women's facility to a Men's facility since January 1, 2021, ECF No. 32 at 7; ECF No. 33 at ¶ 12; and

5. The number of female incarcerated individuals who identify as male, non-binary or any other gender identity who are currently housed in a Men's prison facility, ECF No. 32 at 8; ECF No. 33 at ¶ 13.

Defendants released this aggregate information in the public court record (to which Plaintiffs do not object), then sent it by email to counsel for Ms. Kelly. Shaeffer Dec. Ex. 1. Thus, Defendants have provided all the information Ms. Kelly sought in her request.

Despite this, Ms. Kelly seeks to intervene to protect her "interests," which she

PLAINTIFFS' RESPONSE TO KELLY'S MOTION TO INTERVENE - 4

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

2098.08 oe040306

defines as follows:

> Here, Ms. Kelly has a clearly defined, significant interest as a member of the public . . . seeking to participate in accountable representative government by obtaining information about the nature, scope and impact of a government policy: transfers of males[1] into women's prisons.

ECF No. 41 at 6:13-17. She further claims that, absent her intervention, the proposed injunction "would slam the door shut on her ability to receive information about the prevalence and circumstances of transfers of males into women's prisons throughout Washington State," *id.* at 6:21-22, because the current Defendants will not adequately protect her interests.

Ms. Kelly brought this motion to intervene as a matter of right, and in the alternative, as a matter of permissive intervention.

### III.    ARGUMENT

**A.    DOC Has Provided All Information Sought By Ms. Kelly**

As Ms. Kelly has plainly stated, her interest in this litigation is to "obtain[ ]

---

[1] Ms. Kelly's repeated reference to transgender women as "males" is offensive, inflammatory, and unnecessary. The Court should admonish Ms. Kelly, whether or not she is permitted to intervene, that she must be respectful of the Plaintiffs when referring to them in pleadings filed with this Court by using the term "transgender women" or "transgender female," and addressing the Does by their preferred pronouns. *See T.B., Jr. ex rel. T.B. v. Prince George's Cty. Bd. of Educ.*, 897 F.3d 566, 577 (4th Cir. 2018) and *Hampton v. Baldwin*, 2018 WL 5830730, at *2 (S.D. Ill. Nov. 7, 2018)).

PLAINTIFFS' RESPONSE TO KELLY'S MOTION TO INTERVENE - 5

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

2098.08 oe040306

information" about transfers of transgender women to women's prisons. Importantly, Ms. Kelly has never requested records from the DOC, she has only requested information. DOC has provided every single piece of information Ms. Kelly requested. She has no further interest in the present litigation.

Courts may deny intervention when a putative intervenor's interest in an action is rendered moot. *Akina v. Hawaii*, 835 F.3d 1003, 1011 (9th Cir. 2016). A government agency's release of information during litigation will moot any interest a requestor may have because there is no longer an existing case or controversy. *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982); *Cf. Soter v. Cowles Pub. Co.*, 162 Wash. 2d 716, 753 n. 16 (2007).

The Court should deny Ms. Kelly's request to intervene because she has received all the information she sought, and any interest she may have had is now moot.

**B.     Denial of Intervention Will Not Impair Ms. Kelly's Claimed "Interest" In This Litigation**

Ms. Kelly seeks to intervene as a required "defendant" in this matter under Federal Rule of Civil Procedure 19(a)(1)(B)(i). In interpreting this rule, the Ninth Circuit has enunciated a four-part test for what an intervenor must establish:

> (1) the application for intervention must be timely; (2) the applicant must have a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit.

*Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 817–18 (9th Cir. 2001) (internal citation omitted). The party seeking to intervene bears the burden to show

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

2098.08 oe040306

that it satisfies each of the four criteria for intervention as of right. *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006).

Plaintiffs recognize that Ms. Kelly's motion to intervene is timely. Ms. Kelly cannot, however, demonstrate a significantly protectable interest, or that her purported interest would not be adequately protected by the Defendants.

