Joe Shaeffer, WSBA #33273
MacDonald Hoague & Bayless
On behalf of The American Civil Liberties
Union of Washington Foundation
705 Second Avenue, Suite 1500
Seattle, WA 98104-1745
206-622-1604

Katherine M. Forster, CA Bar #217609
Munger, Tolles & Olson LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071
213-683-9538

Hon. Thomas O. Rice

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON AT RICHLAND

| | |
|---|---|
| JOHN DOE 1; JOHN DOE 2; JANE DOE 1; JANE DOE 2; JANE DOE 3; and all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS; STEPHEN SINCLAIR, Secretary of The Department of Corrections, in his official capacity,<br><br>Defendants,<br><br>and<br><br>BONNEVILLE INTERNATIONAL, INC. a Utah Corporation, d.b.a KIRO Radio 97.3 FM; THE MCCLATCHY COMPANY, LLC, a California Limited Liability Company, d.b.a. The Tacoma News Tribune; and ANDREA KELLY, an individual,<br><br>Interested Parties. | No. 4:21-cv-05059-TOR<br><br>PLAINTIFFS' RESPONSE TO MCCLATCHY'S MOTION TO DISMISS OR TRANSFER, FOR CONTINUANCE OF PLAINTIFFS' MOTIONS AND FOR AN AWARD OF FEES AND COSTS |

PLAINTIFFS' RESPONSE TO MCCLATCHY'S MOTION TO DISMISS OR TRANSFER, FOR CONTINUANCE OF PLAINTIFFS' MOTIONS AND FOR AN AWARD OF FEES AND COSTS - 1

2098.08 oe141501

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

Come now Plaintiffs, by and through their counsel of record, and respectfully submit this omnibus response to interested party McClatchy's various motions to dismiss, to transfer venue, and for attorney's fees. All these motions should be denied.

## BACKGROUND AND PROCEDURAL HISTORY

The Court is well aware of the overall background of this case and the basis of Plaintiffs' claims. Therefore, Plaintiffs merely provide additional background here to give context to McClatchy's motions.

Plaintiffs filed this lawsuit on April 7, 2021. ECF No. 1. They then filed a motion for temporary restraining order, a motion for preliminary injunction, and motion for provisional class certification on April 8, 2021. ECF Nos. 6, 8, 16. At 1:14 pm that same day, Plaintiff's counsel sent by email all documents filed in the case to each of the interested parties: Andrea Kelly, Stacia Glenn of the Tacoma News Tribune (McClatchy), and Aaron Granillo of KIRO Radio News (Bonneville International). Shaeffer Dec. Ex. 1. That email informed them of the subject matter of the lawsuit, provided a link where all filed documents could be downloaded, and asked each interested party if they or their employers would be willing to accept service of the papers. *Id.*

Within a couple of hours, counsel for McClatchy Michelle Earl-Hubbard called Plaintiff's counsel then followed up with an email at 6:04 p.m., stating, "I represent McClatchy Company LLC, a Delaware LLC d/b/a/ the News Tribune. Ms. Glenn and I will not accept service pursuant to the below email. You need to serve my client directly through its registered agent." Shaeffer Dec. Ex. 2. Two

PLAINTIFFS' RESPONSE TO MCCLATCHY'S MOTION TO DISMISS
OR TRANSFER, FOR CONTINUANCE OF PLAINTIFFS' MOTIONS
AND FOR AN AWARD OF FEES AND COSTS - 2

2098.08 oe141501

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

business days later, on April 12, 2021, Plaintiffs served a hard copy of all filed pleadings on McClatchy's registered agent. Shaeffer Dec. Ex. 3.[1]

On April 23, 2021, McClatchy filed a document captioned as an "Opposition to Plaintiffs' Motion for Preliminary Injunction and Class Certification *and...* Motion to Dismiss or Transfer and for Continuance of Plaintiffs' Motions and for Award of Fees and Costs." ECF No. 42 (emphasis added). Notably, McClatchy has *not* filed a motion to intervene.

