1
2
3
4

UNITED STATES DISTRICT COURT

5

EASTERN DISTRICT OF WASHINGTON

6

| | |
|---|---|
| JOHN DOE 1, JOHN DOE 2, JANE DOE 1, JANE DOE 2, JANE DOE 3, and all persons similarly situated, | NO. 4:21-CV-5059-TOR |
| Plaintiffs, | ORDER GRANTING MOTION FOR PROVISIONAL CLASS CERTIFICATION |
| v. | |
| WASHINGTON STATE DEPARTMENT OF CORRECTIONS, and STEPHEN SINCLAIR, Secretary of the Department of Corrections, in his official capacity, | |
| Defendants, | |
| and | |
| BONNEVILLE INTERNATIONAL INC., a Utah Corporation d.b.a. KIRO RADIO 97.3 FM; THE MCCLATCHY COMPANY, LLC, a California Limited Liability Company d.b.a. THE TACOMA NEWS TRIBUNE; and ANDREA KELLY, an individual. | |
| Interested Parties. | |

7
8
9
10
11
12
13
14
15
16
17
18
19
20

BEFORE THE COURT is Plaintiffs' Motion for Provisional Class Certification (ECF No. 16).  This matter was heard with telephonic oral argument on May 12, 2021.  Katherine M. Forster, Ethan D. Frenchman, Heather L. McKimmie, Lisa Nowlin, Nancy L. Talner, Danny Waxwing, and Joseph R. Shaeffer appeared on behalf of Plaintiffs.  Candie M. Dibble appeared on behalf of Defendants.  Michele L. Earl-Hubbard appeared on behalf of Interested Party The McClatchy Company, d.b.a. The Tacoma News Tribune.  Candice Jackson appeared on behalf of Interested Party Andrea Kelly.  The Court has reviewed the record and files herein, the completed briefing, and the parties' oral arguments, and is fully informed.  For the reasons discussed below, Plaintiffs' Motion for Provisional Class Certification (ECF No. 16) is GRANTED.

## BACKGROUND

This case concerns three records requests that Defendants received pursuant to Washington's Public Records Act ("PRA"), RCW 42.56.540, seeking information related to incarcerated transgender[1] individuals.  The procedural and factual background of the case are described in detail in the Court's Order Granting

---

[1] For purposes of this Order, the Court uses the term "transgender" as an umbrella term to include transgender, non-binary, gender non-conforming, and intersex individuals.

Preliminary Injunction, filed concurrently.  In connection with their Motion for

Preliminary Injunction, Plaintiffs seek provisional class certification to enjoin

Defendants from releasing documents that contain information related to Plaintiffs'

and the proposed class members' transgender status.  Plaintiffs seek provisional

certification for the following proposed class:

> All individuals identified as transgender, non-binary, gender non-
> conforming, and/or intersex in records in the possession of the Washington
> State Department of Corrections who are currently or were formerly
> incarcerated by the Washington State Department of Corrections.

ECF No. 16 at 2.

Defendants oppose the provisional certification, largely on the grounds that

the proposed class fails to satisfy the commonality and typicality requirements of

Rule 23(a).  ECF No. 37.

## DISCUSSION

### A.  Provisional Class Certification Standard

The requirements of Rule 23(a) must still be satisfied for provisional

certification.  Specifically, the party seeking class certification must demonstrate

that "(1) the class is so numerous that joinder of all members is impracticable; (2)

there are questions of law or fact common to the class; (3) the claims or defenses

of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a).

Provided the proposed class satisfies the above criteria, courts must further determine whether certification is appropriate under Rule 23(b).  Where a party seeks certification of a class under Rule 23(b)(2), he or she must demonstrate "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."  Fed. R. Civ. P. 23(b)(2).  As the party moving for certification, Plaintiffs bear the burden of establishing that the foregoing requirements have been satisfied.  *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 588 (9th Cir. 2012).

Ordinarily, a court presented with a class certification motion must perform a "rigorous analysis" to determine whether each of these prerequisites has been satisfied.  *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982).  "Frequently that 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim."  *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011); *see also Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011) (emphasizing that a district court "must" consider the merits of a plaintiff's claim to the extent that they overlap with the prerequisites for class certification under Rule 23(a)).  "A party seeking class certification must affirmatively demonstrate

his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart*, 564 U.S. at 350.  However, in the context of a provisional certification, the court's analysis may be "tempered . . . by the understanding that such certifications may be altered or amended before the decision on the merits." *Damus v. Nielsen*, 313 F. Supp. 3d 317, 329 (D.D.C. 2018) (citation and internal quotations omitted).

