UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN DOE 1, JOHN DOE 2, JANE DOE 1, JANE DOE 2, JANE DOE 3, and all persons similarly situated,<br><br>　　　　　　　　Plaintiffs,<br><br>　v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS, and STEPHEN SINCLAIR, Secretary of the Department of Corrections, in his official capacity,<br><br>　　　　　　　　Defendants,<br><br>　and<br><br>BONNEVILLE INTERNATIONAL INC., a Utah Corporation d.b.a. KIRO RADIO 97.3 FM; THE MCCLATCHY COMPANY, LLC, a California Limited Liability Company d.b.a. THE TACOMA NEWS TRIBUNE; and ANDREA KELLY, an individual,<br><br>　　　　　　　　Interested Parties. | NO. 4:21-CV-5059-TOR<br><br>ORDER DENYING MOTION TO INTERVENE |

ORDER DENYING MOTION TO INTERVENE ~ 1

1    BEFORE THE COURT is Interested Party Andrea Kelly's Motion to
2  Intervene and for Procedural Relief (ECF No. 41).  This matter was submitted for
3  consideration and discussed during telephonic oral argument on May 12, 2021.
4  Katherine M. Forster, Ethan D. Frenchman, Heather L. McKimmie, Lisa Nowlin,
5  Nancy L. Talner, Danny Waxwing, and Joseph R. Shaeffer appeared on behalf of
6  Plaintiffs.  Candie M. Dibble appeared on behalf of Defendants.  Michele L. Earl-
7  Hubbard appeared on behalf of Interested Party The McClatchy Company, d.b.a.
8  The Tacoma News Tribune.  Candice Jackson appeared on behalf of Interested
9  Party Andrea Kelly.  The Court has reviewed the record and files herein,
10 considered all the parties' oral arguments, and is fully informed.  For the reasons
11 set forth below, Andrea Kelly's Motion to Intervene and for Procedural Relief is
12 denied.

## DISCUSSION

14    Andrea Kelly seeks intervention as a matter of right under Fed. R. Civ. P.
15 24(a).  Kelly claims that her interests as a requestor of public records are in some
16 ways aligned with DOC against Plaintiffs' claims and relief sought, yet are also
17 divergent from DOC's interests.  ECF No. 41 at 2.  Kelly contends that she and
18 DOC share an interest in DOC complying with the PRA.  *Id*.  However, Kelly
19 contends she is a proponent of lawful disclosure that furthers the underlying
20 purpose of the PRA and enables her (and other civic-minded individuals) to more

ORDER DENYING MOTION TO INTERVENE ~ 2

vigorously participate in social, legal, and policy debates over matters of significant public concern (such as whether, or under what conditions, males should be housed in women's prisons). *Id*. She argues that the DOC presumably has no vested interest in whether records ultimately are disclosed to the public but merely has an interest in obeying the law and fulfilling its duties under the PRA. *Id*. For these reasons, Kelly contends she is entitled to intervene as a matter of right, granting her status equal to that of an original party to the action, including the right to respond to Plaintiffs' complaint and oppose pending motions.

The foundation for Kelly's standing to become a party to this suit is that on March 19, 2021, she submitted a request to the DOC for public records under the PRA seeking the following:

> 1. The number of transgender individuals currently incarcerated broken out by facility location.
> 2. Number of incarcerated individuals who have been transferred from a men's facility to a women's facility since January 1, 2021.
> 3. The number of male incarcerated individuals who identify as female, non-binary or any other gender identity who are currently housed at a Women's prison facility.
> 4. The number of incarcerated individuals who have transferred from a Women's facility to a Men's facility since January 1, 2021.
> 5. The number of female incarcerated individuals who identify as male, nonbinary or any other gender identity who are currently housed in a Men's prison facility.

ECF No. 32 at 13. While the DOC notified Kelly that due to this lawsuit DOC would not be producing any responsive records until the court rules on whether to

1  grant a preliminary injunction, it answered all of her PRA requests in its public

2  filing of Defendants' Objection/Response to Motion for Preliminary Injunction,

3  ECF Nos. 32 at 6-8; 33 at ¶¶ 9-13.[1]  The Court sealed certain documents attached

4  to the Declarations filed by Defendants, but those documents were not requested

5  by Kelly; she only requested aggregate numbers, which she has now received.  *See*

6  ECF No. 46.

7        Article III, § 2, of the Constitution confines federal courts to the decision of

8  "Cases" or "Controversies."  *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 64,

9  (1997).  Standing to sue or defend is an aspect of the case-or-controversy

10 requirement.  *Id*. (citing *Northeastern Fla. Chapter, Associated Gen. Contractors

11 of America v. Jacksonville*, 508 U.S. 656, 663–664 (1993) (standing to sue);

12 *Diamond v. Charles*, 476 U.S. 54, 56 (1986) (standing to defend on appeal)).  To

13 qualify as a party with standing to litigate, a person must show, first and foremost,

14 "an invasion of a legally protected interest" that is "concrete and particularized"

15 and "'actual or imminent.'"  *Id*.  (citations omitted).  An interest shared generally

---

[1] The aggregate numbers Defendant disclosed in its filings are contained in the public record and may be used by all.  However, the certain documents accompanying those aggregate numbers which were sealed by the Court are not matters of public record and shall not be disclosed or disseminated further.

ORDER DENYING MOTION TO INTERVENE ~ 4

with the public at large in the proper application of the Constitution and laws will not do. *Id.* (citations omitted).

Here, Kelly has received the answers to her PRA request and concedes that the "DOC presumably has no vested interest in whether records ultimately are disclosed to the public but merely has an interest in obeying the law and fulfilling its duties under the PRA." ECF No. 41 at 2. Because Kelly has no concrete stake in this lawsuit, she lacks Article III standing. *See Thole v. U. S. Bank N.A*, 140 S. Ct. 1615, 1618–19 (2020).

Accordingly, neither mandatory nor permissive intervention is appropriate.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Andrea Kelly's Motion to Intervene and for Procedural Relief, ECF No. 41, is **DENIED**.

The Clerk of Court is directed to terminate Andrea Kelly as an Interested Party in the docket of this case.

The District Court Executive is directed to enter this Order and furnish copies to all counsel of record.

DATED May 17, 2021.



THOMAS O. RICE
United States District Judge

ORDER DENYING MOTION TO INTERVENE ~ 5