UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN DOE 1, JOHN DOE 2, JANE DOE 1, JANE DOE 2, JANE DOE 3, and all persons similarly situated,<br><br>      Plaintiffs,<br><br> v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS, and STEPHEN SINCLAIR, Secretary of the Department of Corrections, in his official capacity,<br><br>      Defendants,<br><br> and<br><br>BONNEVILLE INTERNATIONAL INC., a Utah Corporation d.b.a. KIRO RADIO 97.3 FM; and THE MCCLATCHY COMPANY, LLC, a California Limited Liability Company d.b.a. THE TACOMA NEWS TRIBUNE,<br><br>      Interested Parties. | NO. 4:21-CV-5059-TOR<br><br>ORDER ON MISCELLANEOUS RELIEF |

ORDER ON MISCELLANEOUS RELIEF ~ 1

BEFORE THE COURT is Interested Party The McClatchy Company, d.b.a. The Tacoma News Tribune's Opposition to Plaintiffs' Motions for Preliminary Injunction and Class Certification; and Motion to Dismiss or Transfer and for Continuance of Plaintiffs' Motions and for Award of Fees and Costs (ECF No. 42). This matter was submitted for consideration and discussed during telephonic oral argument on May 12, 2021. Katherine M. Forster, Ethan D. Frenchman, Heather L. McKimmie, Lisa Nowlin, Nancy L. Talner, Danny Waxwing, and Joseph R. Shaeffer appeared on behalf of Plaintiffs. Candie M. Dibble appeared on behalf of Defendants. Michele L. Earl-Hubbard appeared on behalf of Interested Party The McClatchy Company, d.b.a. The Tacoma News Tribune. Candice Jackson appeared on behalf of Interested Party Andrea Kelly. The Court has reviewed the record and files herein, considered all the parties' oral arguments and subsequent briefing, and is fully informed. For the reasons set forth below, The McClatchy Company, d.b.a. The Tacoma News Tribune's Motion is DENIED.

## BACKGROUND

On March 12, 2021, a reporter from The McClatchy Company, d.b.a. The Tacoma News Tribune ("News Tribune") made a records request to the Washington Department of Corrections ("DOC"). ECF No. 42 at 2. On April 7, 2021, Plaintiffs filed a Complaint seeking declaratory and injunctive relief pertaining to DOC's plans to release records requested by News Tribune and other

1   Interested Parties.  ECF No. 1.  DOC and Stephen Sinclair, the Secretary of the

2   DOC, were the only named Defendants in the Complaint; News Tribune and two

3   other entities were identified as Interested Parties.  *Id*.

4       Plaintiffs then filed a motion for temporary restraining order on April 8,

5   2021.  ECF No. 6.  That same day, Plaintiffs emailed News Tribune and the other

6   Interested Parties the documents filed in the case and inquired whether the parties

7   would be willing to accept service.  ECF No. 66 at 2.  Counsel for News Tribune

8   indicated News Tribune would only accept service through its registered agent.  *Id*.

9   Plaintiffs served hard copies to News Tribune's registered agent on April 12, 2021.

10  *Id*.

11      News Tribune filed the present opposition and motion on April 23, 2021.

12  ECF No. 42.  At the time, Plaintiffs' Motion for Preliminary Injunction was

13  scheduled for oral argument on May 12, 2021.  ECF No. 7.  News Tribune noted

14  its motion for hearing without oral argument on May 24, 2021; it did not seek

15  expedited review.  ECF No. 42.  Nonetheless, the Court permitted News Tribune's

16  appearance at the preliminary injunction hearing and heard its oral arguments on

17  the present motion.  ECF No. 64.

18      News Tribune's pleading opposes Plaintiffs' Motions for Preliminary

19  Injunction and Class Certification, which the Court granted on May 17, 2021.  ECF

20  Nos. 69, 70.  The present motion also seeks dismissal or transfer for lack of subject

matter jurisdiction, or in the alternative, a continuance of Plaintiffs' motions, and a request for costs and fees. ECF No. 42. Defendant DOC does not oppose News Tribune's motion. ECF No. 65. Plaintiffs oppose the motion on the grounds that, *inter alia*, News Tribune lacks standing. ECF No. 66 at 3.

## DISCUSSION

News Tribune is not a named party in this case, nor has it moved to intervene. Therefore, News Tribune lacks standing to bring the present motions. Article III, § 2, of the Constitution confines federal courts to the decision of "Cases" or "Controversies." *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 64, (1997). Standing to sue or defend is an aspect of the case-or-controversy requirement. *Id*. (citing *Northeastern Fla. Chapter, Associated Gen. Contractors of America v. Jacksonville*, 508 U.S. 656, 663–664 (1993) (standing to sue); *Diamond v. Charles*, 476 U.S. 54, 56 (1986) (standing to defend on appeal)). To qualify as a party with standing to litigate, a person must show, first and foremost, "an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). "An interest shared generally with the public at large in the proper application of the Constitution and laws will not do." *Arizonans for Off. Eng.,* 520 U.S. at 64 (citations omitted).

Here, News Tribune cannot meet the threshold issue of injury in fact because

ORDER ON MISCELLANEOUS RELIEF ~ 4

1  it has not identified a legally protected interest.  Throughout its motion, News

2  Tribune refers broadly to "the requestors' rights to receive public records under the

3  PRA." *See, e.g.*, ECF No. 42 at 4; at 8.  Beyond this general interest, News

4  Tribune fails to identify a specific right that is actually or imminently under threat

5  of invasion.  Indeed, News Tribune itself seems unclear what rights it has to be

6  heard in the present lawsuit.  *See* ECF No. 42 at 8 (claiming that service upon

7  News Tribune as "interested party" made it unclear what rights it had to be heard

8  or to participate in the litigation).  The injury in fact inquiry requires a party to

9  demonstrate they are "among the injured." *Lujan*, 504 U.S. at 563 (citation

10 omitted).  News Tribune's claims are more akin to "an interest shared generally

11 with the public at large," which is insufficient to establish injury in fact.  *Arizonans*

12 *for Off. Eng.,* 520 U.S. at 64 (citations omitted).

13        News Tribune's remaining arguments relate to various claims for procedural

14 relief.  *See generally* ECF No. 42.  Because News Tribune has not established how

15 the right to receive public records is concrete and particular to itself or how those

16 rights are under threat of actual or imminent invasion, the Court finds News

17 Tribune lacks standing to bring the present motions.  Therefore, the Court cannot

18 reach the motion's substantive issues.

19 //

20 //

ORDER ON MISCELLANEOUS RELIEF ~ 5

**ACCORDINGLY, IT IS HEREBY ORDERED:**

News Tribune's Opposition to Plaintiffs' Motions for Preliminary Injunction and Class Certification; Motion to Dismiss or Transfer; Motion for Continuance of Plaintiffs' Motions; and Motion for Award of Fees and Costs (ECF No. 42), is **DENIED**.

The Clerk of Court is directed to terminate The McClatchy Company, d.b.a. The Tacoma News Tribune as an Interested Party in the docket of this case.

The District Court Executive is directed to enter this Order and furnish copies to all counsel of record.

DATED June 1, 2021.



THOMAS O. RICE
United States District Judge

ORDER ON MISCELLANEOUS RELIEF ~ 6