Joe Shaeffer, WSBA #33273
MacDonald Hoague & Bayless
On behalf of The American Civil Liberties
Union of Washington Foundation
705 Second Avenue, Suite 1500
Seattle, WA 98104-1745
206-622-1604

Katherine M. Forster, CA Bar #217609
Munger, Tolles & Olson LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071
213-683-9538

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON AT RICHLAND

| | |
|---|---|
| JOHN DOE 1; JOHN DOE 2; JANE DOE 1; JANE DOE 2; JANE DOE 3; and all persons similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS; CHERYL STRANGE, Secretary of The Department of Corrections, in her official capacity,<br><br>    Defendants,<br>    and<br><br>BONNEVILLE INTERNATIONAL, INC.,<br><br>    Interested Party. | No. 4:21-cv-05059-TOR<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO CERTIFY STATE LAW ISSUES TO THE WASHINGTON SUPREME COURT**<br><br>Judge: Hon. Thomas O. Rice<br><br>**NOTE ON MOTION CALENDAR**<br>**July 12, 2021 at 6:30 pm**<br>**WITHOUT ORAL ARGUMENT** |

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO
CERTIFY STATE LAW ISSUES TO THE WASHINGTON
SUPREME COURT - 1

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

2098.08 bj240301

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Defendants' Motion to Certify State Law Issues to the Washington Supreme Court ("Motion to Certify" or "Motion") should be denied because it is too early in the litigation to ask another court to opine on potentially significant issues without the benefit of a reasonably developed record—nor is it appropriate to put the proverbial cart before the horse by certifying state law issues early in a case that is fundamentally about federal constitutional rights.

Beyond these broad reasons why certification is inappropriate now, the Motion should also be denied because the issues that Defendants seek to certify are deficient in several respects. They either improperly assume or ignore facts, mischaracterize Plaintiffs' claims, lack relevance, or simply make no sense. Whether this is a reflection of the early stage of the proceedings or something else is unclear, but either way, the issues are not properly articulated and the Motion should be denied.

## II. ARGUMENT

### A. Defendants' Motion Is Premature

Defendants' motion should be denied without prejudice because it is premature and focuses on matters outside the heart of Plaintiffs' claims. Obtaining the Washington Supreme Court's views on the issues that Defendants seek to certify would not dispose of this case or even materially advance the central claims at issue. Indeed, the gravamen of Plaintiffs' lawsuit is their federal constitutional claims. Those claims are entirely independent of any state law issues, much less those that Defendants seek to certify. This litigation is at an early stage; the parties have not even completed initial disclosures under Rule 26. The parties need to develop the

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO CERTIFY STATE LAW ISSUES TO THE WASHINGTON SUPREME COURT - 2

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

2098.08 bj240301

record on the issues that are central to Plaintiffs' claims. Certification at this early stage would only distract from this goal.

B. **The Specific Issues Defendants Propose To Certify Are Defective**

In addition to being premature, Defendants' Motion should be denied because each and every issue they propose to certify is defective, either because it misapprehends the nature of Plaintiffs' claims, assumes or ignores the facts, is not relevant, or is simply incomprehensible.

1. **Issue 1: "Whether a request for an injunction under RCW 42.56.540 can seek to enjoin records[1] that have not been identified as responsive to a PRA request?"**

Issue 1 is both irrelevant to the main claims at issue and makes no sense in the context of this case. It is irrelevant because Plaintiffs do not seek (and have not obtained on a preliminary basis) an injunction under RCW 42.56.540 alone. That standard, along with any associated procedural requirements or limitations, has no bearing on the federal constitutional claims that form the core of this litigation. Injunctive relief on Plaintiffs' federal constitutional claims is governed by Rule 65 of the Federal Rules of Civil Procedure and applicable federal precedent. Indeed, this Court's preliminary injunction ruling properly focused almost entirely on the federal standard and devoted only a few pages to the standard under RCW 42.56.540. *See generally* ECF No. 70. A ruling on this question would thus have no impact on either

---

[1] Plaintiffs assume that the issue was intended to be framed as whether RCW 42.56.540 can seek to enjoin *the disclosure of* records that have not been identified as responsive to a PRA request.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO CERTIFY STATE LAW ISSUES TO THE WASHINGTON SUPREME COURT - 3

