CANDIE M. DIBBLE, WSBA #42279
Assistant Attorney General
Office of the Attorney General
Corrections Division
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

Honorable Thomas O. Rice

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN DOE 1; JOHN DOE 2; JANE DOE 1; JANE DOE 2; JANE DOE 3; and all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS; STEPHEN SINCLAIR,<br><br>Defendants,<br><br>and<br><br>BONNEVILLE INTERNATIONAL, THE MCCLATCHY COMPANY, and ANDREA KELLY,<br><br>Interested Parties. | NO. 4:21-cv-05059-TOR<br><br>DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO CERTIFY STATE LAW ISSUES TO THE WASHINGTON SUPREME COURT |

The Defendants respectfully file their reply to the Plaintiffs' opposition to the motion for certification of state law issues to the Washington Supreme Court.

DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO CERTIFY STATE LAW ISSUES TO THE WASHINGTON SUPREME COURT NO. 4:21-cv-05059-TOR

1

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

**REPLY**

Plaintiffs assert the Defendants' motion is premature and would "distract" from the Plaintiffs' claims. However, while the Plaintiffs assert their complaint is fundamentally about federal constitutional claims, they have peppered the record with arguments about the applicability to the Washington state Public Records Act (PRA) and have sought relief both under the federal and Washington state constitutions as well as asked this Court to make specific determinations on a likelihood of success on the merits under RCW 42.56 standards.

The request for certification of state issues is not premature and actually requires that a party move for certification early in litigation before the Court issues a dispositive decision on the state law question. *Thompson v. Paul*, 547 F.3d 1055, 1065 (9th Cir. 2008). The Court has not decided the actual merits of the Plaintiffs' claims under RCW 42.56. Therefore, now is the time to certify the issues to the Washington Supreme Court.

The Plaintiffs then argue that their main position relates to the federal claims and that they only devoted minimal argument to the state claims under RCW 42.56. However, there is no requirement that certification of a state issue is only permitted if it is the "main" allegation. Here, both through their complaint and their motion for preliminary injunction, Plaintiffs assert violations of Washington state law and specifically seek relief under Washington state law. The Court clearly agrees with this assessment because rather than issue its finding for a preliminary injunction only using the federal standard, the Court extended its finding to specifically address the

DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO CERTIFY STATE LAW ISSUES TO THE WASHINGTON SUPREME COURT NO. 4:21-cv-05059-TOR

2

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

1  state law claims. If the Court believed the Plaintiffs only sought relief for the federal
2  constitutional claims, and findings on the state law claims were unnecessary to issue
3  an order, the Court's decision would have been limited to the federal claims.

4  In addition, Plaintiffs assert the Defendants misconstrue their arguments with
5  respect to the state law claims. However, while they may argue that the records are
6  exempt from disclosure for various reasons, they claim those exemptions due to their
7  transgender status. Despite that many of the records they seek to exempt are ones
8  maintained on all inmates. Including the PREA risk assessment, PREA allegations
9  and investigations, disciplinary records, grievance complaints and housing review
10 forms. Yet, Plaintiffs' proposed class is limited to inmates whose gender identity is
11 transgender, gender non-conforming or intersex and they argue that their gender
12 identity creates a unique protection interest in their personal sexual history which
13 does not apply to all inmates. Therefore, this presents state issues specific to their
14 request for findings as they relate to gender identity and exemptions under
15 RCW 42.56.

16 Finally, as noted in the Plaintiffs' own response, which lacks any supporting
17 law with respect to their state law claims, there is no controlling precedent of the
18 Plaintiffs' claims specifically under RCW 42.56. The Washington Supreme Court's
19 certification of these issues is necessary as they are dispositive. *See Murray v. BEJ*
20 *Minerals, LLC*, 924 F.3d 1070, 1071 (9th Cir. 2019) (Appellate court *sua sponte*
21 certified a state law question to the state supreme court when there was no
22

DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO CERTIFY STATE LAW ISSUES TO THE WASHINGTON SUPREME COURT NO. 4:21-cv-05059-TOR

3

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

controlling state precedent on the issue rather than "predict" how the state's highest court would determine the issue).

## CONCLUSION

As noted by the Washington Supreme Court's decisions holding that the PRA mandates broad disclosure of records unless an exemption applies, issues related to the application of this state law present matters with important public policy ramifications. Plaintiffs raise several issues under the PRA that are all unresolved and present new, substantial and of broad application issues. Therefore, the Court should certify the questions to the Washington Supreme Court.

RESPECTFULLY SUBMITTED this 30th day of June, 2021.

ROBERT W. FERGUSON
Attorney General

s/ Candie M. Dibble
CANDIE M. DIBBLE
WSBA #42279
Assistant Attorney General
Corrections Division
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
(509) 456-3123
Candie.Dibble@atg.wa.gov

DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO CERTIFY STATE LAW ISSUES TO THE WASHINGTON SUPREME COURT NO. 4:21-cv-05059-TOR

4

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
(509) 456-3123