UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN DOE 1, JOHN DOE 2, JANE DOE 1, JANE DOE 2, JANE DOE 3, and all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS, and STEPHEN SINCLAIR, Secretary of the Department of Corrections, in his official capacity,<br><br>Defendants. | NO: 4:21-CV-5059-TOR<br><br>ORDER DENYING DEFENDANTS' MOTION TO CERTIFY STATE LAW ISSUES TO THE WASHINGTON SUPREME COURT |

BEFORE THE COURT is Defendants' Motion to Certify State Law Issues to the Washington Supreme Court (ECF No. 75). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, the completed briefing, and is fully informed. For the reasons discussed below, Defendants' Motion to Certify State Law Issues to the Washington Supreme Court (ECF No. 75) is **DENIED**.

## BACKGROUND

This matter concerns three records requests that Defendants received pursuant to Washington's Public Records Act seeking information related to incarcerated and formerly incarcerated transgender[1] individuals. Plaintiffs filed a Complaint on April 7, 2021, alleging violations of federal and state law. ECF No. 1. The Court has subject matter jurisdiction over Plaintiffs' federal constitutional and statutory claims pursuant to 42 U.S.C. § 1983, as well as 28 U.S.C. §§1331 and 1343. The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiffs' state law constitutional and statutory claims, which arise out of the same basis of operative facts as Plaintiffs' federal claims.

In the present motion, Defendants request that the Court certify the following questions to the Washington State Supreme Court:

1. "Whether a request for an injunction under RCW 42.56.540 can seek to enjoin records that have not been identified as responsive to a PRA request?

2. Whether article I, section 7 of the Washington state Constitution exempts an individual's gender identity under RCW 42.56.070(1) as "other statute?"

---

[1] For purposes of this Order, the Court uses the term "transgender" as an umbrella term to include transgender, non-binary, gender non-conforming, and intersex individuals.

3. Whether an individual's gender identity is exempt under RCW 42.56.240(1) as specific intelligence information?

4. Whether an individual's gender identity is exempt under RCW 70.02 as protected health care information?

5. Whether an individual's voluntary disclosure of their gender identity outside of records authored by DOC employees are exempt under RCW 42.56?"

ECF No. 75 at 4.

Defendants argue that Plaintiffs' claims raise either novel or unresolved state law issues. *See generally*, ECF No. 75. Plaintiffs assert certification to the state supreme court is premature, particularly because Plaintiffs' claims are fundamentally about federal constitutional rights. ECF No. 84 at 2.

## DISCUSSION

Where state law permits, a federal court may exercise its discretion to certify a question to the state's highest court. *Murray v. BEJ Minerals, LLC*, 924 F.3d 1070, 1071 (9th Cir. 2019) (citing *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974)). Washington law allows certification to the Washington Supreme Court:

> When in the opinion of any federal court before whom a proceeding is pending, it is necessary to ascertain the local law of [Washington] in order to dispose of such proceeding and the local law has not been clearly determined, such federal court may certify to the supreme court for answer the question of local law involved and the supreme court shall render its opinion in answer thereto.

RCW 2.60.020; *see also* Wash. R. App. P. 16.16(a).

Certification is not considered lightly, rather courts consider: "(1) whether the question presents 'important public policy ramifications' yet unresolved by the state court; (2) whether the issue is new, substantial, and of broad application; (3) the state court's caseload; and (4) 'the spirit of comity and federalism.'" *Murray*, 924 F.3d at 1072. The certification process, when appropriate, helps to "save time, energy, and resources and helps build a cooperative judicial federalism." *Lehman Bros.*, 416 U.S. at 391. The use of the process "rests in the sound discretion of the federal court." *Id*.

The Court declines to certify Defendants' proposed questions because Plaintiffs' claims rest primarily in federal law. ECF No. 1 at 20, ¶¶ 6.1–6.4; *see also* ECF No. 70 at 2. Moreover, the federal law claims are wholly independent of the state law claims, and resolution of the federal claims will terminate the litigation. Alternatively, if the Court ultimately dismisses the federal claims, the Court will then make a discretionary determination of whether to exercise supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367(c). Thus, it is unnecessary at this time "to ascertain the local law of [Washington] in order to dispose of [the] proceeding," and the certification process would only compound and delay the litigation. RCW 2.60.020.

Additionally, Defendants' proposed questions mischaracterize the issues underpinning this case. Defendants seek certification of questions relating to an

individual's "gender identity."  ECF No. 75 at 4.  Plaintiffs do not assert privacy interests in their gender identity.  ECF No. 84 at 6.  Rather, the privacy interests at issue relate to an individual's transgender status, which is a separate and distinct issue.  *Id*.  Therefore, the Washington Supreme Court's interpretation of an individual's privacy rights in their gender identity would not resolve, or materially advance, this matter.  Similarly, the state supreme court's analysis regarding the contours of injunctive relief under RCW 42.56 has no bearing on the permissibility of injunctive relief for federal law claims.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendants' Motion to Certify State Law Issues to the Washington Supreme Court (ECF No. 75) is **DENIED**.

The District Court Executive is directed to enter this Order and provide copies to counsel.

**DATED** July 1, 2021.



THOMAS O. RICE
United States District Judge