CANDIE M. DIBBLE, WSBA #42279
Assistant Attorney General
Office of the Attorney General
Corrections Division
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

Honorable Thomas O. Rice

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN DOE 1; JOHN DOE 2; JANE DOE 1; JANE DOE 2; JANE DOE 3; and all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS; STEPHEN SINCLAIR,<br><br>Defendants, | NO. 4:21-cv-05059-TOR<br><br>MOTION FOR CLARIFICATION OF COURT'S ORDER ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION<br><br>**NOTE ON MOTION CALENDAR**<br>**November 24, 2021 at 6:30 pm**<br>**WITHOUT ORAL ARGUMENT** |

The Defendants respectfully file their motion for clarification of the Court's May 17, 2021 order granting Plaintiffs' motion for preliminary injunction. ECF No. 70.

MOTION FOR CLARIFICATION OF COURT'S ORDER ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION
NO. 4:21-cv-05059-TOR

1

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

## I. RELEVANT CASE HISTORY

Plaintiffs are current and former inmates challenging the release of their personal information in response to requests made to the Department of Corrections under the Washington state Public Records Act (PRA). These requests seek records specifically related to the current Department housing of inmates who identify as transgender, gender non-conforming and intersex. Plaintiffs allege that because the Department's response to the PRA requests will release their identity, it will expose them to a risk of increased harm in violation of the Eighth Amendment. Plaintiffs also allege disclosure of the records would violate their right to privacy under the Fourteenth Amendment and article I, section 7 of the Washington State Constitution. In addition to other relief, Plaintiffs specifically ask the Court to issue a declaratory ruling holding that release of their information in response to PRA requests violates article 1, section 7 of the Washington State Constitution and the records should be enjoined from release under RCW 42.56.540. ECF No. 1.

Because the Department had not yet determined which records were responsive to the PRA requests, the Plaintiffs speculated those records would include "intensely personal and private information regarding their sexual history and orientation, history of sexual victimization, genital anatomy and mental and physical health." The Plaintiffs argued that the information was not provided voluntarily as it was required and obtained as part of the inmate's Prison Rape Elimination Act (PREA) risk assessment record. ECF No. 7. However, the records

MOTION FOR CLARIFICATION OF
COURT'S ORDER ON PLAINTIFFS'
MOTION FOR PRELIMINARY
INJUNCTION
NO. 4:21-cv-05059-TOR

2

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

1    actually identified as currently responsive to the requests do not include an
2    inmate's PREA risk assessment. Instead, they include a tracking spreadsheet
3    containing information gathered through an inmate's voluntary submission of a
4    Preference Form, the Preference Form itself, an inmate's Legal Face Sheet,
5    housing review forms, infraction records, and PREA investigation records. ECF
6    No. 32 at 16-18.

7    The Plaintiffs moved for a preliminary injunction order preventing the
8    release of records in response to the requests. In its order granting the injunction,
9    the Court specifically made findings with respect to the merits of the Plaintiffs'
10   claims under RCW 42.56. ECF No. 70 at 32-38. Therefore, the Defendants
11   requested the Court certify the questions of law related to the RCW 42.56 issues to
12   the Washington Supreme Court. ECF Nos. 75 and 87. In denying the request, the
13   Court held that the Plaintiffs' claims "primarily rest in federal law" and privacy
14   interests related not to one's gender identity but only to their "transgender status."
15   ECF No. 89.

16   In order to ensure the parties understand the scope of the preliminary
17   injunction order, the Defendants now file a motion for clarification.

18   **II.    MOTION**

19   The Court's order on the Plaintiffs' motion for preliminary injunction enjoins
20   the Defendants from "releasing any records (including names and prisoner
21   identification numbers) concerning or that identify the gender identity, transgender
22   status (including non-binary, intersex, and gender non-conforming people), sexual

MOTION FOR CLARIFICATION OF
COURT'S ORDER ON PLAINTIFFS'
MOTION FOR PRELIMINARY
INJUNCTION
NO. 4:21-cv-05059-TOR

3

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

1   history, sexual orientation, sexual victimization, genital anatomy, mental and
2   physical health, of the proposed class members (current and past prisoners),
3   including any records concerning transfer requests, discipline, PREA
4   investigations and allegations and reassignment surgery." ECF No. 70 at 38.

5   Based on the Plaintiffs' motion and the Courts' orders on the preliminary
6   injunction motion and motion for certification to the Washington Supreme Court,
7   it is clear the order prohibits dissemination of records containing an individual's
8   transgender status in two scenarios. First, as with the records requests in this case,
9   where the PRA request itself unambiguously seeks information related to
10  individuals who identify as transgender. Second, when records containing an
11  individual's transgender status have been identified responsive to any other PRA
12  request.

13  However, it is unclear whether the Court's order prohibits release of records
14  in the following other instances:

15  1.  Records related to the proposed class members "concerning transfer
16  requests, discipline, PREA investigations and allegations," which do not contain
17  information related to the individual's transgender status.

18  2.  Requests submitted outside of the PRA process. For example,
19  requests submitted by advocacy organizations which have statutory authority to
20  access DOC records for investigative purposes.

21  ///

22  ///

MOTION FOR CLARIFICATION OF
COURT'S ORDER ON PLAINTIFFS'
MOTION FOR PRELIMINARY
INJUNCTION
NO. 4:21-cv-05059-TOR

4

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

3. When the individual has publically released their transgender status in Court proceedings/litigation and the attorney has determined the records are necessary for the proceedings.

Therefore, the Defendants seek clarification on whether the scope of preliminary injunction order is intended to include the situations noted above.

### III.  CONCLUSION

The Defendants request the Court clarify its preliminary injunction order to provide the parties with clear instruction on the scope of the enjoinment.

RESPECTFULLY SUBMITTED this 25th day of October, 2021.

ROBERT W. FERGUSON
Attorney General

s/ Candie M. Dibble
CANDIE M. DIBBLE
WSBA #42279
Assistant Attorney General
Corrections Division
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
(509) 456-3123
Candie.Dibble@atg.wa.gov

MOTION FOR CLARIFICATION OF COURT'S ORDER ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION
NO. 4:21-cv-05059-TOR

5

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
(509) 456-3123