UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN DOE 1, JOHN DOE 2, JANE DOE 1, JANE DOE 2, JANE DOE 3, and all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS, and STEPHEN SINCLAIR, Secretary of the Department of Corrections, in his official capacity,<br><br>Defendants. | NO: 4:21-CV-5059-TOR<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR CLARIFICATION |

BEFORE THE COURT is Defendants' Motion for Clarification (ECF No. 92). According to LCivR 7(i)(3)(B)(iii), the Court determines that oral argument is unnecessary. The Court has reviewed the record and files herein, the completed briefing, and is fully informed. For the reasons discussed below, Defendants' Motion for Clarification (ECF No. 93) is **GRANTED**.

ORDER GRANTING DEFENDANTS' MOTION FOR CLARIFICATION ~ 1

## DISCUSSION

Defendants seek clarification of the Court's Order Granting Plaintiff's Motion for Preliminary Injunction (ECF No. 70) regarding disclosure of certain documents and records held by Defendants. ECF No. 92. Plaintiffs join Defendants in seeking clarification. ECF Nos. 93, 97.

On May 17, 2021, the Court entered a Preliminary Injunction enjoining Defendants from "releasing any records (including names and prisoner identification numbers) concerning or that identify the gender identity, transgender status (including non-binary, intersex, and gender non-conforming people), sexual history, sexual orientation, sexual victimization, genital anatomy, mental and physical health, of the proposed class members (current and past prisoners), including any records concerning transfer requests, discipline, PREA investigations and allegations and reassignment surgery." ECF No. 70 at 38. The parties do not agree on the scope of the injunction. Therefore, the Court finds clarification necessary.

In the present motion, Defendants presented three questions for clarification:

1. Whether Defendants may release records related to the proposed class members "concerning transfer requests, discipline, PREA investigations and allegations" that do not contain information related to the individual's transgender status;

2. Whether Defendants may release records that are requested outside the Public Records Act process (e.g., requests submitted by advocacy organizations that have statutory authority to access Department of Corrections records for investigative purposes); and

3. Whether Defendants may release records necessary for court proceedings/litigation where the individual involved has already publicly released their transgender status in the court proceedings/litigation?

Having reviewed the parties' arguments and the documents presented therewith, the Court will grant Defendants' motion for clarification.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Motion for Clarification, ECF No. 92, is **GRANTED**.

2. The Court amends the Order Granting Preliminary Injunction (ECF No 70 at 38, ¶ 2) as follows (italicized wording added):

Defendants are **preliminarily enjoined** from publicly releasing any records (including names and prisoner identification numbers) concerning or that identify the gender identity, transgender status (including non-binary, intersex, and gender non-conforming people), sexual history, sexual orientation, sexual victimization, genital anatomy, mental and physical health, of the proposed class members (current and past prisoners), including any records concerning transfer

*requests, discipline, PREA investigations and allegations and reassignment surgery.  Defendants are not enjoined from sharing such records in a non-public manner consistent with federal and state law and penological necessity.  Defendants may share this information with other correctional and law enforcement agencies, outside health care treatment providers for the purposes of treatment, the Office of Corrections Ombuds, and the state protection and advocacy system.  Defendants may also release this information in defensive litigation where a plaintiff has already disclosed the exact same information in open court, but in all other circumstances information or records covered by this Order must be distributed with a protective order and filed in court under seal.*

3. The telephonic hearing scheduled for December 7, 2021, at 10:00 a.m. is **VACATED**.

The District Court Executive is directed to enter this Order and provide copies to counsel.

DATED December 1, 2021.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION FOR CLARIFICATION ~ 4