Joe Shaeffer, WSBA #33273
MacDonald Hoague & Bayless
On behalf of The American Civil Liberties
Union of Washington Foundation
705 Second Avenue, Suite 1500
Seattle, WA 98104-1745
206-622-1604

Katherine M. Forster, CA Bar #217609
Munger Tolles & Olson LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071
(213) 683-9538

Honorable Thomas O. Rice

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON AT RICHLAND

| | |
|---|---|
| JOHN DOE 1; JOHN DOE 2; JANE DOE 1; JANE DOE 2; JANE DOE 3; and all persons similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> WASHINGTON STATE DEPARTMENT OF CORRECTIONS; CHERYL STRANGE, Secretary of The Department of Corrections, in her official capacity, <br><br> Defendants. | NO. 4:21-cv-05059-TOR <br><br> MOTION TO COMPEL <br><br> Noted for Hearing: January 23, 2023 |

Pursuant to Federal Rule of Civil Procedure 37(a)(3), Plaintiffs respectfully request that the Court order Defendants in this matter to respond to

MOTION TO COMPEL
NO. 4:21-CV-05059-TOR

AMERICAN CIVIL LIBERTIES UNION OF
WASHINGTON FOUNDATION
P.O. BOX 2728
SEATTLE, WA 98111
(206) 624-2184

Interrogatories No. 11-17 set forth in Plaintiffs' Second Set of Interrogatories to Defendants and Requests No. 18-22 set forth in Plaintiffs' Second Set of Requests for Production to Defendants.

Defendants' purported response to each of the Second Set of Interrogatories and RFPs stated, "Defendants are searching for responsive [information/documents]. This request [sic] will be supplemented." Such "responses" were not responses at all; Defendants effectively granted themselves an extension of time to respond. With that extension, Defendants later supplemented their interrogatory answers only to clarify that they will not answer questions at the center of this case about what redactions DOC will apply to pending records requests currently enjoined by this Court or identified in Plaintiffs' complaint.

During meet and confer efforts in connection with this Motion, Defendants stated that responses would be burdensome due to limited resources, yet Defendants did not timely object to any of the Interrogatories or RFPs on the ground of burden. Any such objection is therefore waived. Even in the absence of waiver, Defendants' objections are without merit: Plaintiffs must know what DOC will redact and what DOC will disclose in response to public records requests that are at the center of this case, and Defendants acknowledge that they would perform this work in their normal course of business absent this Court's preliminary enjoinder.

MOTION TO COMPEL - 2
NO. 4:21-CV-05059-TOR

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
P.O. Box 2728
SEATTLE, WA 98111
(206) 624-2184

Accordingly, Plaintiffs request an order compelling Defendants to provide substantive, complete responses to the Interrogatories and RFPs within 14 days of the hearing on this Motion.

## BACKGROUND

**A.  Defendants Failed to Respond Substantively to Plaintiffs' Second RFPs.**

On November 2, 2022, Plaintiffs served their Second Set of Requests for Production to Defendants, which included Requests No. 18-22. Shaeffer Decl. Ex. A. On December 5, 2022, Defendants responded, as to each of the RFPs, "Defendants are searching for responsive records. This request [sic] will be supplemented." Shaeffer Decl. Ex. B at 10-12. Defendants asserted no specific objections to any of the RFPs at issue except No. 18 ("This request is confusing"),[1] *id.* at 10, and asserted as a general objection only that "Defendants neither agree nor stipulate to Plaintiffs' definitions or procedure. These requests for production will be answered and supplemented in accordance with Federal Rules of Civil Procedure 26 and 34." *Id.* at 9.

**B.  Defendants Refused to Answer Plaintiffs' Second Interrogatories Without Objections.**

On November 2, 2022, Plaintiffs served their Second Set of Interrogatories to Defendants, which included Interrogatories No. 11-17. Shaeffer Decl. Ex. C.

---

[1] Defendants *did* assert a burden objection to Requests No. 16 and 17—but despite those objections, Defendants provided substantive responses. Shaeffer Decl. Ex. D at 9-10. Plaintiffs have deemed those responses sufficient, and Requests No. 16 and 17 are not at issue in this Motion.

