UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN DOE 1; JOHN DOE 2; JANE DOE 1; JANE DOE 2; JANE DOE 3; and all persons similarly situated,<br><br>                  Plaintiffs,<br><br>   v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS; and CHERYL STRANGE, Secretary of The Department of Corrections, in her official capacity,<br><br>                  Defendants. | NO. 4:21-CV-5059-TOR<br><br>ORDER GRANTING UNOPPOSED MOTION FOR APPROVAL OF SETTLEMENT AND CONSENT DECREE AFTER FINAL FAIRNESS HEARING |

BEFORE THE COURT is the Final Fairness Hearing concerning the Parties' settlement agreement. This Hearing was held in open Court on July 12, 2023. The Court has reviewed the record and files herein, the completed briefing, and is fully informed.

No party or class member objected to the Settlement Agreement.

ORDER GRANTING UNOPPOSED MOTION FOR APPROVAL OF SETTLEMENT AND CONSENT DECREE AFTER FINAL FAIRNESS HEARING ~ 1

Federal Rule of Civil Procedure 23(e) requires the district court to approve any settlement of a certified class before such a settlement becomes final. Fed. R. Civ. P. 23(e). Rule 23(e)(2) requires a court to ensure that a proposed class action settlement is fair, adequate, and reasonable prior to granting formal approval. Fed. R. Civ. P. 23(e)(2). To assess the fairness of a settlement, the court looks to the following *Churchill* factors:

> (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and view of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement.

*In re Online DVD-Rental Antitrust Litigation*, 779 F.3d 934, 944 (9th Cir. 2015) (quoting *Churchill Vill., L.L.C., v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)). Additionally, "the settlement may not be the product of collusion among the negotiating parties." *Churchill*, 361 F.3d at 576. "The district court's approval order must show not only that it has explored the *Churchill* factors comprehensively, but also that the settlement is not the product of collusion among the negotiating parties." *Id.* at 947 (internal quotation marks and alterations omitted) (quoting *In re Mergo Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000)).

ORDER GRANTING UNOPPOSED MOTION FOR APPROVAL OF SETTLEMENT AND CONSENT DECREE AFTER FINAL FAIRNESS HEARING ~ 2

The Court has thoroughly reviewed the settlement and concludes that the proposed settlement fully satisfies the requirements of the *Churchill* factors and Rule 23(e)(2).

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion for Final Approval of Class Action Settlement (ECF No. 147) is **GRANTED**. Pursuant to Federal Rule of Civil Procedure 23(e), the terms set forth in the Settlement Agreement, ECF No. 148-1, are fair, adequate, and reasonable in light of the relevant circumstances. The Settlement Agreement resulted from extensive arm's length negotiations following class certification; there is no evidence of fraud, collusion, or overreaching or that the rights of absent class members were disregarded; the relief provided to the class under the agreement is appropriate; and counsel has sufficient experience in similar litigation to propose the Settlement Agreement.

2. All parties are to abide by the Settlement Agreement, ECF No. 148-1, which is incorporated herein by reference into this Order.

3. Defendants are permanently enjoined from publicly releasing any records, including, but not limited to, housing placement, discipline, PREA, grievance, and health care records, that identify or can reasonably be associated with the identity of any class member and directly relate to

a class member's: (1) PREA risk assessment, risk indicator, and monitoring plan; (2) involvement in any PREA investigations or allegations, including but not limited to reports of sexual abuse or sexual harassment; (3) transgender, intersex, nonbinary, or gender nonconforming status; (4) sexual orientation; (5) genital anatomy; (6) history of sexual victimization; and (7) medical and mental health diagnoses, conditions, treatment, or procedures.

4. Defendants are not enjoined from sharing such records in a non-public manner consistent with federal and state law and penological necessity. Defendants may share this information with other correctional and law enforcement agencies, outside health care treatment providers for the purposes of treatment, the Office of the Corrections Ombuds, and the state protection and advocacy system.  Defendants may also release this information in defensive litigation where a plaintiff has already disclosed the exact same information in open court, but in all other circumstances information or records covered by this Injunction must be distributed with a protective order and filed in court under seal.

5. Defendants are not enjoined from disclosing records that have been through the Parties' review and approval process provided in the Settlement Agreement (ECF No. 148-1).  Records described in Section 3

above that have not been through the review process shall not be disclosed as long as this order remains in effect.

6. This order complies in all respects with the requirements for prospective relief under the Prison Litigation Reform Act, 18 U.S.C. § 3626(a). The prospective relief in this Agreement is narrowly tailored; extends no further than would be necessary to correct the violations of federal rights as set forth by Plaintiffs in their Complaint, ECF No. 1, and Unopposed Motion for Approval of Settlement Agreement, ECF No. 147; is the least intrusive means necessary to correct these violations; and will not have an adverse impact on public safety or the operation of a criminal justice system.

7. Plaintiffs' counsel are awarded attorneys' fees and costs as agreed to in the Settlement Agreement. Judgment shall be entered for Plaintiffs' counsel's fees and costs in the amount of $650,000 as agreed by the Parties. Upon consideration of the factors set forth in *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) and *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011), the Court finds that the fees and costs award is reasonable and there is no indication of collusion among the parties.

8. The Court will retain jurisdiction over the case for one year after the entry of this Order.

9. The file in this matter shall be administratively closed during the period of compliance and monitoring, and shall be reopened by motion of Plaintiffs' or Defendants' counsel.

10. This Order shall expire one year after entry unless otherwise ordered by this Court.

The District Court Executive is directed to enter this Order, furnish copies to counsel, enter Judgment as directed, and administratively **close** the file.

**DATED** July 12, 2023.



THOMAS O. RICE
United States District Judge

ORDER GRANTING UNOPPOSED MOTION FOR APPROVAL OF SETTLEMENT AND CONSENT DECREE AFTER FINAL FAIRNESS HEARING ~ 6