A person seeking to intervene must show both "an interest that is protected under some law" and "a 'relationship' between its legally protected interest and the plaintiff's claims." *California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006). As stated above, her interest as a "requestor" seeking "information" from the DOC is nonexistent because she has received all information that she requested, and the disposition of this case will not affect her request. *See Lockyer*, 450 F.3d at 442. There is simply no "interest" for Ms. Kelly to protect, let alone a significant one. To the extent Ms. Kelly defines her interest as that of a "member of the public" wanting to participate in government by seeking information, such an argument is untenable. To recognize a "member of the public" interest as sufficient to mandate intervention would mean that any member of the public could intervene in any action in which they show some intellectual interest.

Nor has Ms. Kelly established that her interests would not be adequately protected by the Defendants in this action. Courts consider three factors in determining the adequacy of representation: (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding

PLAINTIFFS' RESPONSE TO KELLY'S MOTION TO INTERVENE - 7

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

2098.08 oe040306

that other parties would neglect. *California v. Tahoe Reg'l Planning Agency,* 792 F.2d 775, 778 (9th Cir. 1986). The "most important factor" in determining whether a proposed intervenor is adequately represented by an existing party to the action is "how the [proposed intervenor's] interest compares with the interests of existing parties." *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). Where an existing party and a proposed intervenor share the same ultimate objective, a presumption of adequacy of representation applies. *Id.*

Here, Defendants have vigorously defended all aspects of this case as demonstrated by their opposition to the motion for preliminary injunction, including that disclosure of responsive records is required by the Washington Public Records Act. Not only have Defendants made all of the PRA arguments that Ms. Kelly could make, Defendants' interest in defending this case is even more broad than Ms. Kelly's could be, as she has no interest in Plaintiffs' claims under the Eighth and Fourteenth Amendments. As a non-governmental entity, she has no opinion, evidence, or interest with respect to whether Defendants' proposed disclosure of records would put Plaintiffs and the class they represent at great risk of physical harm or death or violate *Plaintiffs'* Constitutional rights.

Ms. Kelly claims that the DOC "acknowledges its inability and/or unwillingness" to defend her interest because Defendants state that the interested parties should be able to intervene under *Burt v. Wash. State Dept. of Corr.*, 168 Wn. 2d. 828 (2010). ECF No. 41 at 8:4-13. Defendants' statement is no such "acknowledgment." Nor is DOC's "reaching out" to DRW any evidence that they will not represent Ms. Kelly's interest by defending against this litigation; third-party

PLAINTIFFS' RESPONSE TO KELLY'S MOTION TO INTERVENE - 8

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

2098.08 oe040306

notice is explicitly permitted by the PRA. RCW 42.56.520(1)(e)(2).

Ms. Kelly also claims some interest in holding government accountable, but she then states that Defendants' interest is in "following the law, including by discharging their obligations under the PRA – no more and no less," implying that this shows a divergence in interests. But she does not explain how these interests are in conflict, or how Defendants' interest in following the law by releasing records would not adequately represent her interest in receiving those records. She also claims, without evidence, that Defendants "presumably [have] no vested interest" in whether records are ultimately disclosed. ECF No. 41 at 2:11. Defendants have repeatedly stated their intention to release the records sought by the various interested parties and to defend against a finding that they will be liable under federal and state law for the disclosure of a person's sensitive information. That is exactly what the interested parties want and argue. What other interest do they have, and how is it not protected by the Defendants' arguments? Ms. Kelly does not say.

If Ms. Kelly has any "substantially protected" interest in this litigation, DOC will adequately represent Ms. Kelly's alleged interests, even if it is true that Ms. Kelly and the Department are not identically situated. Rule 19's adequacy prong does not require identical interests to make intervention unnecessary. Intervention should be denied here because Ms. Kelly's interests, to the extent she has any as a requestor or member of the public, will be adequately represented. Where "the government is acting on behalf of a constituency it represents," there is a presumption of adequate representation that can only be overcome by a "very compelling showing" that the government will not adequately represent the would-

PLAINTIFFS' RESPONSE TO KELLY'S MOTION TO INTERVENE - 9

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

2098.08 oe040306

be intervenor's interest. *Gonzalez v. Arizona*, 485 F.3d 1041, 1052 (9th Cir. 2007). If Ms. Kelly wants to make other legal arguments, she is free to do so as amicus curiae. Indeed, Plaintiffs would not object to such amicus participation.