## ARGUMENT

### A. Because McClatchy Is Not A Party, and Has Not Even Moved to Intervene, It Has No Standing To Bring the Instant Motions

While McClatchy insists that it should have been sued as a defendant, McClatchy is not a party to this action and has *not* even moved to intervene in this case despite having been served over a month ago. The Court should strike or, in the alternative, deny McClatchy's motions on that basis alone. McClatchy has no standing or right to ask for the relief it seeks—to dismiss this action, or alternatively to "transfer" the case to the Western District (ECF No. 42 at 5:9-10)—and the Court has no jurisdiction to rule on these motions. The very purpose of intervention and joinder is to have the standing to bring such motions. But even if a motion to intervene were somehow implicit in its briefing, McClatchy has not made a showing on any of the required elements under Federal Rule of Civil

---

[1] In contrast, counsel for KIRO Radio Jason Englund agreed to accept service by email. KIRO has since elected not to participate at present in this litigation. Shaeffer Dec. ¶ 5.

PLAINTIFFS' RESPONSE TO MCCLATCHY'S MOTION TO DISMISS OR TRANSFER, FOR CONTINUANCE OF PLAINTIFFS' MOTIONS AND FOR AN AWARD OF FEES AND COSTS - 3

2098.08 oe141501

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

Procedure 19. It has made no showing of a "substantially protectable interest" in the litigation, nor has it shown how its interests would be impacted absent intervention. And most importantly, McClatchy's repeated reliance on and incorporation of DOC's arguments is an admission that its interests are adequately protected by the Defendants in this litigation. *See* ECF No. 42 at 9:1 ("As DOC illustrates in its oppositions . . .) and ECF No. 42 at 9:21-22 ("As the DOC opposition briefing shows . . .").

### B. McClatchy Provides No Basis for Dismissal of This Case

McClatchy begins by opining that "This case belongs in Washington State Courts in the Superior Courts . . ." ECF 42 at 6. The only authority McClatchy cites for this proposition is RCW 42.56.540, the injunctive relief provision of the Washington Public Records Act. McClatchy argues that because this statute authorizes superior courts to enjoin release of records, the state courts somehow exercise exclusive jurisdiction over all of Plaintiffs' claims, including federal constitutional claims. Not only does this not make any sense, it is contrary to long-standing federal case law holding that state procedural requirements cannot burden federal rights. *See Rumbles v. Hill,* 182 F.3d 1064, 1067 (9th Cir.1999); *Ney v. California,* 439 F.2d 1285, 1287 (9th Cir.1971).

Without citation to any authority, McClatchy next contends that this Court lacks subject matter jurisdiction. ECF No. 42 at 9-10.

"Subject matter jurisdiction refers to a tribunal's power to hear a case." *Adkison v. Comm'r*, 592 F.3d 1050, 1055 (9th Cir. 2010). It is not a matter of the adequacy of pleadings, *see Ashcroft v. Iqbal*, 556 U.S. 662 (2009), nor does it go to

PLAINTIFFS' RESPONSE TO MCCLATCHY'S MOTION TO DISMISS OR TRANSFER, FOR CONTINUANCE OF PLAINTIFFS' MOTIONS AND FOR AN AWARD OF FEES AND COSTS - 4

2098.08 oe141501

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

whether a claim may be subject to summary judgment on its merits, *see Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

Plaintiffs' first two claims are brought under 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments to the United States Constitution. Congress has provided that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Furthermore, "[t]he district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person . . . To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights . . . ." 28 U.S.C. § 1343(a). Finally, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." 28 U.S.C. § 1367(a).

McClatchy's apparent basis for its motion to dismiss is that Plaintiffs' federal claims are "meritless and cannot survive," citing to DOC's response to the motion for preliminary injunction. But McClatchy does not even attempt to explain why Plaintiff's constitutional claims are not valid or would be subject to dismissal. Further, DOC did not argue that Plaintiffs' federal claims should be dismissed, but rather only that Plaintiffs have not shown a likelihood of success on the merits for preliminary injunction purposes. That is not a basis for dismissal.