**B. Standing**

As an initial matter, Defendants argue the inclusion of formerly incarcerated individuals in the proposed class defeats commonality because those individuals lack standing to pursue an Eighth Amendment claim.  ECF No. 37 at 8-9. Plaintiffs conceded at oral argument that formerly incarcerated individuals do not have standing to pursue an Eighth Amendment claim, and therefore, a subclass of Plaintiffs is necessary.

"When appropriate, a class may be divided into subclasses that are each treated as a class under this rule." Fed. R. Civ. P. 23(c)(5).  "[E]ach subclass must independently meet the requirements of Rule 23 for the maintenance of a class action." *Aldapa v. Fowler Packing Co., Inc.*, 323 F.R.D. 316, 326 (E.D. Cal. 2018) (citing *Betts v. Reliable Collection Agency, Ltd.*, 659 F.2d 1000, 1005 (9th Cir. 1981)).  The Court notes Plaintiffs' Complaint does contemplate two subclasses. ECF No. 1 at 18, ¶¶ 5.2.1-5.2.2.  Therefore, the Court finds division of the

proposed class appropriate and will analyze the provisional class certification

based on the following Class and Subclass definitions found in Plaintiffs'

Complaint:

> Class Definition:  All individuals identified as transgender, non-binary,
>
> gender non-conforming, and/or intersex in records in the possession of the
>
> Washington State Department of Corrections who are currently or were
>
> formerly incarcerated by the Washington State Department of Corrections.
>
> > Current Inmate Subclass: All individuals identified as transgender,
> >
> > non-binary, gender non-conforming, and/or intersex in records in the
> >
> > possession of the Washington State Department of Corrections who
> >
> > are currently incarcerated in Washington state prisons.
> >
> > Former Inmate Subclass: All individuals identified as transgender,
> >
> > non-binary, gender non-conforming, and/or intersex in records in the
> >
> > possession of the Washington State Department of Corrections who
> >
> > were incarcerated in Washington state prisons at any time.

## C. Rule 23(a) Requirements

### 1. Numerosity

Rule 23(a)(1) provides that a proposed class must be "so numerous that

joinder of all members is impracticable."  Fed. R. Civ. P. 23(a)(1).  "Whether

joinder would be impracticable depends on the facts and circumstances of each

case and does not, as a matter of law, require any specific minimum number of class members." *Smith v. Univ. of Wash. Law Sch.*, 2 F. Supp. 2d 1324, 1340 (W.D. Wash. 1998). "Generally, 40 or more members will satisfy the numerosity requirement." *Garrison v. Asotin Cty.*, 251 F.R.D. 566, 569 (E.D. Wash. 2008) (citing *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995)). Conversely, the Supreme Court has indicated that a class of 15 "would be too small to meet the numerosity requirement." *Gen. Tel. Co. of the Nw., Inc. v. EEOC,* 446 U.S. 318, 330 (1980). Where the party seeks only injunctive or declaratory relief, the numerosity requirement is somewhat relaxed, and "even speculative or conclusory allegations regarding numerosity are sufficient to permit certification*." Fraihat v. U.S. Immigr. & Customs Enf't*, 445 F. Supp. 3d 709, 736-37 (C.D. Cal. 2020) (citation and internal quotation omitted).

a. Current Inmate Subclass

Plaintiffs contend they have identified over 100 currently incarcerated individuals in Washington who are identified in Defendant DOC's records as transgender, non-binary and/or intersex. ECF No. 16 at 7. Defendants concede there are 149 individuals currently incarcerated who identify as transgender, gender non-conforming, or intersex, but argue only 29 of those individuals would fall within the scope of the proposed class as they are the only individuals who

1 have requested their gender status remain fully confidential.  ECF No. 37 at 14.

2 Defendants argue joinder of those 29 individuals is not impossible.  *Id*.

3      There appears to be a dispute as to whether an individual's disclosure of

4 their transgender status within the prison system is truly knowing and voluntary.

5 *See* ECF No. 52 at 6.  Therefore, the Court is not persuaded at this time that the

6 proposed class is as limited as Defendants contend.  For the purposes of

7 provisional class certification, numerosity is satisfied with respect to the Current

8 Inmate Subclass.

9 b.  <u>Former Inmate Subclass</u>

10      Plaintiffs also contend there are "even more" formerly incarcerated

11 individuals in Washington who fall within the proposed Former Inmate Subclass.