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

2098.08 bl240301

1  the preliminary injunction or ultimate issues in this case and should be denied on that
2  basis alone.
3      Furthermore, Issue 1 makes no sense because it overlooks the chicken-and-egg
4  problem that arises in cases like this one. When a member of the public requests
5  records from the government about, for example, public employees, those employees
6  are apprised of what records will be produced and have the opportunity to challenge
7  their disclosure prior to any production taking place. Defendants' own policies make
8  clear that while such notice "is provided to all staff and volunteers," "Offenders will
9  not be notified as part of normal procedure." ECF No. 50, Ex. C at 7; *see also*
10 RCW 42.56.250(12) (requiring notice to public employees when information in their
11 employment files is sought under the PRA). As a general proposition, it may make
12 sense for state employees and prison volunteers to wait until responsive records have
13 been identified before taking legal action to prevent their disclosure. But where, as
14 here, the requested records are about people in state prisons, there is no notice required
15 before the records are produced—and therefore, typically, no opportunity to challenge
16 the disclosure before it happens. Indeed, even *after* Defendants here learned that
17 Plaintiffs intended to file this lawsuit to prevent disclosure of the records their counsel
18 had deduced were likely to be deemed responsive, Defendants took minimal steps to
19 identify what records were responsive until they filed their Opposition to Plaintiffs'
20 Motion for Preliminary Injunction ("PI Motion").[2] Obviously, had Plaintiffs waited
21
22 [2] Even the Opposition equivocates as to whether additional responsive records exist.
23 ECF No. 32 at 13 ("The Department is *in the process* of identifying and gathering

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO CERTIFY STATE LAW ISSUES TO THE WASHINGTON SUPREME COURT - 4

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

2098.08 bf240301

1   to take action, they would have been deprived of any possible opportunity to prevent
2   disclosure.

3   Finally, in their argument in favor of certifying Issue 1, Defendants claim that
4   certain information Plaintiffs seek to prevent from disclosure, including "information
5   related to their transgender status, sexual history, sexual orientation, victimization,
6   and other highly personal information" is collected for PREA Risk Assessments,
7   which Defendants contend are not responsive—and therefore, Defendants suggest,
8   Plaintiffs' fear that such information will be disclosed is unfounded. But not only is
9   it unclear why or how Defendants have decided PREA Risk Assessments are not
10  responsive since such documents contain potentially responsive information, but in
11  their Opposition to the PI Motion, Defendants admitted that *other* documents that
12  contain such information—including, for example housing reviews—*are* responsive.
13  ECF No. 32 at 16-18, 22.

14  For all of the above reasons, Issue 1 should not be certified.

15  **2.  Issue 2: "Whether article I, section 7 of the Washington [S]tate Constitution exempts an individual's gender identity under RCW 42.56.070(1) as "other statute?"[3]**
16

17  Issue 2 mischaracterizes the contours of the privacy interest that Plaintiffs have

---

responsive records to all three requests"); 16-18 (listing "DOC Records *Currently* Identified as Likely Responsive To the PRA Requests") (emphasis added).

[3] Plaintiffs assume this means whether—as an "other statute" under RCW 42.56.070(1)—article I, section 7 of the Washington State Constitution exempts an individual's gender identity from disclosure.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO CERTIFY STATE LAW ISSUES TO THE WASHINGTON SUPREME COURT - 5

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

2098.08 bt240301

placed in issue in this lawsuit. In this regard, it echoes some of Defendants' arguments in their Opposition to the PI Motion. Once again: Plaintiffs do not contend that there is a cognizable privacy interest in "gender identity" itself, considered in isolation. "Gender identity" simply means one's sense of being female, male, both, or neither. ECF No. 10 (Declaration of Dan Karasic, M.D.) at 4, ¶ 7. The privacy interest at issue here is in one's *transgender* status (or non-binary status, or intersex condition)—in other words, the situation where a person's gender identity does not align with their sex assigned at birth. *Id.* Issue 2 is simply not relevant here and should not be certified.[4]

### 3. Issue 3: "Whether an individual's gender identity is exempt under RCW 42.56.240(1) as specific intelligence information?"

Issue 3 similarly misstates one of Plaintiffs' contentions in this litigation. Plaintiffs do not contend that "gender identity" is specific intelligence information. As explained in the PI Motion, Plaintiffs contend that certain of the *records* at issue fall within this exemption. ECF No. 7 at 29-30. Defendants seem to recognize this in their argument in support of certifying Issue 3, which focuses on PREA Risk

---

[4] It may be appropriate later in this litigation to certify a more carefully crafted issue going to the state constitution as an "other statute" exemption here, but Plaintiffs believe the record should be developed in the litigation first. Indeed, Plaintiffs agree with Defendants that in order to tee up the legal issues properly, Defendants must first identify the population of responsive records. Even that basic thing has not yet been done in this litigation.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO CERTIFY STATE LAW ISSUES TO THE WASHINGTON SUPREME COURT - 6

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

2098.08 bj240301

Assessments. ECF No. 75 at 10-11. Defendants are correct that PREA Risk Assessments are *one* of the types of records that Plaintiffs contend fall within the exemption under RCW 42.56.240(1), but they are not the only such records at issue here. ECF No. 7 at 30 (discussing more broadly information gathered for PREA purposes and citing to pertinent forms, including housing reviews). And more importantly, Defendants contend that PREA Risk Assessments are not responsive and complain that Plaintiffs sued to prevent their disclosure without any basis. ECF No. 75 at 7. If that is true, then whether PREA Risk Assessments constitute specific intelligence information is irrelevant and will not help resolve Plaintiffs' claims. For these reasons, Issue 3 should not be certified.