MOTION TO COMPEL - 3
NO. 4:21-CV-05059-TOR

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
P.O. BOX 2728
SEATTLE, WA 98111
(206) 624-2184

On December 5, 2022, Defendants responded, as to each of the Interrogatories, "Defendants are searching for responsive information. This request [sic] will be supplemented." Shaeffer Decl. Ex. D at 10-12. Defendants asserted no specific objections to any of the Interrogatories, and asserted as a general objection only that "Defendants neither agree nor stipulate to Plaintiffs' definitions or procedure. These interrogatories will be answered and supplemented in accordance with Fed. R. Civ. P. Rules 26 and 33." *Id.* at 10.

Defendants provided a supplemental response to Interrogatories No. 15-17 on December 15, 2022. Shaeffer Decl. Ex. E. In Interrogatory 15, Plaintiffs request the redactions that DOC will apply to open records requests subject to this Court's enjoinder. *Id*. at 12. Similarly, in Interrogatory 16 and 17, Plaintiffs seek to know what redactions DOC would apply to records in response to the KIRO request and News Tribune request, respectively, under current state law. *Id*. at 12-13. Without objection, Defendants "answer" that the information will not be provided because, "[d]ue to the preliminary injunction in this case, [Defendants] have] not gathered, reviewed or redacted records which fall under the scope of the injunction" but "[i]n the event the injunction is lifted, [Defendants] will then begin the process of reviewing responsive records and determining redactions and withholdings that are applicable." *Id.*  With respect to Interrogatories 16 and 17, Defendants further "answer" that because the KIRO and News Tribune requests are no longer pending, they will not answer Plaintiffs requests. *Id*. at 13.

MOTION TO COMPEL - 4
NO. 4:21-CV-05059-TOR

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
P.O. BOX 2728
SEATTLE, WA 98111
(206) 624-2184

**D.  At the Parties Meet and Confer, Defendants' Only Explanation for Their Failure to Respond Is Alleged Burden, but Any Burden Objection Was Waived.**

When the parties met and conferred about Defendants' deficient responses, Plaintiffs explained that they needed the requested information and documents in time for the preparation of expert reports, due on February 24, 2023, and in order to depose Defendants' representative in advance of the April 14, 2023 discovery cutoff. Shaeffer Decl. at 2:1-4. At Defendants' request, Plaintiffs specified which requests were the most time-sensitive given these case management deadlines. *Id* at 2:4-6.

Defendants did not commit, however, to respond within the time requested. Rather, they said it would be burdensome to respond because, among other things, only one individual has been trained on compliance with Engrossed Substitute House Bill (ESHB) 1956/RCW 42.56.475. ESHB 195[6,] 67th Leg., Reg. Sess. (Wash. 2022); Shaeffer Decl. at 2. This "remedial, curative" law became effective on March 31, 2022, and permits the withholding or redaction of most, if not all, of the information that this lawsuit seeks to protect from disclosure. *Id*. Defendants also reiterated that they would not take steps to answer Plaintiffs' interrogatories 15-17 because of this Court's preliminary injunction and because the KIRO and News Tribune requests are no longer pending. Plaintiffs pointed out that Defendants had not raised any burden objection to the Interrogatories and RFPs at issue, and so any such objection was waived. Shaeffer Decl. at 2:17-19.

MOTION TO COMPEL - 5
NO. 4:21-CV-05059-TOR

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
P.O. Box 2728
SEATTLE, WA 98111
(206) 624-2184

Defendants stood on their (waived) objection. *Id.* at 2:20. This Motion now follows.

## CERTIFICATION OF GOOD FAITH MEET AND CONFER

Pursuant to Fed. R. Civ. P. 37(a)(1), Plaintiffs have in good faith conferred with Defendants in an effort to resolve this dispute without court action. Plaintiffs raised this dispute with Defendants via email on December 7, 2022. Shaffer Decl. Ex. F. On December 16, 2022, the parties held a telephonic meet and confer as described above. *Id.* at 1:23. As of the date this Motion was filed, Defendants have yet to provide any substantive response to the Interrogatories or RFPs. *Id.* ¶ at 2:21-22.