C.  *Burt* **Has No Application in This Federal Case**

Throughout her brief, Ms. Kelly cites to *Burt v. DOC*, *supra.*, as authority supporting her intervention. But *Burt* is a state court decision interpreting Washington State Civil Rule 19. Under *Erie v. Tompkins* and its progeny, *Burt* has no import in this case, as Federal rules apply in Federal Court. *See Erie v. Tompkins*, 304 U.S. 64 (1938); *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 839-40 (9th Cir. 2020) (discussing *Erie* line of cases). But *Burt* is also distinguishable from this case. The requestor in *Burt* was a prisoner trying to access personnel records of DOC employees. The DOC reached out to the employees' union, then did not oppose their effort to obtain a permanent injunction under RCW 42.56.540, all without notice to the requestor. Here, Plaintiffs have given formal notice to the interested parties, affording them the opportunity to move to intervene, as two of the three requestors have done, and participate as amici, ensuring that their voices will be heard. Plaintiffs had no obligation under Fed. R. Civ. P. 19 or any other rule or law to do anything more. And unlike in *Burt*, Defendants here have vigorously opposed Plaintiff's attempts to prevent disclosure of the records. Even more, unlike *Burt*, Ms. Kelly has in fact received all the information she requested. In addition to not being binding, the reasoning underlying *Burt* is inapplicable in the present case.

D.  **The Court Should Not Exercise Its Discretion to Allow Permissive Intervention**

In the alternative, Ms. Kelly asks for permissive intervention. For all the same

PLAINTIFFS' RESPONSE TO KELLY'S MOTION TO INTERVENE - 10

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604   Fax 206.343.3961

2098.08 oe040306

reasons set forth above, the Court should decline to exercise its discretion in her favor. Having received the information she requested, Ms. Kelly is in the same position as any member of the general public, and she makes no argument as to why she shares a common question of law or fact with the parties to the litigation. Intervention will also be impractical and will unnecessarily complicate discovery and other aspects of the case.

Further, discovery may well entail exchange of and discussion about the very documents Plaintiffs seek to protect from disclosure. The interested parties involved in this motion, Ms. Kelly and her counsel WoLF, are precisely the people Plaintiffs fear could do the most damage if their records are disclosed. According to the Washington Post, "The Women's Liberation Front is part of a long-running strain of feminism that rejects the existence of transgender identity." *See* https://www.washingtonpost.com/dc-md-va/2020/02/07/radical-feminists-conservatives-transgender-rights/ (last visited May 5, 2021). WoLF also actively campaigns to "keep[] prisons single sex" by excluding transgender women from women's prisons. *See* https://www.womensliberationfront.org/womens-prisons (last visited May 7, 2021). This agenda is quite literally contrary to state and federal law, including the Prison Rape Elimination Act and the Washington Law Against Discrimination (RCW 49.60.030 and RCW 49.60.040(27)), and serves to underscore Plaintiffs' legitimate fears of harm their Constitutional claims seek to protect against.