PLAINTIFFS' RESPONSE TO MCCLATCHY'S MOTION TO DISMISS OR TRANSFER, FOR CONTINUANCE OF PLAINTIFFS' MOTIONS AND FOR AN AWARD OF FEES AND COSTS - 5

2098.08 oe141501

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

### C. McClatchy Provides No Basis for Transfer

In its statement of facts, McClatchy states that "this Court should transfer the case to the Western District" because only one of the plaintiffs resides in the Eastern District. ECF No. 42 at 5:9. McClatchy then makes no mention of this request in its legal argument.

"A civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located . . ." 28 U.S.C. § 1391(b)(1). For a governmental entity such as the DOC, "an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). Alternatively, an action may be brought where "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. §1391(b)(2).

Here, DOC is subject to the Court's personal jurisdiction in the Eastern District of Washington. Furthermore, a substantial part of the events giving rise to the claims of one of the named plaintiffs (and those of a number of the putative class members) took place in the Eastern District. McClatchy makes no showing of why venue is not proper in the Eastern District of Washington under these venue provisions. Nor has McClatchy cited the change of venue statute, 28 U.S.C. § 1404, let alone made any argument as to why this action's venue should be changed under the standards set forth in that statute.

PLAINTIFFS' RESPONSE TO MCCLATCHY'S MOTION TO DISMISS
OR TRANSFER, FOR CONTINUANCE OF PLAINTIFFS' MOTIONS
AND FOR AN AWARD OF FEES AND COSTS - 6

2098.08 oe141501

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

### D. McClatchy's Procedural Motions Are Moot

As the Court pointed out at the hearing on Plaintiffs' motions for preliminary injunction and class certification, McClatchy did not make use of this Court's local rules to expedite hearing on any of the issues on which it sought relief. That includes its request for a continuance of the May 12 hearing. The motions have since been fully briefed and the parties and interested parties have participated in oral argument. Having chosen not to expedite these motions, McClatchy's preferred time frames for briefing and hearing are now waived and moot.

### E. McClatchy Is Not Entitled to Fees and Costs

Finally, McClatchy seeks its attorneys' fees and costs, claiming that "Plaintiffs have intentionally and deliberately deprived requestors of notice" and that they have "had to scramble to secure counsel and work to be heard, incurring needless costs and hardship as a result." The first allegation is patently untrue, as Plaintiffs provided notice to requestor Stacia Glenn within 24 hours of filing this lawsuit, and when Ms. Earl-Hubbard refused to accept service via email (needlessly increasing Plaintiffs' costs), formal service was affected just two business days later. McClatchy cannot credibly claim that it was not provided "notice." The notion that it had to "scramble to secure counsel" appears also to be untrue given that that Ms. Earl-Hubbard called Plaintiff's counsel with hours of her client receiving notice of the action and pleadings by email.[2] To the extent

---

[2] Ms. Earl-Hubbard also complains that Plaintiffs captioned their requests for temporary restraining order as "unopposed," but tellingly has never filed an

PLAINTIFFS' RESPONSE TO MCCLATCHY'S MOTION TO DISMISS
OR TRANSFER, FOR CONTINUANCE OF PLAINTIFFS' MOTIONS
AND FOR AN AWARD OF FEES AND COSTS - 7

2098.08 oe141501

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

1  McClatchy complains that Plaintiffs did not give it notice *prior* to the filing of the
2  lawsuit, it cites no authority for the proposition that a party must give notice as
3  soon as it contemplates litigation, and such an argument is contrary to federal rules
4  regarding notice. *See* Fed. R. Civ. Pro. 4.

   But in any event, McClatchy cites no authority whatsoever for its request for fees and costs, referring only to "Equity, and justice." ECF No. 42 at 12:10. There is no basis for an award of fees and costs to McClatchy.