12 ECF No. 16 at 7.  Defendants do not specifically address numerosity for the

13 Former Inmate Subclass.  While speculative, Plaintiffs have identified sufficient

14 class members to meet numerosity for provisional class certification.  *Fraihat*, 445

15 F. Supp. 3d at 736-37.

16    **2.  Commonality**

17      Rule 23(a)(2) requires that "there are questions of law or fact common to the

18 class."  Fed. R. Civ. P. 23(a)(2).  For purposes of this rule, "[c]ommonality exists

19 where class members' situations share a common issue of law or fact, and are

20 sufficiently parallel to insure a vigorous and full presentation of all claims for

1    relief." *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1172 (9th Cir.

2    2010) (internal quotations and citation omitted).  Rule 23 does not require that

3    every question of law or fact must be common;  rather, "all that Rule 23(a)(2)

4    requires is a single *significant* question of law or fact."  *Abdullah v. U.S. Sec.*

5    *Assoc., Inc.,* 731 F.3d 952, 957 (9th Cir. 2013) (emphasis in original) (quotation

6    omitted).  "If a common question will drive the resolution, even if there are

7    important questions affecting only individual members, then the class is

8    'sufficiently cohesive to warrant adjudication by representation.'"  *Jabbari v.*

9    *Farmer*, 965 F.3d 1001, 1005 (9th Cir. 2020) (quoting *Amchem Prods., Inc. v.*

10   *Windsor*, 521 U.S. 591, 623-24 (1997)).

11       Plaintiffs have presented several common questions of law that are sufficient

12   to support a finding of commonality.  Stated generally, the common question

13   driving this case is whether Defendants' practice of releasing a variety of

14   documents in response to PRA requests that may contain sensitive and confidential

15   information pertaining to an individual's transgender status creates federal and

16   state constitutional violations.  *See* ECF No. 16 at 8.

17                      a.  Current Inmate Subclass

18       Plaintiffs identify several common questions for the Current Inmate

19   Subclass, namely whether the proposed disclosure amounts to an Eighth

20   Amendment violation; whether the proposed disclosure violates federal and state

constitutional rights to privacy; and whether the proposed disclosures are exempt under state law.  ECF No. 16 at 8.  Defendants challenge commonality on the grounds that some putative class members choose to live as openly transgender within the prison system, and thus have voluntarily waived their rights to privacy. ECF No. 37 at 8-12.  Defendants also contend those living openly in the prison system will have different claims and defenses with regard to Plaintiffs' failure to protect claims.  ECF No. 37 at 8-12.

Not every question of law or fact must be shared to meet commonality. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998).  At its core, the commonality requirement is designed to ensure that class-wide adjudication will "generate common *answers* apt to drive the resolution of the litigation." *Wal-Mart*, 564 U.S. at 350 (emphasis in original) (internal quotation and citation omitted).  Here, Defendants' pattern or practice at issue categorically affects a specific class of individuals.  ECF No. 52 at 5.  Individualized preferences of confidentiality do not diminish or eliminate the rights of those individuals, particularly where it is unclear whether disclosure of one's transgender status within the prison system is truly voluntary.  *See* ECF No. 52 at 6.  Additionally, an individual's choice to live openly as transgender does not necessarily diminish the irreparable harm an inmate may face, particularly if the disclosure includes other confidential information related to the individual's transgender status (e.g., sexual

victimization or sexual history).  ECF No. 52 at 7.  Each of these issues is directly related to the common questions underpinning this litigation: whether the proposed disclosure violates incarcerated transgender individuals' rights.

"[W]here the circumstances of each particular class member vary but retain a common core of factual or legal issues with the rest of the class, commonality exists." *Rai v. Santa Clara Valley Transportation Auth.*, 308 F.R.D. 245, 254 (N.D. Cal. 2015).  Such are the circumstances here.  Thus, Plaintiffs have established common legal questions across the Current Inmate Subclass.

b. Former Inmate Subclass:

Plaintiffs identify several common questions for the Former Inmate Subclass, namely whether the proposed disclosure violates Plaintiffs' state and federal constitutional rights to privacy and whether the proposed disclosures are exempt under state law.  ECF No. 16 at 8.  Aside from the issue of standing, which was resolved at oral argument, Defendants do not specifically challenge commonality for the Former Inmate Subclass.