4.  **Issue 4: "Whether an individual's gender identity is exempt under RCW 70.02 as protected health care information?"**

Issue 4 suffers from the same defect as Issue 2 in that it mischaracterizes the privacy interest claimed by Plaintiffs here as solely "gender identity"—and thus, like Issue 2, Issue 4 is not relevant and should not be certified. It is also unclear at this early stage whether any important, novel question of state law regarding the scope of the exemption under RCW 70.02 will arise in this litigation. Issue 4 as formulated should not be certified at all, and it would be premature to certify any issue going to the scope of RCW 70.02 at this time.

5.  **Issue 5: Whether an individual's voluntary disclosure of their gender identity outside of records authored by DOC employees are exempt under RCW 42.56?**

Plaintiffs are not certain what the intended meaning of Issue 5 is. As phrased, it simply does not make sense, and Defendants' argument in support of certifying

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO CERTIFY STATE LAW ISSUES TO THE WASHINGTON SUPREME COURT - 7

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

2098.08 bz240301

Issue 5 is only slightly more helpful. Plaintiffs can however, offer this much: Defendants' formulation of the issue assumes a fact that is vigorously disputed both factually (i.e., whether disclosures made by inmates on prison forms are in fact voluntary) and as to its legal relevance. And based on the briefing to date, it appears that those disputes are not unique to the state law claims in this case. Defendants have offered no reason to certify Issue 5 to the Washington Supreme Court, especially at the outset of this litigation that is centered on federal constitutional claims.

### III.  CONCLUSION

For the reasons stated above, Plaintiffs respectfully submit that Defendants' motion should be denied.

Dated this 24th day of June, 2021.

| MacDonald Hoague & Bayless | Munger, Tolles & Olson LLP |
|---|---|
| By: *s/ Joe Shaeffer*<br>Joe Shaeffer, WSBA #33273<br>joe@mhb.com<br>Attorneys for Plaintiffs<br>On behalf of The American Civil Liberties Union of Washington Foundation<br><br>705 Second Avenue, Suite 1500<br>Seattle, WA 98104<br>Tel: 206.622.1604<br>Fax: 206.343.3961 | By: *s/ Katherine M. Forster*<br>Katherine M. Forster, CA Bar #217609<br>Admitted *pro hac vice*<br>Katherine.Forster@mto.com<br>Attorneys for Plaintiffs<br><br>350 South Grand Avenue, 50th Floor<br>Los Angeles, CA 90071<br>Tel: 213.683.9538<br>Fax: 213.593.2838 |

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO CERTIFY STATE LAW ISSUES TO THE WASHINGTON SUPREME COURT - 8

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

2098.08 bj240301

| American Civil Liberties Union of Washington Foundation | Disability Rights Washington |
|---|---|
| By: *s/ Nancy Talner*_____<br>Nancy Talner, WSBA #11196<br>TALNER@aclu-wa.org<br>By: *s/ Lisa Nowlin*_____<br>Lisa Nowlin, WSBA #51512<br>lnowlin@aclu-wa.org<br>By: *s/ Antoinette M. Davis*_____<br>Antoinette M. Davis, WSBA #29821<br>tdavis@aclu-wa.org<br><br>Attorneys for Plaintiffs<br>P.O. Box 2728<br>Seattle, WA 98111<br>Tel:  206.624.2184 | By: *s/ Ethan D. Frenchman*_____<br>Ethan D. Frenchman, WSBA #54255<br>ethanf@dr-wa.org<br>By: *s/ Danny Waxwing*_____<br>DannyWaxwing, WSBA #54225<br>dannyw@dr-wa.org<br>By: *s/ Heather McKimmie*_____<br>Heather McKimmie, WSBA #36730<br>heatherm@dr-wa.org<br>By: *s/ David Carlson*_____<br>David Carlson, WSBA #35767<br>davidc@dr-wa.org<br><br>Attorneys for Plaintiffs<br>315 5th Avenue S, Suite 850<br>Seattle, WA 98104<br>Tel: 206.324.1521 |

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO CERTIFY STATE LAW ISSUES TO THE WASHINGTON SUPREME COURT - 9

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

2098.08 b240301

# DECLARATION OF SERVICE

I certify that on the date noted below I electronically filed the above-entitled document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following persons:

**Attorneys for Defendants DOC and Stephen Sinclair:**

**Washington State Attorney General's Office**

Candie Dibble, candie.dibble@atg.wa.gov

Patty E. Willoughby, patty.willoughby@atg.wa.gov


**Attorney for Interested Parties:**

**Bonneville International, Inc.:**

Jason Englund, jenglund@bonneville.com

DATED this 24th day of June, 2021, at Seattle, Washington.

*s/ Marry Marze*
Marry Marze, Legal Assistant

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO CERTIFY STATE LAW ISSUES TO THE WASHINGTON SUPREME COURT - 10

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

2098.08 bf240301