## ARGUMENT

**A.  Legal Standard**

Pursuant to Rule 37(a)(3)(B), a "party seeking discovery may move for an order compelling … production" if "a party fails to answer an interrogatory submitted under Rule 33" or "to produce documents … as requested under Rule 34." "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

**B.  The Court Should Compel Defendants to Respond to the Interrogatories and RFPs.**

Defendants should be compelled to respond to the Interrogatories and RFPs because Plaintiffs need the information and documents sought in order to prepare for trial in this matter. The Interrogatories seek information that is plainly relevant

MOTION TO COMPEL - 6
NO. 4:21-CV-05059-TOR

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
P.O. BOX 2728
SEATTLE, WA 98111
(206) 624-2184

to the issues in this case, including what redactions and withholdings DOC will apply in response to pending PRA requests (No. 15) and what redactions and withholdings DOC would apply to the KIRO (No. 16) and News Tribune (No. 17) requests were they made today. *See* Shaeffer Decl. Ex. C at 10-12. Plaintiffs seek forward looking declaratory and injunctive relief, and they must know how Defendants will interpret and apply a new state law permitting redactions and withholdings of records directly at issue in this case.

Similarly, the RFPs seek plainly relevant documents, including those pertaining to PRA requests for records subject to redaction or withholding under RCW 42.56.475/ESHB 1956 (No. 18) or the preliminary injunction in this case (No. 19); documents pertaining to PRA requests for records that identify currently or formerly incarcerated people known to DOC to be transgender (No. 20); documents relating to the implementation of exemptions pursuant to RCW 42.56.475/ESHB 1956 (No. 21); and current policies, procedures, memoranda, instructions, protocols, directives, handbooks, operating manuals, guidance, and training materials for the handling of and responses to PRA requests (No. 22). *See* Shaeffer Decl. Ex. A at 10-12.

Furthermore, Defendants failed to assert any specific objections to any of the Interrogatories. They also failed to assert specific objections to any of the RFPs except No. 18. *See* Shaeffer Decl. Ex. B at 10. Even as to No. 18, the sole objection ("[t]his request is confusing") does not suffice to excuse compliance. Defendants' sole general objection pertains only to definitions and instructions,

MOTION TO COMPEL - 7
NO. 4:21-CV-05059-TOR

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
P.O. BOX 2728
SEATTLE, WA 98111
(206) 624-2184

and similarly does not relieve Defendants of the obligation to respond. *See* Shaeffer Decl. Ex. B at 9. Although Defendants now claim that responding would be burdensome, that objection was not timely asserted and has been waived. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."), *citing Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir.1981). Plaintiffs are therefore entitled to full and complete substantive responses to the Interrogatories and RFPs.

Insofar as Defendants' late and improper answers to Interrogatories 15-17 constitute objections, such objections are without merit. Defendants assert that because their response to public records requests at issue in this case are preliminarily enjoined, they will not identify what records are responsive to those requests and what redactions or withholdings they would make to those records. It is inherent in litigation about the public disclosure of records for the parties to identify what records are at issue and what information would be disclosed, even when such production is preliminarily enjoined. Even if Defendants had asserted in writing that such Interrogatories were overly burdensome, such assertions are conclusory and run contrary to the fact that, as Defendants acknowledge, they would perform this work absent this Court's preliminary enjoinder.

With respect to Defendants' limited assertion that the KIRO and News Tribune Requests are no longer pending, Plaintiffs' forward-looking claims for declaratory and injunctive relief require Defendants to identify how they will

MOTION TO COMPEL - 8
NO. 4:21-CV-05059-TOR

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
P.O. Box 2728
SEATTLE, WA 98111
(206) 624-2184

redact or withhold the records it maintains about the Plaintiff class in order to determine whether and how Defendants' policies and practices put the Plaintiff class at risk of harm. Nothing besides this Court's preliminary injunction prevents Defendants from disclosing such records to the same or other requestors at any time in the future. The Court should not allow Defendants to use the preliminary injunction as a shield to obstruct the course of this litigation.