E.   **Ms. Kelly's Requested Procedural Relief is Untimely**

Ms. Kelly also seeks several procedural remedies, including more time to respond to the motion for preliminary injunction, leave of court to file a motion to

PLAINTIFFS' RESPONSE TO KELLY'S MOTION TO INTERVENE - 11

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

2098.08 oe040306

dismiss *even if* Ms. Kelly is not allowed to intervene, and a continuance of the hearing set for May 12, 2021. All of these motions are non-dispositive motions noted for May 26, 2021. This noting date renders the first two procedural requests impossible to grant, and the third won't be heard until after the actual May 12 hearing. Ms. Kelly could have sought an "expedited hearing" on these matters under Local Rule 7(i)(2)(C), and noted her motions for seven days after filing, which would have been April 30, 2021, a week ago. Having elected not to do so, her motions are untimely and are rendered unnecessary through the passage of time. The Court should issue the preliminary injunction on May 12, then address Ms. Kelly's motion to intervene on the date it was noted for hearing, May 26.

PLAINTIFFS' RESPONSE TO KELLY'S MOTION TO INTERVENE - 12

2098.08 oe040306

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

Dated this 7th day of May 2021.

| MacDonald Hoague & Bayless | Munger, Tolles & Olson LLP |
|---|---|
| By: *s/ Joe Shaeffer*<br>Joe Shaeffer, WSBA #33273<br>joe@mhb.com<br>Attorneys for Plaintiffs<br>On behalf of The American Civil Liberties Union of Washington Foundation<br><br>705 Second Avenue, Suite 1500<br>Seattle, WA 98104<br>Tel: 206.622.1604<br>Fax: 206.343.3961 | By: *s/ Katherine M. Forster*<br>Katherine M. Forster, CA Bar #217609<br>*Admitted Pro Hac Vice*<br>Katherine.Forster@mto.com<br>Attorneys for Plaintiffs<br><br>350 South Grand Avenue, 50th Floor<br>Los Angeles, CA 90071<br>Tel: 213.683.9538<br>Fax: 213.593.2838 |
| American Civil Liberties Union of Washington Foundation | Disability Rights Washington |
| By: *s/ Nancy Talner*<br>Nancy Talner, WSBA #11196<br>TALNER@aclu-wa.org<br>By: *s/ Lisa Nowlin*<br>Lisa Nowlin, WSBA #51512<br>lnowlin@aclu-wa.org<br>By: *s/ Antoinette M. Davis*<br>Antoinette M. Davis, WSBA #29821<br>tdavis@aclu-wa.org<br><br>Attorneys for Plaintiffs<br>P.O. Box 2728<br>Seattle, WA 98111<br>Tel: 206.624.2184 | By: *s/ Ethan D. Frenchman*<br>Ethan D. Frenchman, WSBA #54255<br>ethanf@dr-wa.org<br>By: *s/ Danny Waxwing*<br>Danny Waxwing, WSBA #54225<br>dannyw@dr-wa.org<br>By: *s/ Heather McKimmie*<br>Heather McKimmie, WSBA #36730<br>heatherm@dr-wa.org<br>By: *s/ David Carlson*<br>David Carlson, WSBA #35767<br>davidc@dr-wa.org<br><br>Attorneys for Plaintiffs<br>315 5th Avenue S, Suite 850<br>Seattle, WA 98104<br>Tel: 206.324.1521 |

PLAINTIFFS' RESPONSE TO KELLY'S MOTION TO INTERVENE - 13

2098.08 oe040306

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

# CERTIFICATE OF SERVICE

I certify that on the date noted below I electronically filed the above-entitled document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following persons:

**Attorneys for Defendants DOC and Stephen Sinclair:**

**Washington State Attorney General's Office**

Candie Dibble, candie.dibble@atg.wa.gov
Patty E. Willoughby, patty.willoughby@atg.wa.gov

**Attorney for Interested Parties:**

**Andrea Kelly:**

Candice Jackson, cjackson@fmglaw.com

**The McClatchy Company, LLC:**

Michele Earl-Hubbard, michele@alliedlawgroup.com

**Bonneville International, Inc.:**

Jason Englund, jenglund@bonneville.com

DATED this 7th day of May, 2021, at Seattle, Washington.

<i>s/ Marry Marze</i><br>
Marry Marze, Legal Assistant

PLAINTIFFS' RESPONSE TO KELLY'S MOTION TO INTERVENE - 14

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

2098.08 oe040306