---

opposition to any of the motions for temporary restraining order. Interested Party Andrea Kelly has expressly stated that she does not oppose a temporary restraining order to preserve the status quo.

PLAINTIFFS' RESPONSE TO MCCLATCHY'S MOTION TO DISMISS
OR TRANSFER, FOR CONTINUANCE OF PLAINTIFFS' MOTIONS
AND FOR AN AWARD OF FEES AND COSTS - 8

2098.08 oe141501

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

Dated this 14th day of May 2021.

| MacDonald Hoague & Bayless | Munger, Tolles & Olson LLP |
|---|---|
| By: __s/ Joe Shaeffer__<br>Joe Shaeffer, WSBA #33273<br>joe@mhb.com<br>Attorneys for Plaintiffs<br>On behalf of The American Civil Liberties Union of Washington Foundation<br><br>705 Second Avenue, Suite 1500<br>Seattle, WA 98104<br>Tel: 206.622.1604<br>Fax: 206.343.3961 | By: _s/ Katherine M. Forster_<br>Katherine M. Forster, CA Bar #217609<br>*Pro Hac Vice*<br>Katherine.Forster@mto.com<br>Attorneys for Plaintiffs<br><br>350 South Grand Avenue, 50th Floor<br>Los Angeles, CA 90071<br>Tel: 213.683.9538<br>Fax: 213.593.2838 |
| American Civil Liberties Union of Washington Foundation | Disability Rights Washington |
| By: __s/ Nancy Talner__<br>Nancy Talner, WSBA #11196<br>TALNER@aclu-wa.org<br>By: __s/ Lisa Nowlin__<br>Lisa Nowlin, WSBA #51512<br>lnowlin@aclu-wa.org<br>By: __s/ Antoinette M. Davis__<br>Antoinette M. Davis, WSBA #29821<br>tdavis@aclu-wa.org<br><br>Attorneys for Plaintiffs<br>P.O. Box 2728<br>Seattle, WA 98111<br>Tel: 206.624.2184 | By: __s/ Ethan D. Frenchman__<br>Ethan D. Frenchman, WSBA #54255<br>ethanf@dr-wa.org<br>By: __s/ Danny Waxwing__<br>Danny Waxwing, WSBA #54225<br>dannyw@dr-wa.org<br>By: __s/ Heather McKimmie__<br>Heather McKimmie, WSBA #36730<br>heatherm@dr-wa.org<br>By: __s/ David Carlson__<br>David Carlson, WSBA #35767<br>davidc@dr-wa.org<br><br>Attorneys for Plaintiffs<br>315 5th Avenue S, Suite 850<br>Seattle, WA 98104<br>Tel: 206.324.1521 |

PLAINTIFFS' RESPONSE TO MCCLATCHY'S MOTION TO DISMISS OR TRANSFER, FOR CONTINUANCE OF PLAINTIFFS' MOTIONS AND FOR AN AWARD OF FEES AND COSTS - 9

2098.08 oe141501

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

## CERTIFICATE OF SERVICE

I certify that on the date noted below I electronically filed the above-entitled document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following persons:

**Attorneys for Defendants DOC and Stephen Sinclair:**

**Washington State Attorney General's Office**

Candie Dibble, candie.dibble@atg.wa.gov
Patty E. Willoughby, patty.willoughby@atg.wa.gov

**Attorney for Interested Parties:**

**Andrea Kelly:**

Candice Jackson, cjackson@fmglaw.com

**The McClatchy Company, LLC:**

Michele Earl-Hubbard, michele@alliedlawgroup.com

**Bonneville International, Inc.:**

Jason Englund, jenglund@bonneville.com

DATED this 14th day of May, 2021, at Seattle, Washington.

*s/ Marry Marze*
Marry Marze, Legal Assistant

PLAINTIFFS' RESPONSE TO MCCLATCHY'S MOTION TO DISMISS OR TRANSFER, FOR CONTINUANCE OF PLAINTIFFS' MOTIONS AND FOR AN AWARD OF FEES AND COSTS - 10

2098.08 oe141501

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961