Plaintiffs assert their same privacy concerns also pertain to the Former Inmate Subclass.  ECF No. 52 at 7.  Like Plaintiffs, the Former Inmate Subclass is categorically affected by Defendants' pattern or practice of releasing documents that may contain highly confidential information about transgender inmates.  *Id*. at 6.  Because the disclosures may affect formerly incarcerated individuals in much

the same way that Plaintiffs are affected, Plaintiffs have sufficiently alleged common questions of law for the Former Inmate Subclass.

For the purposes of provisional class certification, Plaintiffs have established commonality with respect to the Current Inmate Subclass for their claims under the Eighth Amendment, Fourteenth Amendment, and Washington State Constitution, as well as the PRA.  Commonality is also satisfied with regard to the Former Inmate Subclass for their claims under the Fourteenth Amendment, Washington State Constitution, and the PRA.

### 3.  Typicality

Rule 23(a)(3) requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class."  Fed. R. Civ. P. 23(a)(3). This requirement serves to ensure that "the interest of the named representative aligns with the interests of the class."  *Wolin*, 617 F.3d at 1175.  Factors relevant to the typicality inquiry include "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct."  *Ellis*, 657 F.3d at 984.  Stated differently, "[t]ypicality refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose or the relief sought."  *Id.*; *see also Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1019 (9th Cir. 2011), *abrogated on other grounds by*

*Comcast Corp. v. Behrend*, 133 S. Ct. 1426 (2013) ("The typicality requirement looks to whether the claims of the class representatives are typical of those of the class, and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.") (brackets omitted).

a. Current Inmate Subclass

Defendants argue Plaintiffs cannot establish typicality because each putative class members' claims and defenses will differ depending on the individualized disclosure preference within the prison system. ECF No. 37 at 12. However, "varying factual differences between the claims or defenses of the class and the class representative" will not necessarily defeat typicality. *Doe v. Los Angeles Unified Sch. Dist.*, 48 F. Supp. 2d 1233, 1245 (C.D. Cal. 1999). This is especially true where the named representative's claims arise from the same event, practice, or course of conduct, and the same legal theories, that give rise to the class claims. *Baby Neal for & by Kanter v. Casey*, 43 F.3d 48, 58 (3d Cir. 1994).

Here, Plaintiffs assert their claims and harms are typical of the proposed class because the proposed disclosure infringes on constitutionally protected privacy rights of all incarcerated transgender individuals, and because the disclosure will cause irreparable injury to all incarcerated transgender individuals. ECF Nos. 16 at 9; 52 at 9-12. Plaintiffs also challenge Defendants' assertion that

some Plaintiffs and class members voluntarily waived confidentiality of their

transgender status.  ECF No. 52 at 6.  At this time, the varying degrees of

disclosure of an individual's transgender status within the prison will not defeat

typicality, particularly where the voluntariness of those disclosures remains in

question.  *Doe*, 48 F. Supp. 2d at 1245.  Additionally, the same course of conduct

that gives rise to Plaintiffs' claims also gives rise to the class claims.  *Baby Neal*

*for & by Kanter*, 43 F.3d at 58.  Therefore, the Court finds Plaintiffs' have

sufficiently established typicality for the Current Inmate Subclass.

### b.  Former Inmate Subclass

Aside from the issue of standing, which was resolved at oral argument,

Defendants do not specifically challenge typicality for the Former Inmate Subclass.

Plaintiffs assert they share the same claims and harms as the Former Inmate

Subclass because privacy interests do not end upon release from incarceration and

because the threats of irreparable harm still exist beyond the prison walls.  ECF

No. 52 at 9-11.  The Court finds the Former Inmate Subclass is affected by the

same course of conduct and faces similar harm from that conduct because the

proposed disclosures will not be confined within the prison system but will be

released to the public at large.  *Baby Neal for & by Kanter*, 43 F.3d at 58.  For the

purposes of provisional class certification, Plaintiffs have satisfied typicality with

regard to the Former Inmate Subclass.

### 4.  Adequacy of Representation

The final prerequisite for class certification is that "the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  This requirement applies to both the named class representatives and to their counsel.  "To determine whether named plaintiffs will adequately represent a class, courts must resolve two questions: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members[;] and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?"  *Ellis*, 657 F.3d at 985 (internal quotations omitted).

Plaintiffs represent they have no conflicts of interest with other class members and that they and their counsel will vigorously pursue the claims on behalf of the classes.  ECF No. 16 at 12.  Plaintiffs' counsel has significant experience litigating class actions and complex matters.  *Id*.  They are also well versed in disability and constitutional law, and they possess sufficient resources to prosecute the case.  *Id*.  Defendants challenge Plaintiffs' adequacy on the same grounds they challenge Plaintiffs' commonality and typicality.  ECF No. 37 at 12.  However, the relative positions of each Plaintiff regarding the level of disclosure of their transgender status within the prison system is not relevant to the adequacy analysis.  Consequently, the Court finds that Plaintiffs and their counsel will adequately represent the interests of the class.