### C.  Plaintiffs Are Entitled to Their Reasonable Attorneys' Fees and Costs Incurred in Bringing This Motion.

Rule 37(a)(5)(A) provides that if a motion to compel "is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." The only exceptions to this requirement are where "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

Here, Plaintiffs met and conferred with Defendants in good faith in an effort to avoid court action, and there is no justification for Defendants' failure to respond or other circumstances making an award of expenses unjust. As a result,

MOTION TO COMPEL - 9
NO. 4:21-CV-05059-TOR

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
P.O. BOX 2728
SEATTLE, WA 98111
(206) 624-2184

Plaintiffs are entitled to their reasonable attorneys' fees and other costs incurred in bringing this Motion.[2]

## CONCLUSION

Plaintiffs respectfully request that the Court grant Plaintiffs' motion to compel and order Defendants to provide full and complete responses to Interrogatories No. 11-17 set forth in Plaintiffs' Second Set of Interrogatories and Requests No. 18-22 set forth in Plaintiffs' Second Set of Requests for Production within 14 days of this Court's order.

Respectfully submitted this 22nd day of December, 2022.

| MacDonald Hoague & Bayless | Munger, Tolles & Olson LLP |
|---|---|
| By: ___s/ Joe Shaeffer___<br>Joe Shaeffer, WSBA #33273<br>joe@mhb.com<br>Attorneys for Plaintiffs<br>On behalf of The American Civil Liberties Union of Washington Foundation<br><br>705 Second Avenue, Suite 1500<br>Seattle, WA 98104<br>Tel: 206.622.1604<br>Fax: 206.343.3961 | By: *s/ Katherine M. Forster*<br>Katherine M. Forster, CA Bar #217609<br>*Pro Hac Vice*<br>Katherine.Forster@mto.com<br>Attorneys for Plaintiffs<br><br>350 South Grand Avenue, 50th Floor<br>Los Angeles, CA 90071<br>Tel: 213.683.9538<br>Fax: 213.593.2838 |
| American Civil Liberties Union of Washington Foundation<br><br>By: ___s/ Nancy Talner___<br>Nancy Talner, WSBA #11196<br>TALNER@aclu-wa.org<br>By: ___s/ Jazmyn Clark___<br>Jazmyn Clark, WSBA # 48224<br>jclark@aclu-wa.org | Disability Rights Washington<br><br>By: ___s/ Ethan D. Frenchman___<br>Ethan D. Frenchman, WSBA #54255<br>ethanf@dr-wa.org<br>By: ___s/ Danny Waxwing___<br>DannyWaxwing, WSBA #54225<br>dannyw@dr-wa.org<br>By: ___s/ Heather McKimmie___ |

---

[2] Plaintiffs do not request any other sanctions at this time but reserve the right to do so if Defendants fail to comply with an order granting this Motion.

MOTION TO COMPEL - 10
NO. 4:21-CV-05059-TOR

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
P.O. BOX 2728
SEATTLE, WA 98111
(206) 624-2184

| Attorneys for Plaintiffs<br>P.O. Box 2728<br>Seattle, WA 98111<br>Tel: 206.624.2184 | Heather McKimmie, WSBA #36730<br>heatherm@dr-wa.org<br>By: ___*s/ David Carlson*___<br>David Carlson, WSBA #35767<br>davidc@dr-wa.org<br><br>Attorneys for Plaintiffs<br>315 5th Avenue S, Suite 850<br>Seattle, WA 98104<br>Tel: 206.324.1521 |

MOTION TO COMPEL - 11
NO. 4:21-CV-05059-TOR

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
P.O. Box 2728
SEATTLE, WA 98111
(206) 624-2184

# DECLARATION/CERTIFICATE OF SERVICE

The undersigned declares under penalty of perjury according to the laws of the United States and the State of Washington that on this date I caused to be served in the manner noted below a copy of the above-entitled document on the following individual(s):

Via Clerk of the Court, CM/ECF:

**Attorneys for Defendants DOC and Cheryl Strange:**

**Washington State Attorney General's Office**

Candie Dibble, candie.dibble@atg.wa.gov
Patty E. Willoughby, patty.willoughby@atg.wa.gov

DATED this 22nd day of December, 2022, at Seattle, Washington.

*s/Chris Bascom*
Chris Bascom, Legal Assistant

MOTION TO COMPEL - 12
NO. 4:21-CV-05059-TOR

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
P.O. Box 2728
SEATTLE, WA 98111
(206) 624-2184