### D.  Rule 23(b)(2) Requirements

"Rule 23(b)(2) permits certification of a class seeking declaratory or injunctive relief where the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." *Fraihat*, 445 F. Supp. 3d at 740 (internal quotations omitted).  In the Ninth Circuit, the requirements of Rule 23(b)(2) may be met when the class members allege a pattern or practice that is generally applicable to the class as a whole.  *Id*. (citing *Rodriguez I v. Hayes*, 591 F.3d 1105, 1125-26 (9th Cir. 2010)).  The critical question under Rule 23(b)(2) is "whether class members seek uniform relief from a practice applicable to all of them."  *Id*. (citation omitted).

Here, Plaintiffs seek injunctive relief from Defendants' practice of releasing numerous documents in response to PRA requests that may contain highly confidential information, the release of which threatens Plaintiffs' and all current and former transgender inmates' health and safety.  ECF No. 16 at 13.  Defendants do not challenge the appropriateness of certification under Rule 23(b)(2).  Finding that Plaintiffs present precisely the type of case contemplated by Rule 23(b)(2), the Court finds Plaintiffs satisfy the requirements under Rule 23(b)(2).

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion for Provisional Class Certification (ECF No. 16) is **GRANTED**.

2. Pursuant to Fed. R. Civ. P. 23(b)(2), the Court hereby certifies the following Class and Subclasses in this case:

   a. All individuals identified as transgender, non-binary, gender non-conforming, and/or intersex in records in the possession of the Washington State Department of Corrections who are currently or were formerly incarcerated by the Washington State Department of Corrections.

      i. Current Inmate Subclass :  All individuals identified as transgender, non-binary, gender nonconforming, and/or intersex in records in the possession of the Washington State Department of Corrections who are currently incarcerated in Washington State prisons.

      ii. Former Inmate Subclass:  All individuals identified as transgender, non-binary, gender nonconforming, and/or intersex in records in the possession of the Washington State Department of Corrections who were incarcerated in Washington State prisons at any time.

3.  Pursuant to Fed. R. Civ. P. 23(c)(1)(B), the Court hereby certifies the following claims, including all damages related thereto:

    a.  <u>Eighth Amendment Claims:</u>  The claim that the proposed disclosure constitutes cruel and unusual punishment by creating conditions that put the incarcerated class members at risk of serious harm, and that Defendants knew of the serious risk of harm and acted with deliberate indifference.

    b.  <u>Fourteenth Amendment Claims:</u>  The claim that current and former incarcerated individuals have a privacy right in maintaining the confidentiality of their transgender status, and that there is no compelling government interest in disclosing the information contained in the proposed disclosure nor is the disclosure narrowly tailored to further a legitimate governmental interest.

    c.  <u>Washington State Constitution Article I, Section 7:</u>  The claim that a person's transgender status is a private affair, and that the government is prohibited from invading private affairs absent a governmental interest that is carefully tailored and no greater than reasonably necessary, and that the proposed disclosure does not serve a governmental interest nor is it narrowly tailored or no greater than necessary.

     d. <u>Washington Public Records Act RCW 42.56.540:</u>  The claim that the proposed disclosure contains records that are exempt under the Washington Public Records Act.

4. John Doe 1, John Doe 2, Jane Doe 1, Jane Doe 2, and Jane Doe 3 are appointed as the Class Representatives for the certified Class and Subclasses.

5. The American Civil Liberties Union of Washington Foundation; MacDonald Hoague & Bayless; Disability Rights Washington; and Munger, Tolles & Olson LLP are appointed as Class Counsel for the Certified Class and Subclasses.

6. Pursuant to Rule 23(c)(2)(A), within fourteen (14) days from the date of this Order, class counsel shall serve and file a proposed "Notice" to members of the certified class and subclasses and suggest a method by which this should be accomplished and at whose expense.

7. Defendants shall have fourteen (14) days from service of the proposed "Notice" to serve and file any objections to the same.

8. Class counsel shall have seven (7) days from service of any objection to serve and file a reply to the same.

9. The Court will thereafter Order Notice to be provided and by whom.

10. The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** May 17, 2021.



THOMAS O. RICE
United States District Judge